# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>            Plaintiff,<br><br>   v.<br><br>N. GRANNIS, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:08-cv-01655-WMW PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Louis Branch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at Avenal State Prison ("ASP") when the events in his complaint took place. Plaintiff is suing under section 1983 for the violation of his rights under the First, Eighth and Fourteenth Amendments. Plaintiff names N. Grannis (chief of inmate appeals), K. Mendoza-Powers (warden, ASP), A. Mancinas (classification and parole representative, ASP), D. Umphenour (officer, ASP), and Does 1 and 2 (officers, ASP) as defendants. For the reasons set forth below, Plaintiff will be given the opportunity to file an amended complaint or to proceed only on claims found cognizable in this order.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Background

On July 11, 2004, Plaintiff was attacked and stabbed four times by inmate gang members at ASP. Defendants Umphenour, Doe 1 and Doe 2 were present during the attack but did nothing to prevent or stop the attack.

## III. Discussion

### A. First Amendment

Plaintiff alleges Defendants retaliated against him in violation of the First Amendment. In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff has not alleged that any adverse action was taken against him because of his protected conduct. Plaintiff's complaint is insufficient because it fails to explicitly link together all of his factual allegations. Plaintiff alleges that Defendants Mendoza-Powers and Mancinas "allow[ed] five intra-facility transfers 2 weeks prior to the attempted murder in violation of clearly established classification protocols." Plaintiff has not adequately demonstrated how the intra-facility transfers constitute "adverse action". Plaintiff does not allege how the intra-facility transfers were related to the attack on Plaintiff: he does not allege that the transferred inmates were the same inmates that attacked him or that the transfers had otherwise caused the attack against Plaintiff.

Plaintiff alleges that Defendant Grannis retaliated against Plaintiff. Plaintiff alleges that Defendant Grannis "failed to correct the violations and/or at least [] conduct a minimal investigation of [the] grievance/complaint." (Compl. 7.) Plaintiff has not alleged that Defendant Grannis refused to correct the violations or conduct an investigation because of Plaintiff's protected conduct. Therefore, Plaintiff has not alleged a cognizable retaliation claim against Defendant Grannis.

Plaintiff alleges that Defendant Umphenour retaliated against Plaintiff by "vandalizing, destroying, and distributing my legal/personal property to my inmate assailants". (Compl. 6.) Plaintiff has not alleged that Defendant Umphenour did so because of Plaintiff's protected conduct. Therefore, Plaintiff has not alleged a cognizable retaliation claim against Defendant Umphenour.

**B.  Eighth Amendment**

Plaintiff alleges Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834

(1994) (quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", <u>Id.</u> (quoting <u>Wilson</u>, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". <u>Id.</u> (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. <u>Id.</u> (quoting <u>Wilson</u>, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". <u>Id.</u> at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u>

Plaintiff alleges Defendants Umphenour, Doe 1, and Doe 2 violated Plaintiff's right under the Eighth Amendment to be free from cruel and unusual punishment by their failure to prevent other inmate gang members from stabbing Plaintiff. "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." <u>Farmer</u>, 511 U.S. at 837.

Plaintiff alleges that Defendants Umphenour, Doe 1, and Doe 2 "stood by and did nothing" while Plaintiff was attacked by inmate gang members and stabbed four times. (Compl. 6.) Plaintiff has sufficiently alleged that Defendants were deliberately indifferent to a serious threat to his safety and states a cognizable claim against Defendants Umphenour, Doe 1, and Doe 2.

Plaintiff alleges that Defendants Mendoza-Powers, Mancinas, and Grannis are also liable for deliberate indifference to a threat to his safety. Plaintiff alleges that Defendant Mendoza-Powers and

1 Mancinas "unnecessarily delay[ed] and ignor[ed] Plaintiff's formal appeals, complaints and letters admonishing them of my exposure to a substantial risk of serious harm."[1] (Compl. 6.) Plaintiff also alleges that Defendant Grannis processed Plaintiff's complaints and failed to protect Plaintiff. Plaintiff has sufficiently alleged that Defendants had knowledge of the serious threat to Plaintiff's safety and were deliberately indifferent by failing to take steps to prevent the attack. Therefore, Plaintiff states a cognizable claim against Defendants Mendoza-Powers, Mancinas and Grannis.

### C. Fourteenth Amendment

Plaintiff alleges Defendants Mendoza-Powers, Mancinas, Umphenour, and Grannis violated his rights under the Due Process Clause of the Fourteenth Amendment. "[W]here a particular amendment provides and explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted). Plaintiff's rights are explicitly protected under the Eighth Amendment and it is not necessary to analyze Plaintiff's claim separately under the Fourteenth Amendment. Therefore, Plaintiff's claim proceeds as an Eighth Amendment claim, see supra Part III.B, and Plaintiff fails to state a separate claim under the Fourteenth Amendment.

## IV. Conclusion and Order

Plaintiff's complaint states cognizable claims against Defendants Umphenour, Mendoza-Powers, Mancinas, Grannis, Doe 1, and Doe 2 for violating the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d

---

[1] Plaintiff's complaint is ambiguous as to whether he filed the inmate appeals after the stabbing incident occurred, or before the stabbing incident occurred. There is no constitutional violation if Plaintiff is alleging that Defendants ignored or denied inmate appeals that Plaintiff filed after the constitutional violation had already occurred. The court resolves the ambiguity in Plaintiff's favor and will construe Plaintiff's allegations as occurring at a point in time when Defendants had the opportunity to prevent the stabbing.

605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff four (4) summonses and four (4) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . .", Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted), meaning Plaintiff must provide enough allegations in his complaint to demonstrate why he is entitled to the relief that he seeks.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

6

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Umphenour, Mendoza-Powers, Mancinas, Grannis, Doe 1, and Doe 2 for violating the Eighth Amendment; and

  3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated: April 7, 2009**       /s/ **William M. Wunderlich**
                   UNITED STATES MAGISTRATE JUDGE