# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LOUIS BRANCH,

Plaintiff,

v.

N. GRANNIS, et al.,

Defendants.

/

CASE NO. 1:08-cv-01655-SMS PC

ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS

(ECF No. 26)

**I. Screening Requirement**

Plaintiff Louis Branch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on July 7, 2008. Currently pending before the Court is the second amended complaint, filed August 25, 2010. (ECF No. 26.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II. Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at the Correctional Training Facility, Soledad ("CTFS"). In August of 2002, an investigation was initiated based on Plaintiff's allegations that CDCR had a policy of retaliation against him for exercising his rights. (Second Amend. Compl. 5, ECF No. 26.) In November 2003, Plaintiff was interviewed as part of the investigation and immediately afterward he alleges he was subjected to retaliatory conduct by the filing of fraudulent reports, denial of access to the law library, physical abuse, and unlawful confiscation of his property. (Id. at 5-6.)

Defendant Mancinas instigated Plaintiff's transfer to CTFS where a known enemy of Plaintiff was housed "accusing [P]laintiff of being a 'Jail-house lawyer' and a 'shit stirring troublemaker' who had 'worn out [his] welcome at Avenal.'" (Id. at 6.) Upon arriving at CTFS, Plaintiff requested that he be transferred to San Quentin State Prison ("SQSP") or CMF-Vacaville so he could be close to his sole surviving family member. (Id. at 6, 7.)

When Plaintiff arrived at Folsom State Prison ("FSP") in January 2004, Plaintiff's requested he be transferred to SQSP and the request was granted. However his assigned counselor forged a

signature to have the transfer denied. Plaintiff filed a citizens complaint. (Id. at 7.) In April 2004, Plaintiff's assigned counselor arranged for Plaintiff to be transferred to Avenal State Prison ("ASP"), allegedly in violation of the emergency transfer protocol. (Id. at 8.)

Plaintiff was transferred back to ASP in May 2004. Plaintiff informed Defendant Mendoza-Powers that Defendant Mancinas had engaged in retaliatory conduct toward Plaintiff in the past, his transfer to ASP was unlawful, and he wanted to be transferred to SQSP or CMF-Vacaville. (Id. at 8.) When Defendant Mendoza-Powers did not respond to Plaintiff's complaints, Plaintiff filed a grievance against Defendant Mancinas. (Id.) Plaintiff appeared before the classification committee and informed them of his safety concerns. (Id. at 8-9.) The committee referred Plaintiff's case to Defendant Mancinas for remedial action. "Defendant Mancinas failed and refused to perform his duty to'to [sic] effect adherence to classification procedures and goals' for Folsom's inappropriate 'Emergency' transfer to Avenal." (Id. at 9.)

In June 2004, Plaintiff submitted a sworn declaration that he had witnessed an inmate be battered and assaulted by an ASP Officer. Defendant Umphenour confronted Plaintiff and said he "would be 'dealt with' for submitting 'a false declaration against an officer.'" (Id.) Immediately ASP officials caused Plaintiff to be transferred five times in two weeks "amid the calumny and obloquy that [p]laintiff was a 'snitch' and a 'baby raper.'" (Id.) Each of Plaintiff's verbal and written pleas resulted in Plaintiff being transferred to another facility or building. (Id. at 9-10.) These transfers "virtually guaranteed" that Plaintiff's grievances would not be responded to because they would be lost, forgotten, misplaced, or not investigated due to being re-routed. (Id. at 10.)

After Plaintiff was transferred to Building 250 he was stabbed four times, bludgeoned about the head, and beaten to semi-consciousness while Defendants Umphenour, and Does 1 and 2 watched without intervening. Plaintiff was then hospitalized and placed in segregation. Defendant Umphenour was to gather and inventory Plaintiff's personal property. In August 2004, Plaintiff was transferred to Mule Creek State Prison ("MCSP"). (ECF No. 10.) When Plaintiff arrived at MCSP officials received his personal property and documented that it had been sabotaged. (Id.) After being transferred to MCSP, Defendant Grannis denied his appeal at the third level as untimely even though it was submitted timely.

In January 2005, Plaintiff was authorized to transfer back to ASP. The day before the transfer was to occur the order was rescinded by Warden Bunnell. On May 15, 2005, Plaintiff filed a request for an investigation by the Office of the Inspector General. Plaintiff did not receive an affirmative response to his request. (Id.) Plaintiff alleges there was a policy and custom of retaliatory acts due to his efforts to access the courts and grievance system that is shown by Defendants Grannis, Mendoza-Powers, and Mancinas failure "to take any remedial steps after being admonished regarding the violations." (Id. at 12.)

First Cause of Action

Plaintiff alleges that Defendants Umphenour, and Does 1 and 2 exhibited deliberate indifference to his personal safety. Defendants Grannis, Mendoza-Powers, and Mancinas' failure to take remedial steps for the series of unlawful acts committed against Plaintiff was deliberately indifferent to the risk of serious harm in violation of the prohibition against cruel and unusual punishment. Defendants Grannis, Mendoza-Powers, and Mancinas' violated Plaintiff's Eighth Amendment right to personal safety by ignoring Plaintiff's appeals, complaints, and letters.

Second Cause of Action

Plaintiff alleges that Defendants Grannis, Mendoza-Powers, and Mancinas maintained a policy and custom of transfers to expose him to a risk of harm due to the exercise of his First Amendment Rights, that Defendant Umphenour's deliberate indifference to Plaintiff's safety and the vandalism of his property were willful acts of the policy and custom of retaliation for his submitting a declaration that he witnessed an officer assault another inmate, and Defendants Doe 1 and 2 were deliberately indifferent to the assault on Plaintiff due to his filing grievances.

Third Cause of Action

Plaintiff alleges that Defendants Grannis, Mendoza-Powers, Mancinas, Umphenour, and Does 1 and 2 followed the policy and custom of retaliatory acts that led to his being assaulted by another inmate in violation of the Due Process Clause of the Fourteenth Amendment.

Plaintiff brings this action against Defendants N. Grannis, K. Mendoza-Powers, A. Mancinas, D. Umphenour, and Does 1 and 2 in their official and individual capacities, for violations of the First, Eighth, and Fourteenth Amendment, . (Id. at 4, 13.) He is seeking a declaration that his

Constitutional rights have been violated, injunctive relief requiring that Defendants Grannis, Mendoza-Powers, and Mancinas desist from retaliating against him, and compensatory damages. (Id. at 14.)

## III. Discussion

### A. First Amendment

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt, 65 F.3d at 807. An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Initially, the Court notes that while Plaintiff is alleging that he has been subject to numerous retaliatory transfers since 2002, each time Plaintiff is placed at an institution he has requested that he be transferred because he wants to be housed at SQSP. Therefore it appears that the substance of Plaintiff's complaint is that he is not being transferred to an institution where he wants to be housed.

Plaintiff sets forth multiple claims, apparently in support of his allegation that he is being subject to retaliation, without linking the claims to any named defendant. For example, while

Plaintiff alleges that while at ASP he was transferred five times in two weeks, he fails to link any named defendant to the decisions to transfer him. Plaintiff asserts that these transfers guaranteed that his grievances would not be addressed, however it is unclear how the decision to transfer Plaintiff within the facility would cause Plaintiff's grievances to fail to be addressed by prison officials. It is implausible to assume that the prison would lose track of Plaintiff's grievances merely because he was transferred to another building. While Plaintiff states tat there was a "calumny and obloquy that [p]laintiff was a 'snitch' and a 'baby raper,'" he fails to state that any defendants are involved.

**1. Defendant Grannis**

Plaintiff alleges that he filed a timely appeal that was denied by Defendant Grannis as untimely. The complaint contains no facts to indicate that the denial of the grievance at the third level was for any reason other than that stated. Plaintiff's statement that the denial was in retaliation for his filing grievances is insufficient to state a plausible claim that the appeal was denied because of Plaintiff's protected conduct. Rhodes, 408 F.3d at 567. Plaintiff's claim that Defendant Grannis denied his appeal as untimely does not allege any facts sufficient to state a cognizable claim of retaliation against Defendant Grannis.

**2. Defendant Mendoza-Powers**

Plaintiff states that Defendant Mendoza-Powers ignored his declaration that Defendant Mancinas had engaged in retaliatory conduct toward Plaintiff in the past, his transfer to ASP was unlawful, and he wanted to be transferred to SQSP or CMF-Vacaville." These allegations do not state a plausible claim that Defendant Mendoza-Powers acted or failed to act because of his protected activity. Iqbal, 129 S. Ct. at 1949. Once again Plaintiff has not set forth more than his speculation that the reason that Defendant Mendoza-Powers ignored his request was an adverse response to his protected activity and has failed to cross the line between possibility and plausibility. Id. Plaintiff fails to state a cognizable claim against Defendant Mendoza-Powers for retaliation.

**3. Defendant Mancinas**

Plaintiff complains that after the classification committee referred his matter back to Defendant Mancinas for remedial action, Defendant Mancinas failed to perform his duty to'to [sic] effect adherence to classification procedures and goals' for Folsom's inappropriate 'Emergency'

transfer to Avenal." While Plaintiff disagreed with the decision to transfer him to ASP and he alleges that the classification committee referred the matter to Defendant Mancinas for further action, Plaintiff fails to set forth any facts that would indicate that Defendant Mancinas took any action or failed to act because of Plaintiff's protected activity. Neither is Plaintiff's claim that Defendant Mancinas was involved in a prior decision to transfer him in retaliation for Plaintiff's engaging in protected activity sufficient to show that Defendant Mancinas acted or failed to act because of Plaintiff's protected conduct. Plaintiff fails to offer more than conclusory statements that are insufficient to state a cognizable claim. Iqbal, 129 S. Ct. at 1949.

**4. Defendant Umphenour**

Plaintiff's allegations that Defendant Umphenour told him he would be "dealt with" for making a false allegation against an officer and then failing to intervene while Plaintiff was attacked by an inmate are sufficient to state a cognizable claim against Defendant Umphenour for retaliation. Plaintiff alleges that Defendant Umphenour was responsible to gather and inventory Plaintiff's property when he was placed in segregation. Sometime later when Plaintiff was transferred to MCSP, his property was "sabotaged" when it arrived. The "sabotage" of Plaintiff's property was discovered at a different institution. Plaintiff fails to link Defendant Umphenour to any retaliatory act and Plaintiff's allegation that his property was sabotaged is vague. Even if Defendant Umphenour did inventory and gather Plaintiff's property there are no facts alleged that indicate he took any adverse action against Plaintiff's property.

**5. Defendants Doe 1 and 2**

Plaintiff fails to state facts sufficient to state a cognizable claim against Defendants Doe 1 and 2. While Plaintiff alleges that the Doe Defendants failed to intervene because of his protected activity, there is nothing in the facts to indicate that either Doe 1 or 2 were aware of Plaintiff's activity. Plaintiff's conclusory allegation that the failure to act was because of his protected activity is insufficient to state a plausible claim. Iqbal, 129 S. Ct. at 1949.

**B. Eighth Amendment**

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen

v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.

The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

**1. Defendant Grannis**

Defendant Grannis denied Plaintiff's appeal after Plaintiff had been transferred to MCSP. Plaintiff has not alleged that at the time Defendant Grannis denied his third level appeal Plaintiff was at risk of harm or that Defendant Grannis was aware of any risk of harm to Plaintiff. Absent such knowledge, Plaintiff's allegations that Defendant Grannis denied his third level response as untimely fails to state a cognizable claim that Defendant Grannis acted or failed to act to a known risk of serious harm to Plaintiff. Thomas, 611 F.3d at 1150.

**2. Defendants Mendoza-Powers and Mancinas**

Plaintiff alleges that upon arriving at ASP he informed Defendant Mendoza Powers that he had safety concerns due to the "retaliatory animus" of Defendant Mancinas because of the transfer from ASP to CTFS in 2003. This is insufficient to establish that Defendant Mendoza Powers would have knowledge that Plaintiff was at a risk of serious harm. While Plaintiff alleges that his verbal and written pleas to be transferred to another institution were ignored, he fails to state why he was asking for the transfer other than his claim that it was an illegal or inappropriate transfer. Additionally, it is unclear why Plaintiff alleges that this transfer was illegal. Although Plaintiff alleges the transfer was in violation of the emergency transfer protocol, he fails to state why the protocol was violated. The only specific reason Plaintiff set forth for his transfer request to SQSP

or CMF-Vacaville was so he could be near his relative.

Plaintiff's allegations that his letters and appeals were ignored fails to establish that Defendant Mendoza Powers or Defendant Mancinas were aware of a substantial risk of harm to Plaintiff. Plaintiff fails to state what was contained in these documents other than his complaint that the transfer was illegal or inappropriate and he was afraid because of the previous alleged retaliatory transfer to CTFS by Defendant Mancinas. Plaintiff has not alleged that Defendant Mancinas was in any way involved in the attack upon Plaintiff or was present and failed to act during the incident. While Plaintiff asserts that he was subject to retaliation, he has failed to establish that Defendants Mendoza-Powers or Mancinas were aware that Plaintiff was in danger of being harmed. Plaintiff has failed to state a cognizable claim against Defendants Mendoza Powers or Mancinas.

**3. Defendants Umphenour and Does 1 and 2**

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)). Plaintiff's allegations that Defendants Umphenour and Does 1 and 2 stood by and watched while he was assaulted by another inmate are sufficient to state a cognizable claim for failure to protect in violation of the Eighth Amendment.

**C. Fourteenth Amendment**

Plaintiff fails to raise a claim that adequately supports a violation of his rights under the Fourteenth Amendment. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the First and Eighth Amendments "provide[ the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the First and Eighth Amendments rather than the Due Process Clause of the Fourteenth Amendment govern Plaintiff's claims.

///

**D. Official Capacity**

Plaintiff brings this suit against officials in their individual and official capacities alleging there was a policy and custom of retaliation. A suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." (Id.) (quoting Kentucky v. Graham, 105 S. C. 3099, 3106 (1985).

The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 498 U.S. 378, 389 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). To prove liability for an action policy the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." Waggy, 594 F.3d at 713. Liability for failure to act requires that Plaintiff show that the "employee violated the plaintiff's constitutional rights;" the agency "has customs or policies that amount to deliberate indifference;" and "these customs or policies were the moving force behind the employee's violation of constitutional rights." Long, 442 F.3d at 1186.

Plaintiff alleges that the CDCR had a policy of transferring inmates for engaging in protected conduct. However Plaintiff fails to allege a plausible claim that he was transferred because of his protected conduct. Nor has he alleged that any named defendant had final authority to establish such a policy. While Plaintiff claims that Defendant Mancinas engaged in retaliatory conduct when he was transferred from ASP to CTFS in 2003, Plaintiff does not allege facts sufficient to show that his transfer to ASP in 2004 was retaliatory.

Additionally, Plaintiff alleges that Defendants failed to protect him from being attacked due to the policy and custom of retaliation. Plaintiff has failed to show that any official was aware that he was in danger of being attacked prior to the assault and failed to act. Plaintiff's allegations that individual Defendants did not intervene when he was attacked by an inmate or have him transferred

to a different prison fail to show that CDCR had a policy that amounted to deliberate indifference. Although Plaintiff has stated a claim against Defendants Umphenour and Does 1 and 2 for failure to protect and Defendant Umphenour for retaliation, the actions of these individual defendants is insufficient to show a custom or pattern of retaliation. Plaintiff has failed to state a cognizable claim against any named defendant in his official capacity for establishing a policy and custom of retaliation and this action will proceed only against Defendants in their individual capacities.

**E. Injunctive Relief**

Plaintiff seeks an injunction ordering Defendants Grannis, Mendoza-Powers, and Mancinas to cease from retaliating against him. The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff's allegations of retaliation against Defendants Grannis, Mendoza-Powers, and Mancinas were not found to be cognizable. Absent a cognizable claim against the defendants, the Court lacks jurisdiction to order the relief requested.[1] 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149-50 (2009) (citation omitted) Price v. City of Stockton, 390 F.3d 1105, 1112 (9th Cir. 2004). Additionally, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Since Plaintiff is no longer incarcerated at ASP, the injunctive relief he is seeking is moot as to Defendants Mendoza-Powers and Mancinas. Plaintiff's claim for injunctive relief is not cognizable.

---

[1] In addition, CDCR itself is immune from suit. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

**F. Declaratory Relief**

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary.

**IV. Conclusion andOrder**

Plaintiff's second amended complaint sets forth a cognizable claim against Defendants Umphenour and Does 1 and 2 for failure to protect in violation of the Eighth Amendment and Defendant Umphenour for retaliation in violation of the First Amendment, but does not state any other claims for relief under section 1983. Because Plaintiff has previously been notified of the deficiencies and given leave to amend, the Court recommends that the non-cognizable claims be dismissed, with prejudice. Noll, 809 F.2d at 1448-49. Based on the foregoing, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's second amended complaint, filed August 25, 2010, against Defendants Umphenour and Does 1 and 2 for failure to protect in violation of the Eighth Amendment and Defendant Umphenour for retaliation in violation of the First Amendment, in their individual capacities, for money damages only;

2. Plaintiff's retaliation claim against Defendants Grannis, Mendoza-Powers, Mancinias, and Does 1 and 2 are dismissed for failure to state a claim under section 1983;

3. Plaintiff's Eighth Amendment claims against Defendants Grannis, Mendoza-Powers, and Mancinias are dismissed for failure to state a claim; and

4. Plaintiff's claims against Defendants in their official capacities are dismissed for failure to state a claim;

5. Plaintiff's claims for declaratory and injunctive relief are dismissed for failure to state a claim; and

6. Defendants Grannis, Mendoza-Powers, and Mancinas are dismissed, with prejudice, based upon Plaintiff's failure to state a cognizable claim against them.

IT IS SO ORDERED.

**Dated: May 11, 2011**

**/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE