# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH, | 1:08-cv-01655-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT UMPHENOUR |
| v. | |
| UMPHENOUR, et al., | (Docs. 50, 51, 52.) |
| Defendants. | |

**I.   BACKGROUND**

Louis Branch ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 7, 2008. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed by Plaintiff on August 25, 2010, against defendant D. Umphenour and two Doe defendants for failure to protect in violation of the Eighth Amendment, and against defendant Umphenour for retaliation in violation of the First Amendment.[1] On October 24, 2011, Plaintiff filed a request for entry of default and a motion for default judgment against defendant Umphenour ("Defendant"). (Docs. 50, 51, 52.)

///

---

[1] On May 11, 2011, the Court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 29.) The Doe defendants have not been sufficiently identified by Plaintiff to enable service of process by the U.S. Marshal.

## II. ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Plaintiff argues that default should be entered against Defendant because Defendant was served with a copy of the summons and complaint and had not pled or issued an answer, although sixty days had passed since the date of service.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

## III. DISCUSSION

In this action, the United States Marshal sent a Waiver of Service form on behalf of Plaintiff to Defendant on July 6, 2011. (See Doc. 46.) Counsel for Defendant signed the form on August 11, 2011 and returned it to the Marshal. Id. The Marshal received the completed form on August 22, 2011 and filed it at the Court on August 26, 2011. Id. Based on this evidence, the Court concludes that Defendant timely waived service under Rule 4(d), causing the answer to be due on September 5, 2011.

On August 23, 2011, Defendant filed a motion for an extension of time to file a response to the complaint, and Defendant's motion was granted by the Court on August 25, 2011. (Docs. 44, 45.) Defendant filed a timely motion to dismiss on October 6, 2011. (Doc. 49.) Because Defendant made an appearance in this action on August 23, 2011 via a motion for extension of time, and filed a timely motion to dismiss, the Court finds no evidence that Defendant failed to plead or otherwise defend this action. Therefore, Plaintiff is not entitled to entry of default or default judgment against Defendant.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default and motion for default judgment against Defendant Umphenour, filed on October 24, 2011, are DENIED.

IT IS SO ORDERED.

Dated:   **February 22, 2012**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE