UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH, | 1:08-cv-01655-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (Doc. 60.) |
| v. | |
| D. UMPHENOUR, et al., | |
| Defendants. | |

**I.    RELEVANT PROCEDURAL HISTORY**

Louis Branch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 7, 2008. (Doc. 1.) On May 11, 2009, Plaintiff filed the First Amended Complaint, and on August 25, 2010, Plaintiff filed the Second Amended Complaint ("2ACP"). (Docs. 13, 26.)

The Court screened the 2ACP and issued an order on May 11, 2011, dismissing defendants Grannis, Mendoza-Powers, and Mancinas, with prejudice, based upon Plaintiff's failure to state a cognizable claim against them. (Doc. 29.) Plaintiff's claims against all of the defendants in their official capacity were dismissed, and his claims for declaratory and injunctive relief were dismissed, for failure to state a claim. Id. This case now proceeds on the 2ACP against defendants Umphenour and Does 1 and 2, for failure to protect Plaintiff, in violation of the Eighth Amendment, and against defendant Umphenour for retaliation in violation of the First Amendment, in their individual


capacities, for money damages only. Id. On October 6, 2011, defendant Umphenour filed a motion to dismiss. (Doc. 49.) Plaintiff has not sufficiently identified the Doe defendants to enable service of process upon them.

On November 22, 2011, Plaintiff filed a motion to file a Third Amended Complaint ("3ACP") and lodged a proposed 3ACP. (Docs. 60, 61.) Defendants have not filed a response to the motion. Plaintiff's motion for leave to amend is now before the Court.

**II.   MOTION TO AMEND – RULE 15**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, defendant Umphenour filed a motion to dismiss on October 6, 2011, and none of the defendants have consented to amendment. Therefore, Plaintiff may not amend the complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed.R.Civ.P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. "[R]equests for leave [to amend] should be granted with 'extreme liberality,' " particularly when a complaint was filed before Twombly[1] and fails for lack of sufficient factual content. Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir.2009). However, a party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile. See, e.g., May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir.1980).

Plaintiff requests leave to file a 3ACP to restore two of the defendants dismissed by the Court, S. Mendoza-Powers and A. Mancinas. Plaintiff contends that when he filed the 2ACP, he had not read the opinions in Ashcroft v. Iqbal[2] or Twombly and "therefore lacked the requisite

---

[1] Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

[2] Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

2

1  knowledge and skill to properly identify the elements to sufficiently establish the culpability of the
2  two defendants plaintiff is requesting to add." (Motion, Doc. 60 ¶2.) Plaintiff also states that he
3  expects to obtain information to include the proper names of defendants Does 1 and 2 in the 3ACP.
4  (Id. ¶3.)

5  Plaintiff's argument that he was not aware of the pleading standards discussed in Ashcroft
6  or Twombly when he filed the 2ACP is unpersuasive, as Plaintiff commenced this action on July 7,
7  2008, after the Twombly opinion was available, and the Court discussed Ashcroft and Twombly in
8  the screening order of June 28, 2010, before Plaintiff filed the 2ACP. (Screening Order, Doc. 21 ¶I.)
9  Nonetheless, the Court has reviewed the proposed 3ACP in light of the current pleading standards,
10 with respect to Plaintiff's allegations against defendants Mendoza-Powers and Macinas.

11 Because the Court dismissed defendants Mendoza-Powers and Macinas from this action, with
12 prejudice, in its order of May 11, 2011, Plaintiff's motion for leave to amend requires the Court to
13 consider whether Plaintiff has shown cause for the Court to reconsider the order. "A motion for
14 reconsideration should not be granted, absent highly unusual circumstances, unless the district court
15 is presented with newly discovered evidence, committed clear error, or if there is an intervening
16 change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d
17 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking
18 reconsideration must show more than a disagreement with the Court's decision, and recapitulation
19 . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands
20 Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

21 The Court finds Plaintiff's allegations against defendants Mendoza-Powers and Macinas in
22 the proposed 3ACP to be essentially the same as the allegations in the 2ACP. While Plaintiff
23 emphasizes in the 3ACP that he feared for his safety and notified defendants Mendoza-Powers and
24 Mancinas of this fact, Plaintiff's claims in the 3ACP suffer from the same deficiencies found by the
25 Court in the 2ACP. With respect to Plaintiff's claim for retaliation under the First Amendment,
26 Plaintiff has not set forth more than his speculation that the reason that defendants Mendoza-Powers
27 and Mancinas acted against him or failed to act was because of Plaintiff's protected conduct. Thus,
28 Plaintiff fails to state a retaliation claim against those two defendants. With respect to Plaintiff's

1 failure to protect claim under the Eighth Amendment, Plaintiff has not established that defendants
2 Mendoza-Powers and Mancinas were aware of a substantial risk of harm to Plaintiff.  Plaintiff fails
3 to state what was contained in the formal written notice he sent to these defendants other than his
4 complaint that the transfer to Avenal State Prison was illegal or inappropriate and he was afraid
5 because of the previous alleged retaliatory transfer to the Correctional Training Facility by Defendant
6 Mancinas.  Plaintiff has not alleged that defendant Mendoza-Powers or defendant Mancinas were
7 in any way involved in the attack upon Plaintiff or were present and failed to act during the incident
8 at issue in this action. Thus, Plaintiff fails to state a claim against defendants Mendoza-Powers and
9 Mancinas for failure to protect him.  Plaintiff also attempts to bring a due process claim under the
10 Fourteenth Amendment against defendants Mendoza-Powers and Mancinas for their failure to
11 protect him.  As the Court advised Plaintiff in its order of May 11, 2011, in this case, the First and
12 Eighth Amendments rather than the Due Process Clause of the Fourteenth Amendment govern
13 Plaintiff's claims.  Therefore, Plaintiff fails to state a due process claim against the defendants.
14 Based on this analysis, Plaintiff has not demonstrated that the Court committed clear error, or
15 presented the Court with new information of a strongly convincing nature, to induce the Court to
16 reverse its prior decision dismissing defendants Mendoza-Powers and Mancinas from this action
17 with prejudice.

18       With regard to Plaintiff's stated intention to identify defendants Does 1 and 2 by name if
19 granted leave to amend, he has not done so in the 3ACP.  The proposed 3ACP continues to refer
20 these defendants only as Does 1 and 2 and not by proper name or any other specific identification
21 not contained in the 2ACP.

22       The Court finds that Plaintiff's proposed 3ACP does not succeed at stating any claims against
23 defendants Mendoza-Powers and Mancinas.  Therefore, it would be futile to allow Plaintiff to file
24 the 3ACP to restore these two defendants which the Court previously dismissed from this action
25 based on Plaintiff's failure to state a claim.  Accordingly, Plaintiff's motion to amend shall be
26 denied.
27 ///
28 ///

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend the complaint, filed on November 22, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   **April 20, 2012**                     **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE