# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH, | 1:08-cv-01655-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DENY DEFENDANT UMPHENOUR'S MOTION TO DISMISS |
| v. | (Doc. 49.) |
| N. GRANNIS, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE IN TWENTY DAYS |

Plaintiff, Louis Branch ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Now pending before the Court is defendant Umphenour's motion to dismiss this action as barred by the statute of limitations. (Doc. 49.)

**I.    RELEVANT PROCEDURAL HISTORY**

Plaintiff filed the Complaint commencing this action on July 7, 2008. (Doc. 1.) This action now proceeds on the Second Amended Complaint, filed on August 25, 2010, against defendant Umphenour and Does 1 and 2 for failure to protect Plaintiff in violation of the Eighth Amendment, and defendant Umphenour for retaliation in violation of the First Amendment.[1] (Doc. 26.) On October 6, 2011, defendant Umphenour ("Defendant") filed a motion to dismiss. (Doc. 49.) On October 27, 2011, Plaintiff filed an opposition to the motion. (Doc. 55.) On November 11, 2011,

---

[1] Plaintiff has not sufficiently identified defendants Does 1 and 2 to enable service of process.

1

Defendant filed a reply. (Doc. 57.) On November 22, 2011 and November 28, 2011, Plaintiff filed two surreplies. (Docs. 59, 62.) Defendant's motion to dismiss is now before the Court.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently incarcerated at Solano State Prison in Vacaville, California. The events at issue occurred at Avenal State Prison ("ASP") in Avenal, California, when Plaintiff was incarcerated there.

Plaintiff alleges that in May 2004, he was transferred to ASP. In June 2004, Plaintiff submitted a sworn declaration that he had witnessed an inmate be battered and assaulted by an ASP Officer. Defendant Umphenour confronted Plaintiff and said he "would be 'dealt with' for submitting 'a false declaration against an officer.'" (2ACP, Doc. 26 at 9.) Immediately, ASP officials caused Plaintiff to be transferred five times in two weeks "amid the calumny and obloquy that [p]laintiff was a 'snitch' and a 'baby raper.'" (Id.) Each of Plaintiff's verbal and written pleas resulted in Plaintiff being transferred to another facility or building. These transfers "virtually guaranteed" that Plaintiff's grievances would not be responded to because they would be lost, forgotten, misplaced, or not investigated due to being re-routed. (Id. at 10.) After Plaintiff was transferred to Building 250 he was stabbed four times, bludgeoned about the head, and beaten to semi-consciousness while defendants Umphenour and Does 1 and 2 watched without intervening. Plaintiff was then hospitalized and placed in segregation. Defendant Umphenour was to gather and inventory Plaintiff's personal property. In August 2004, Plaintiff was transferred to Mule Creek State Prison ("MCSP"). When Plaintiff arrived at MCSP, officials received his personal property and documented that it had been sabotaged.

Plaintiff requests monetary damages.

## III. MOTION TO DISMISS

### A. Rule 12(b)(6) Motion to Dismiss -- Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal at 1949 (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

**B.     Statute of Limitations - Legal Standard**

Federal law determines when a claim accrues, and "under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions requires that the claim be filed within 2 years. Cal. Code Civ. Proc. § 335; Jones, 393 F.3d at 927. In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539, 109 S. Ct. 1998, 2000 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

>    (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

///

Thus, incarcerated plaintiffs have four years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while the plaintiff was incarcerated. The equitable tolling doctrine also tolls the statute of limitations while exhaustion occurs. Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318 (1978). Additionally whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. Jones, 393 F.3d at 927. Under California law equitable tolling is available where there is "timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1132 (9th Cir. 2001) (quoting Addison, 21 Cal.3d at 319). Equitable tolling applies "to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 927 (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, 370 (2003)). Application of equitable tolling "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute." Jones, 393 F.3d at 927 (quoting Lantzy, 31 Cal.4th at 371)).

### C.     Parties' Positions

Defendant argues that this action should be dismissed under Rule 12(b)(6) because Plaintiff's claims are barred by the statute of limitations. Defendant argues that the applicable statute of limitations for personal injury actions was two years when plaintiff's action accrued against defendant sometime between May and July 2004. Defendant asserts that under California law, the two-year statute of limitations is tolled for a period not to exceed two years while a person is imprisoned on a criminal charge. Defendant argues that because Plaintiff's complaint against him was not filed until August 25, 2010, more than six years after the fact, the entire action against Defendant is time-barred.

In opposition, Plaintiff asserts that Defendant has erroneously argued that the complaint for this action was filed on August 25, 2010, whereas the complaint was filed on July 7, 2008. Based on the July 7, 2008 date of filing, Plaintiff argues that his claims in this action accrued within four years of the date of filing. Plaintiff asserts that in July 2004, Defendant retaliated against him by

threatening him for submitting an allegedly false declaration against a prison officer whom Plaintiff observed assaulting an inmate, and immediately thereafter Plaintiff was transferred to Building 250 where Defendant worked. Plaintiff asserts that Defendant then set Plaintiff up to be murdered by other inmates and failed to protect Plaintiff from being stabbed, beaten, and bludgeoned. Plaintiff also asserts that in August 2004, less than thirty days after the attempted murder, he was transferred to another prison.

Defendant "concedes that he erroneously argues in the motion to dismiss that [Plaintiff's] complaint was not filed until August 25, 2010 (which is the date when the second amended complaint was filed)." (Reply, Doc. 57 at 3 fn.1.) Defendant argues that the Court should nonetheless dismiss Plaintiff's retaliation claim which accrued prior to July 8, 2004. Defendant also requests that Plaintiff be required to provide a more definite statement as to when the alleged act of deliberate indifference occurred.

**D.   Discussion**

Defendant has not adequately argued that the statute of limitations bars Plaintiff's claims. Plaintiff filed this action on July 7, 2008. (Doc. 1.) According to Plaintiff's Second Amended Complaint ("2ACP") upon which this action now proceeds, Plaintiff's claims of retaliation against Defendant arose between May 2004 when he arrived at ASP and August 2004 when he was transferred to MCSP. (2ACP, Doc. 26 at 9:14, 10 ¶29.) Plaintiff alleges that sometime after June 2004, Defendant threatened him because he complained about another officer.[2] (2ACP at 9 ¶¶21-22.) Plaintiff also alleges that Defendant "sabatoged" his legal and personal property in August 2004 upon Plaintiff's transfer to MCSP. (2ACP at 10 ¶¶28-30.) Plaintiff's claims of deliberate indifference against Defendant arose between June and August 2004 at ASP when Plaintiff was assaulted by other inmates while Defendant stood by and failed to protect him.[3] (2ACP at 10 ¶26.) Defendant argues that Plaintiff's claims arising more than four years before Plaintiff filed the

---

[2] In his Surreply filed on November 22, 2011, Plaintiff asserts that Defendant threatened him on or about June 16, 2004. (Surreply, Doc. 59 at 2:9-10.)

[3] In his Surreply filed on November 22, 2011, Plaintiff asserts that the assault occurred on July 11, 2004. (Surreply, Doc. 59 at 2:1.)

Complaint on July 7, 2008 are barred by the statute of limitations. However, Defendant fails to allow for tolling while Plaintiff was exhausting his administrative remedies. Plaintiff declares that he began the appeals process at MCSP sometime during or after August 2004 and completed the process for all claims at issue in this action. (2ACP at 2 ¶II, 10 ¶31.) Defendant has not provided sufficient information about the time period during which Plaintiff exhausted his remedies. Without knowing the date Plaintiff filed his prison appeal and the date of the final decision, the Court cannot determine how long the time was tolled. The Court finds that Defendant's evidence is not sufficient to support his argument that, under applicable law, Plaintiff's suit is time-barred by the statute of limitations and applicable tolling, and therefore Defendant's motion to dismiss must be denied.

## IV.   CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that defendant Umphenour's motion to dismiss, filed on October 6, 2011, be DENIED.

The Court further ORDERS that these Findings and Recommendation be submitted to the United States District Court Judge assigned to this action. Within **TWENTY (20) days** after being served with a copy of these Findings and Recommendation, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **August 23, 2012**           /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE