# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH, | 1:08-cv-01655-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT UMPHENOUR |
| vs. | (Doc. 71.) |
| N. GRANNIS, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Louis Branch ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 7, 2008. (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed by Plaintiff on August 25, 2010, against defendant D. Umphenour and two Doe defendants for failure to protect in violation of the Eighth Amendment, and against defendant Umphenour for retaliation in violation of the First Amendment.[1]

On October 26, 2012, Plaintiff filed a request for entry of default against defendant Umphenour ("Defendant"). (Doc. 71.)  On November 16, 2012, Defendant filed an opposition.

---

[1] On May 11, 2011, the Court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim.  (Doc. 29.)  The Doe defendants have not been sufficiently identified by Plaintiff to enable service of process by the U.S. Marshal.

1

1  (Doc. 74.)  On December 26, 2012, Plaintiff filed a reply to the opposition.  (Doc. 78.)

2  **II.    ENTRY OF DEFAULT**

3  Plaintiff requests entry of default, pursuant to Rule 55, against Defendant Umphenour, based on Defendant's failure to timely answer or otherwise defend in this action.

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court.

A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment. See Draper v. Coombs, 792 F.2d 915, 924–25 (9th Cir.1986).  Rather, granting or denying relief is entirely within the court's discretion.  See id.

When considering whether to enter a default judgment, the court should consider "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir.1986); see also Al–Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir.1996); Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.1989).  "[T]he general rule disfavors default judgments.  Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472.

*__Background__*

Plaintiff filed a prior request for entry of default or default judgment against defendant Umphenour on October 4, 2011, which was denied by the Court.  (Doc. 50, 66.)  The Court found that defendant Umphenour's motion to dismiss, timely filed on October 6, 2011, was conclusive evidence that defendant Umphenour had appeared in this action and was actively defending against Plaintiff's claims.  (Doc. 66.)

On September 21, 2012, the Court denied Defendant's motion to dismiss.  (Doc. 70.)  On

October 26, 2012, Plaintiff filed the instant request for entry of default. (Doc. 71.) On October 29, 2012, Defendant filed an answer. (Doc. 72.)

### *Discussion*

Plaintiff argues that default should be entered because Defendant's answer was untimely served under Rule 12(a)(4), which requires the answer to be served "within 14 days of the notification" that the Court denied the motion to dismiss. Fed. R. Civ. P. 12(a)(4). Defendant concedes that his answer was not timely served under Rule 12(a)(4), due to a calendaring error. The answer, which was required to be served on or before September 26, 2012, was not served until 33 days later on October 29, 2012. (Doc. 72 at 7.) Defense counsel indicates that he will file a declaration relating to the calendaring error, if the Court deems it necessary. (Opp'n, Doc. 74 at 2 fn.2.) Defendant argues that entry of default is inappropriate because he has clearly indicated his intent to defend this action by filing a timely motion to dismiss and inadvertently filing a late answer.

In this case, Defendant's thirty-three day delay in filing an answer does not merit entry of default. Defendant's delay in filing an answer was due to a calendaring error, which the Court finds to be excusable neglect, and Plaintiff was not prejudiced by the delay. By filing a motion to dismiss and a delayed answer, Defendant has sufficiently indicated his intent to defend this action. "Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Therefore, Plaintiff's request for entry of default shall be denied.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against defendant Umphenour, filed on October 26, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   **January 4, 2013**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE