**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH, | 1:08-cv-01655-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR STATUS CONFERENCE |
| vs. | (Doc. 76.) |
| N. GRANNIS, et al., | ORDER RESPONDING TO PLAINTIFF'S REQUEST REGARDING UNSERVED DOE DEFENDANTS |
| Defendants. | |

**I.   BACKGROUND**

Louis Branch ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 7, 2008.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed by Plaintiff on August 25, 2010, against defendant D. Umphenour and two Doe defendants for failure to protect in violation of the Eighth Amendment, and against defendant Umphenour for retaliation in violation of the First Amendment.[1]  (Doc. 26.)

On December 21, 2012, Plaintiff filed a motion for the Court to schedule a status conference in this action.  (Doc. 76.)

---

[1] On May 11, 2011, the Court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim.  (Doc. 29.)  The Doe defendants have not been sufficiently identified by Plaintiff to enable service of process by the U.S. Marshal.

1

## II. MOTION FOR STATUS CONFERENCE

Plaintiff requests a status conference in this action to address: (1) service of process on parties not yet served, (2) disposition of pending motions, (3) relief from discovery limits, including deferral of discovery, and (4) any other applicable matters.

### *Discussion*

Plaintiff is advised that under Local Rule 230(l), motions in prisoner cases are submitted on the record without oral argument, with few exceptions. L. R. 230(l). Such motions are not noticed on the Court's motion calendar.

In separate orders, the Court has resolved Plaintiff's pending request for entry of default, filed on October 26, 2012; motion for appointment of counsel, filed on December 21, 2012; and motion for extension of time to respond to discovery requests, filed on December 21, 2012. (Docs. 71, 75, 77.) Plaintiff's only other pending motion in this action is the present motion for a status conference. Therefore, upon entry of this order, Plaintiff's pending motions shall be resolved without need for a status conference.

In exceptional circumstances, the Court may conduct in-court proceedings to resolve a motion in a prisoner case such as Plaintiff's. However, in this instance, the Court does not find exceptional circumstances or good cause to schedule a status conference. Plaintiff's pending motions have been resolved, and Plaintiff's request regarding unserved defendants shall be addressed by this order. For any other applicable matters, Plaintiff should file a written motion with the Court. Accordingly, Plaintiff's motion for a status conference shall be denied.

## III. REQUEST FOR ASSISTANCE IN IDENTIFYING DOE DEFENDANTS

Plaintiff requests the Court's assistance in identifying his Doe Defendants to enable service of process. Plaintiff asserts that he has made diligent efforts to identify Does 1 and 2, without success. Plaintiff asserts that he filed a habeas petition in the Monterey Superior Court to compel officials to divulge the Incident Report concerning events at issue in this action, and he formally requested the complete Incident Report from defendant Umphenour. Plaintiff claims that defendant Umphenour "disingenuously provide[d] an incomplete Incident Report omitting the names of Doe 1 & 2." (Motion, Doc. 76 at 2:23-24.)

Plaintiff is advised that the discovery process is available to him for questioning the defendants about facts relevant to his allegations and claims. Rules 26 through 37 of the Federal Rules of Civil Procedure govern the discovery process, which includes, inter alia, interrogatories, requests for admissions, requests for production of documents, depositions, and motions to compel. Plaintiff should refer to these rules which are available at the prison law library. Plaintiff is cautioned that discovery must be conducted within the deadlines established in the Discovery/Scheduling Order entered on October 30, 2012 in this action.

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a status conference, filed on December 21, 2012, is DENIED; and

2. Plaintiff's request for assistance in identifying Doe Defendants is RESOLVED by this order.

IT IS SO ORDERED.

Dated: **January 4, 2013**        /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE