UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>N. GRANNIS, et al.,<br><br>　　　　Defendants. | 1:08-cv-01655-AWI-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br>(Doc. 85.)<br><br>ORDER DIRECTING CLERK TO FILE THIRD AMENDED COMPLAINT LODGED ON APRIL 22, 2013<br>(Doc. 86.) |

## I.　BACKGROUND

Louis Branch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil action. Plaintiff filed the Complaint commencing this action on July 7, 2008. (Doc. 1.) This case now proceeds on the Second Amended Complaint filed by Plaintiff on August 25, 2010, against defendants Correctional Officer ("C/O") Umphenour and Does 1 and 2, for failure to protect Plaintiff in violation of the Eighth Amendment, and against defendant Umphenour for retaliation in violation of the First Amendment, in their individual capacities, for money damages only.[1] (Doc. 26.)

On October 30, 2012, the court entered a Scheduling Order setting deadlines in this action, including a deadline to amend pleadings of April 30, 2013 and a discovery cut-off date

---

[1] On May 11, 2011, the Court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 29.) The Doe defendants have not been served.

of June 30, 2013. (Doc. 73.) On April 8, 2013, Plaintiff filed a motion to extend the deadline to amend pleadings. (Doc. 83.) On April 15, 2013, the court entered an order granting Plaintiff's motion and extending the deadline to amend pleadings to May 31, 2013. On April 22, 2013, Plaintiff filed a motion for leave to amend. (Doc. 85.) Defendants have not filed an opposition.

Plaintiff's motion to amend is now before the court.

## II.  RULE 15(a) - LEAVE TO AMEND

### A.  Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint twice and defendant Umphenour has filed an answer to the complaint, Plaintiff requires leave of court to file a Third Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### B.  Plaintiff's Motion

Plaintiff seeks to amend the complaint to add the proper names of the two Doe Defendants. Upon review of Plaintiff's proposed Third Amended Complaint, it appears that Plaintiff has not materially amended the Second Amended Complaint except to identify defendants Does 1 and 2 as C/O L. Szalai and C/O J. Alvarez, respectively. The court finds no

evidence of bad faith by Plaintiff or futility in the amendment, and Defendants have not opposed the motion to amend. Therefore, in the interest of justice, Plaintiff's motion for leave to amend shall be granted, and the Clerk shall be directed to file the Third Amended Complaint which was lodged on April 22, 2013.

### III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend, filed on April 22, 2013, is GRANTED;
2. The Clerk is directed to file the Third Amended Complaint which was lodged on April 22, 2013; and
3. The court shall screen the Third Amended Complaint and initiate service of process upon defendants C/O L. Szalai and C/O J. Alvarez in due time.

IT IS SO ORDERED.

Dated:   **July 9, 2013**                              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE