UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>N. GRANNIS, et al.,<br><br>　　　　Defendants. | 1:08-cv-01655-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE<br>(Doc. 92.)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS UNTIMELY<br>(Doc. 97.)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO VACATE DISPOSITIVE MOTIONS DEADLINE<br>(Doc. 100.)<br><br>ORDER VACATING DISPOSITIVE MOTION DEADLINE OF SEPTEMBER 9, 2013 |

**I.   BACKGROUND**

　　Louis Branch ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 7, 2008. (Doc. 1.) On May 11, 2009, Plaintiff filed the First Amended Complaint. (Doc. 13.) On August 25, 2010, Plaintiff filed the Second Amended Complaint, which the court found appropriate for service of process. (Docs. 26, 30, 35.)

　　On October 30, 2012, the court issued a Scheduling Order, establishing deadlines for the parties in this action, including a deadline of June 13, 2013 for the parties to complete

discovery, and a deadline of September 9, 2013 for the parties to file pretrial dispositive motions. (Doc. 73.) The deadlines have not been extended.

On July 10, 2013, with leave of court, Plaintiff filed the Third Amended Complaint, which now awaits the court's requisite screening pursuant to 28 U.S.C. § 1915A. (Doc. 94.)

Now pending before the court are (1) Plaintiff's motion to extend the discovery deadline, filed on June 21, 2013, (Doc. 92); (2) Plaintiff's motion to compel, filed on July 24, 2013, (Doc. 97); and (3) Defendant's motion to vacate dispositive motions deadline, filed on September 4, 2013, (Doc. 100). On July 12, 2013, Defendant filed a notice of non-opposition to Plaintiff's motion to extend the discovery deadline. (Doc. 95.)

## II.   PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE

Plaintiff requests a sixty-day extension of the June 13, 2013 discovery deadline established by the court's Scheduling Order of October 30, 2012. Modification of a scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

The court finds no good cause to extend the discovery deadline established by the Scheduling Order of October 30, 2012. The purpose of the Scheduling Order was to establish deadlines for the parties to file motions and conduct discovery related to Plaintiff's claims in the Second Amended Complaint. The Second Amended Complaint is no longer at issue, because the Third Amended Complaint was filed on July 10, 2013.[1] Thus, the June 13, 2013 discovery deadline should not be extended for the purpose it was established.

It is premature for the parties to conduct discovery based on Plaintiff's claims in the Third Amended Complaint. The discovery phase for this action shall not be reopened until after the court has screened the Third Amended Complaint and found cognizable claims, and defendant has filed an Answer. Therefore, Plaintiff's motion shall be denied.

---

[1] As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the prior complaint no longer serves any function in the case.

### III. PLAINTIFF'S MOTION TO COMPEL

Plaintiff's motion to compel, filed on July 24, 2013, is untimely. As discussed above, the June 13, 2013 discovery deadline established by the Scheduling Order of October 30, 2012, has expired, and it is premature for the parties to conduct discovery based on the filing of the Third Amended Complaint. Therefore, Plaintiff's motion to compel shall be denied.

### IV. DEFENDANT'S MOTION TO VACATE DISPOSITIVE MOTIONS DEADLINE

Defendant brings a motion to vacate the September 9, 2013 dispositive motions deadline established by the court's Scheduling Order of October 30, 2013. Defendant argues that the deadline should be vacated pending the court's screening of the Third Amended Complaint, because the court has indicated that it intends to screen the Third Amended Complaint and initiate service of process upon newly added defendants. Defendant's argument has merit. As discussed above, the deadlines established by the Scheduling Order are no longer applicable. Therefore, Defendant's motion shall be granted.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to extend the June 13, 2013 discovery deadline is DENIED;
2. Plaintiff's motion to compel, filed on July 24, 2013, is DENIED as untimely;
3. Defendant's motion to vacate the September 9, 2013 dispositive motions deadline is GRANTED;
4. The deadline for filing dispositive motions, established in the court's Scheduling Order issued on October 30, 2012, is VACATED for all parties to this action, pending the court's screening of the Third Amended Complaint.

IT IS SO ORDERED.

Dated:   **September 15, 2013**                    **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE