UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>        Plaintiff,<br><br>   vs.<br><br>N. GRANNIS, et al.,<br><br>        Defendants. | 1:08-cv-01655-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 108.) |

**I.    BACKGROUND**

Louis Branch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 7, 2008.  (Doc. 1.)  This action now proceeds on the Third Amended Complaint, filed by Plaintiff on July 10, 2013, against defendants Umphenour, Szalai, and Alvarez for deliberate indifference to a serious risk to Plaintiff's safety in violation of the Eighth Amendment, and against defendant Umphenour for retaliation in violation of the First Amendment. (Doc. 94.)

On October 18, 2013, Plaintiff filed a motion for reconsideration.  (Doc. 108.)

///

///

///

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L. R. 230(j).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### B. Plaintiff's Motion

Plaintiff requests reconsideration of the court's order of September 16, 2013, which screened the Third Amended Complaint. (Doc. 103.) The basis for Plaintiff's motion for reconsideration is his disagreement with the court's screening decision and the court's application of the law to his complaint. Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Plaintiff's disagreement is not sufficient grounds

for relief from the order.  <u>Westlands Water Dist.</u>, 134 F.Supp.2d at 1131.  To the extent that Plaintiff seeks consideration of new or re-stated allegations or claims, such relief is not available in this motion for reconsideration, because the court's screening order is based only on consideration of the allegations and claims as stated in the Third Amended Complaint.

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Therefore, the motion for reconsideration shall be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on October 18, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **October 24, 2013**                             **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE