UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>            Plaintiff,<br><br>     v.<br><br>N. GRANNIS,<br><br>            Defendant. | 1:08-cv-01655 AWI GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 133) |

On July 7, 2014, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, Plaintiff argues that he is unable to afford counsel and his imprisonment will greatly limit his ability to litigate. This does not make Plaintiff's case

1

exceptional. This court is faced with similar cases daily. Moreover, while the court has found that Plaintiff's complaint states cognizable claims, this finding is not a determination that Plaintiff is likely to succeed on the merits and at this juncture, the court cannot find that Plaintiff is likely to succeed on the merits.

Plaintiff also argues that he has been prejudiced by Defendants' suppression of his rights to discovery. Plaintiff claims that Defendants have responded to his discovery requests with boilerplate objections and invalid privilege claims, and filed a frivolous opposition to Plaintiff's motion to compel. Plaintiff's motion to compel is now pending before the court and will be resolved in due time. Therefore, at this stage of the proceedings, Plaintiff's claim of prejudice in the discovery process is premature.

Plaintiff's case proceeds on only two claims: (1) against defendant Umphenour for retaliation under the First Amendment, and (2) against defendants Umphenour, Szalai, and Alvarez for failure to protect Plaintiff under the Eighth Amendment. In his motion for appointment of counsel, Plaintiff discusses his likelihood of success on claims based on prison policy and due process violations. This action is not proceeding on those claims, and therefore Plaintiff's arguments about success on those claims are not relevant. While Plaintiff's retaliation and failure to protect claims may be challenging, the court finds, based on a review of the record and Plaintiff's present motion, that Plaintiff appears well-informed and able to adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **July 24, 2014**                    **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE