UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH, | 1:08-cv-01655-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (Doc. 122.) |
| vs. | |
| D. UMPHENOUR, et al., | ORDER FOR DEFENDANT UMPHENOUR TO MAKE FURTHER RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET FIVE, NOS. 37, 40, 41, AND 42, PURSUANT TO THIS ORDER, WITHIN THIRTY DAYS |
| Defendants. | |
| | ORDER DENYING MOTION TO EXTEND DISCOVERY (Doc. 123.) |
| | ORDER DENYING MOTION FOR *IN CAMERA* REVIEW (Doc. 125.) |

I.      BACKGROUND

Louis Branch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 7, 2008.  (Doc. 1.)  This action now proceeds on the Third Amended Complaint, filed by Plaintiff on July 10, 2013, against defendants Umphenour, Szalai, and Alvarez ("Defendants") for deliberate indifference to a serious risk to Plaintiff's safety in violation of the Eighth Amendment, and against defendant Umphenour for retaliation in violation of the First Amendment.  (Doc. 94.)

On October 21, 2013, and February 21, 2014, the Court issued Scheduling Orders establishing a deadline of June 21, 2014, for the parties to complete discovery, including the filing of motions to compel.  (Docs. 109, 120.)  The discovery deadline has now expired.

On May 7, 2014, Plaintiff filed a motion to compel production of documents from defendant Umphenour. (Doc. 122.) On May 28, 2014, Defendants filed an opposition to the motion to compel. (Doc. 126.) On June 16, 2014, Plaintiff filed a reply to the opposition. (Doc. 131.)

On May 22, 2014, Plaintiff filed a motion for an *in camera* review of the documents sought by Plaintiff in the motion to compel, and a motion for an extension of the discovery deadline. (Docs. 123, 125.) On June 4, 2012, Plaintiff filed a declaration in support of his motion for an *in camera* review. (Doc. 129.) On June 12, 2014, Defendants filed an opposition to Plaintiff's motions. (Doc. 130.) On June 23, 2014, Plaintiff filed a reply to the opposition. (Doc. 132.)

Plaintiff's motion to compel, motion for *in camera* review, and motion to extend the discovery deadline are now before the court.

## II.    PLAINTIFF'S ALLEGATIONS AND CLAIMS[1]

### A.    Allegations

At the time of the events at issue, Plaintiff was incarcerated at Avenal State Prison (ASP) in Avenal, California, and defendants were employed as correctional officers at ASP.

In June 2004, Plaintiff submitted a sworn declaration that he had witnessed an inmate being battered and assaulted by an ASP Officer. (Third ACP, Doc. 94 at 9 ¶20.) Defendant Umphenour confronted Plaintiff and said he "would be 'dealt with' for submitting 'a false declaration against an officer.'" (Id. at 9 ¶21.) Immediately thereafter, ASP officials caused Plaintiff to be transferred within the prison five times in two weeks "amid the calumny and obloquy that [p]laintiff was a 'snitch' and a 'baby raper.'" (Id. at 9 ¶22.) Each of Plaintiff's verbal and written pleas resulted in Plaintiff being transferred to another facility or building. (Id. at 9 ¶23.)

After Plaintiff was transferred to Building 250 he was stabbed four times, bludgeoned about the head, and beaten to semi-consciousness while defendants Umphenour, Szalai, and

---

[1] This summary includes Plaintiff's allegations and claims against defendants Umphenour, Szalai, and Alvarez in the Third Amended Complaint upon which this action now proceeds.

Alvarez watched without intervening. (Id. at 9-10 ¶25.)  Plaintiff was hospitalized and then placed in segregation.  (Id. at 10 ¶26.)

**B.     Retaliation Claim**

As discussed by the Ninth Circuit in Watison v. Carter:

> "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so.  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).   A retaliation claim has five elements.  Id.  First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).

> Second, the plaintiff must claim the defendant took adverse action against the plaintiff.  Id. at 567.  The adverse action need not be an independent constitutional violation.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  "[T]he mere *threat* of harm can be an adverse action...."  Brodheim, 584 F.3d at 1270.

> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct.  Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal.  See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).

> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities."  Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted).  "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11.  That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage.  Id. at 569.

> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...."  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).  A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)."

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

The court found that Plaintiff stated a cognizable claim against defendant Umphenour for retaliation in violation of the First Amendment.  (Doc. 103 at 10:18-21.)

### C.    <u>Failure to Protect – Eighth Amendment Claim</u>

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  <u>Id.</u>; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety."  <u>Farmer</u>, at 834.  The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health . . . .'"  <u>Id.</u> at 843 (citing <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993)).  The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result."  <u>Farmer</u> at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware."  <u>Id.</u> at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious."  <u>Id.</u> at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety."  <u>Id.</u> at 837; <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. <u>Farmer</u>, 511 U.S. at 842; <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995).

///

The court found that Plaintiff stated cognizable claims against defendants Umphenour, Szalai, and Alvarez for failure to protect him in violation of the Eighth Amendment. (Doc. 103 at 8:22-24.)

## III.   MOTION TO COMPEL

### A.   Federal Rules of Civil Procedure 26(b), 34, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[2]  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1).  "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991).  "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

///

---

[2]"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2).  Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."  Fed. R. Civ. P. 34(b)(E)(I).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(3)(B).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)).  The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

## A.      **Plaintiff's Motion to Compel**

On or about April 9, 2014, defendant Umphenour served responses upon Plaintiff to Plaintiff's Request for Production of Documents, Set Five.  (Doc. 122 at 17:18-19.)  Plaintiff now seeks an order compelling Defendant Umphenour to make further responses to Requests Nos. 34, 36, 37, 38, 39, 40, 41, and 42, as follows.

///

///

> **REQUEST FOR PRODUCTION (RFP), SET FIVE, NO. 34:**

Please produce all Incident Reports (Dept. Operations Manual §51030 et seq.) and attachments, Rule Violation Reports pursuant to CDCR Rules and Regulations §3312(a)(3) and any documents that evidence, mention, or refer to inmates committing assaults and/or battery on other inmate(s) within Facility 2, Avenal State Prison, between 01/01/2004 and 07/11/2004.

> **RESPONSE TO RFP, SET FIVE, NO. 34:**

Objection.  This request is duplicative of Request No. 22 in Plaintiff's Request for Production of Documents, Set Four.  The request is also vague and ambiguous, and assumes facts not in evidence.  Further the request is overly broad and burdensome.  The request also seeks information that if disclosed, will violate the privacy rights of third parties.  Further, the request seeks documents not related to the incident in plaintiff's complaint and thus seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, defendant answers as follows:  Defendant has already produced the incident report regarding the alleged incident on July 11, 2004 (Bates Nos. CDCR 0001-0017).

**Arguments**

Plaintiff argues that the requested reports will show that Facility 2 was rife with violent attacks against targeted prisoners, tending to prove that there was a policy and custom of purging targeted prisoners from the General Population by violent retribution, and that the officers protected each other by a Code of Silence.

Defendant asserts that he has already produced the report related to the assault against Plaintiff that is the subject of this lawsuit.  Defendant argues that other reports about other inmate assaults are not relevant, and such disclosure would violate the privacy rights of third parties.  Defendant also argues that to the extent Plaintiff requests character evidence, such evidence is not normally admissible in a civil rights case, and to the extent Plaintiff requests evidence of prison staff's past conduct with respect to prison assaults, Plaintiff will not be able to argue that Defendants acted in conformity therewith.

**Ruling**:  Defendant Umphenour's objections on the grounds that this RFP is overly broad and burdensome are sustained, because the RFP, which requests "*any documents* that *evidence, mention, or refer to* inmates committing assaults" does not give Defendant reasonable notice of what is called for and what is not.

///

This action now proceeds only on Plaintiff's claim against defendant Umphenour for retaliation, and Plaintiff's claims against defendants Umphenour, Szalai, and Alvarez for failure to protect him during an assault on Plaintiff.  Plaintiff has not demonstrated, and the court does not find, that reports and documents concerning all inmate assaults on other inmates within Facility 2 during a six month period are relevant to Plaintiff's claims in this action.    Therefore, Defendant is not required to provide a further response to RFP No. 34.

///

///

> **RFP, SET FIVE, NO. 36:**

All <u>redacted</u> Incident Reports (DOM §51030 et seq.), and documents that evidence, mention, or refer to the inmate-on-inmate murder of a sex offender that occurred at Avenal, on Facility 4, in Building 450, in 2004.

> **RESPONSE TO RFP, SET FIVE, NO. 36:**

Objection.  This request is vague and ambiguous, overly broad and burdensome, and assumes facts not in evidence.  Further, the request seeks some information that if disclosed, will violate the privacy rights of third parties.  The request also seeks documents not related to the incident in plaintiff's complaint and thus seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, no production is being made.

**<u>Arguments</u>**

Plaintiff argues that the requested documents are relevant because Plaintiff's unauthorized transfer to Building 420 was instigated by defendant Umphenour after Plaintiff submitted a complaint against Officer Perez for "sexual calumny," and it is "most significant" that Perez was assigned to Building 450 during the time of the 2004 murder of a sex offender at ASP.  (Motion, Doc. 122 at 6:3-5.)

Defendant argues that Plaintiff has not demonstrated that this request is reasonably calculated to lead to the discovery of admissible evidence, because the information requested

by Plaintiff about Correctional Officer Perez does not concern conduct by any of the defendants.  Defendant also argues that to the extent Plaintiff seeks the reports to show that Officer Umphenour and the other defendants acted in conformity with prior conduct, such evidence is inadmissible.

**Ruling**:  Defendant Umphenour's objections on the grounds that this RFP is overly broad, burdensome, and seeks irrelevant information are sustained.  The Court finds that the request for "[a]ll . . . documents that evidence, mention, or refer to the inmate-on-inmate murder of a sex offender that occurred at Avenal, on Facility 4, in Building 450, in 2004" is overly broad and burdensome to Defendant, because it does not give Defendant reasonable notice of what is called for and what is not.  In addition, Plaintiff has not demonstrated, and the court does not find, that evidence of the murder of a sex offender in 2004 is relevant to either of Plaintiff's claims against defendants.   Therefore, Defendant is not required to provide a further response to RFP No. 36.

///

///

> **RFP, SET FIVE, NO. 37:**

Please produce the <u>redacted</u> <u>communications</u> by Special Agent LAURA WOODS (see DOM <u>Special</u> <u>Agent</u> §31140.4.8) of the CDCR Office of Internal Affairs, concerning WOOD's investigation and interview of plaintiff in 01/2005 at Mule Creek Prison regarding the <u>incident</u>.

> **RESPONSE TO RFP, SET FIVE, NO. 37:**

Objection.  This request is duplicative of Request No. 25 in Plaintiff's Request for Production of Documents, Set Four.  The request is also vague and ambiguous, overly broad, burdensome and assumes facts not in evidence.  Further, the request also seeks information that is subject to the critical self-analysis privilege, deliberative process privilege and/or the official information privilege.  Accordingly no production is being made.  Without waiving these objections, defendant answers as follows:

Defendant does not have in his possession, custody or control any responsive documents. After performing a diligent search, the prison was unable to locate any responsive documents.

**<u>Arguments and Discussion</u>**

Plaintiff argues that Defendants can obtain Agent Woods' communications from the CDCR's Office of Internal Affairs, and that this request is relevant because of information contained in Agent Wood's findings and communications regarding the July 11, 2004 assault on Plaintiff, which is at issue in this case.

Defendant Umphenour responds that he properly objected to the production of any Internal Affairs documents as subject to privileges, and that nevertheless, he does not have possession, custody, or control of such documents and cannot be compelled to produce documents in the possession of a third party. Defendant also asserts that the prison was unable to locate any responsive documents after a diligent search.

Defendant invokes the critical self-analysis privilege, deliberative process privilege and/or the official information privilege, but cites no controlling authority. In civil rights cases brought under federal statutes, questions of privilege are resolved by federal law. <u>Kerr v. United States District Court</u>, 511 F.2d 192, 197 (9th Cir. 1975). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653, 655–56 (N.D.Cal.1987). Plaintiff brought this case under a federal statute, 42 U.S.C. § 1983, and it is well settled that "questions of evidentiary privilege arising in the course of the adjudication of federal rights are governed by the principles of federal common law." <u>United States v. Zolin</u>, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989)); <u>see</u> <u>also</u> Fed. R. Evid. 501.

The "critical self-analysis privilege" has not been recognized by the Ninth Circuit, <u>Union Pacific R.R. Co. v. Mower</u>, 219 F.3d 1069, 1076 n.7 (9th Cir. 2000); <u>Dowling v. American Hawaii Cruises</u>, 971 F.2d 423, 426 (9th Cir. 1992). In addition, it does not appear that California has recognized that privilege. <u>Cloud v. Superior Court</u>, 50 CalApp.4th 1552, 1559, 58 Cal.Rptr.2d 365, 369 (1996) (naming thirteen privileges recognized in the California

Evidence Code, the self-critical analysis privilege not among them).   Therefore, the court declines to apply this privilege.

The "deliberative process privilege" "permits the government to withhold documents that reflect advisory opinion, recommendations and deliberations comprising a part of a process by which government decision and policies are formulated."  Federal Trade Comm'n v. Warner Commc'ns, Inc., 742 F.2d 1156, 1161 (9th Cir. 1984); see NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150, 95 S.Ct. 1504 (1975).   There is no evidence before the court that the Internal Affairs investigation and interview reflects discussion among those responsible for governmental decision-making.  Thus, the court cannot find that this privilege applies.  Even if the deliberative process privilege applies, its protections are qualified, and a litigant may obtain discovery of materials protected by the privilege if the need for the materials outweighs the governmental interest in keeping the decision-making process confidential.    Warner Commc'ns, 742 F.2d at 1161.

As for the "official information privilege," which is a privilege of federal common law, Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D.Cal.1995); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir.1990), "courts must weigh the potential benefits of disclosure against the potential disadvantages."  Sanchez, 936 F.2d at 1033–34.  The balancing test "is moderately pre-weighted in favor of disclosure."  Kelly, 114 F.R.D. at 661.  The privilege "must be formally asserted and delineated in order to be raised properly," and the party opposing disclosure must "state with specificity the rationale of the claimed privilege."  Kerr, 511 F.2d at 198.  To properly invoke the governmental privilege, "[t]he claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege."  Id.  The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit.  Soto, 162 F.R.D. at 613.

///

While Defendant has submitted a privilege log in support of his objections, the privilege log does not address the documents from the Office of Internal Affairs' investigation and interview requested by Plaintiff in RFP No. 37.  (Doc 126-1, Exh. C at 23.)  See Oyarzo v. Tuolumne Fire District, No. 1:11-cv-01271-LJO-SAB, 2013 WL 1758798, at *9-10 (citing Soto, 162 F.R.D. at 613 and Kelly, 114 F.R.D. 653, 660-61 (N. D. Cal. 1987)); see also Randle v. Franklin, No. CV 1-08-00845-JAT, 2010 WL 3069205, at *3 (E.D. Cal. Aug. 3, 2010) ("[T]he Defendant has the burden of showing that confidentiality and safety concerns override the liberal discovery procedures outlined in Fed. R. Civ. P.  26.").  Defendant Umphenour has not made the required showing, and therefore has not properly invoked this privilege.

With respect to Defendant's objection that RFP No. 37 is vague and ambiguous, overly broad, burdensome and assumes facts not in evidence, the court disagrees and finds this RFP to contain sufficient particularity.  The documents requested are limited to those from Agent Laura Woods' investigation of the July 11, 2004 incident at issue in this case, and Woods' January 2005 interview of Plaintiff during the investigation.  Defendant's objections to the RFP do not show how the RFP assumes facts not in evidence.  Therefore, Defendant's objections on the grounds that this request is vague, ambiguous, overly broad, burdensome, and assumes facts not in evidence are overruled.

Defendant also argues that he does not have possession, custody, or control of the documents requested.  For document production requests, responding parties must produce documents which are in their "possession, custody or control."  Fed. R. Civ. P. 34(a)(1).  As discussed above, "a party need not have actual possession of documents to be deemed in control of them, [and] a party that has a legal right to obtain certain documents is deemed to have control of the documents."  Clark, 181 F.R.D. at 472.  It is this Court's experience that individual defendants who are employed by CDCR can generally obtain documents, such as the ones at issue here, from CDCR by requesting them.  If this is the case, then, based on his relationship with CDCR, defendant Umphenour has constructive control over the requested documents, and the documents must be produced.  See, e.g., Mitchell v. Adams, 2009 U.S. Dist. LEXIS 24289, * 24-25, 2009 WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (even though

defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); see also Gray v. Faulkner, 148 F.R.D. 220, 223-24 (N.D.Ind. 1992) (requiring certification that responding parties "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.")

If defendant Umphenour chooses to stand on his objection that he has no possession, custody, or control, he must provide factual support for the assertion that, in spite of his relationship to CDCR, he does not have possession, custody or control of the requested documents.  Defendant should also be mindful of the fact that he will be precluded from using the requested documents, or any documents of this kind, as evidence in support of summary judgment, in opposition to any of Plaintiff's positions, and in any way during trial.  See Fed. R. Civ. P. 37(c)(1).  Should Defendant stand on this objection and subsequently seek to use the requested documents or like documents, he must, at minimum, supplement his response, and explain the method by which he obtained the documents.  Id.  Most importantly, he will also be required to demonstrate that the prior objection was taken in good faith given that he now has and seeks to use the requested documents.  Fed. R. Civ. P. 26(e)(1).

**Ruling**

Defendant's objections to this RFP are overruled.  Defendant is required to provide a further response to Plaintiff's RFP No. 37 within thirty days from the date of service of this order, as instructed by this order.  Because Plaintiff requests only redacted documents, there should be no concerns about confidentiality or privacy.  If Defendant asserts that he has made a diligent search and no such materials exist, Plaintiff must accept this response.

///

///

> **RFP, SET FIVE, NO. 38:**

Please produce all CDCR Form 602 Inmate Appeals and any informal grievances or requests for redress filed/submitted by prisoner HAWKINS P93276, from

10/01/2003 to 01/01/2006, to include CDCR' Informal, First, Second and Third Level Responses to HAWKINS' <u>Inmate</u> <u>Appeals</u> and any additional responses to HAWKINS' informal grievances.

> **RESPONSE TO RFP, SET FIVE, NO. 38:**

Objection.  This request is duplicative of Request No. 26 in Plaintiff's Request for Production of Documents, Set Four.  The request also seeks documents not related to the incident in plaintiff's complaint and thus seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.  Further, the request is vague and ambiguous, overly broad, burdensome and assumes facts not in evidence.  The request also seeks some information that if disclosed, will violate the privacy rights of third parties.  Accordingly, no production is being made.

**<u>Discussion</u>**

Plaintiff argues that inmate Hawkins' appeals and grievances are relevant to Plaintiff's retaliation claim, because defendant Umphenour acted in retaliation against Plaintiff for reporting that he saw Officer Dunn assault inmate Hawkins.  Plaintiff argues that such information will support his allegations that retaliatory policy and custom existed, that defendants' acts were directed towards prisoners who engage in law-related activity, and that a "Code of Silence" existed among officers.

Defendant argues that such information is not relevant and would violate the privacy rights of third parties.  Defendant also argues that Plaintiff has not explained why he needs three years' worth of Hawkins' records.  Further, Defendant argues that any prejudice suffered by Plaintiff from denial of this discovery is outweighed by the prison's security interests in withholding information that contains information such as gang affiliations and may place inmate Hawkins' life at risk.

**<u>Ruling</u>**:  Plaintiff has not demonstrated, and the court does not find, that Hawkins' appeals and grievances are relevant to Plaintiff's claims against defendant Umphenour.  This case is not proceeding on claims that other prisoners were assaulted or retaliated against by

other officers.  Plaintiff has not met his burden of establishing the relevance of the documents requested in RFP No. 38, or of establishing that Defendant's objections on the grounds of relevance are not meritorious.  Therefore, Defendant Umphenour's objection against this RFP on the grounds of relevance is sustained, and Defendant is not required to provide a further response to RFP No. 38.

///

///

> **RFP, SET FIVE, NO. 39:**

Please produce all CDCR Form 115 <u>Rule</u> <u>Violation</u> <u>Reports</u>, CDCR 114-D <u>Segregation</u> <u>Orders</u>, CDCR 128-G <u>Classification</u> <u>Chronos</u> and CDCR 128-G <u>Classification</u> <u>Staff</u> <u>Representative</u> (CSR) transfer endorsements/placements for prisoner HAWKINS P93276 from 10/01/2003 to 01/01/2006.

> **RESPONSE TO RFP, SET FIVE, NO. 39:**

Objection.  This request is duplicative of Request No. 27 in Plaintiff's Request for Production of Documents, Set Four.  The request also seeks documents not related to the incident in plaintiff's complaint and thus seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence.  Further, the request is vague and ambiguous, overly broad, burdensome and assumes facts not in evidence.  The request also seeks some information that if disclosed, will violate the privacy rights of third parties.  Accordingly, no production is being made.

**Discussion**

Plaintiff argues that inmate Hawkins' records are relevant to Plaintiff's retaliation claim, because defendant Umphenour acted in retaliation against Plaintiff after Plaintiff reported that he saw Officer Dunn assault inmate Hawkins.  Plaintiff argues that such information will support his allegations that retaliatory policy and custom existed, that defendants' acts were directed towards prisoners who engage in law-related activity, and that a "Code of Silence" among officers existed.  Plaintiff also argues that Hawkins' records will

authenticate the incident between Officer Dunn and Hawkins, supporting the information in Plaintiff's declaration.

Defendant argues that such information is not relevant and would violate the privacy rights of third parties.  Defendant also argues that Plaintiff has not explained why he needs three years' worth of Hawkins' records.  Further, Defendant argues that any prejudice suffered by Plaintiff from denial of this discovery is outweighed by the prison's security interests in withholding information that contains information such as gang affiliations and may place inmate Hawkins' life at risk.

**__Ruling__**:  Plaintiff has not demonstrated, and the court does not find, that Hawkins' Rules Violation Reports, Chronos, and transfer/endorsement placements are relevant to Plaintiff's retaliation claim against defendant Umphenour.  This case is not proceeding on claims that other prisoners were assaulted or retaliated against by other officers, and the truth of Plaintiff's declaration is not at issue.  Plaintiff has not met his burden of establishing the relevance of the documents requested in RFP No. 38, or establishing that Defendant's objection on the ground of relevance is not meritorious.  Therefore, defendant Umphenour's objections to this RFP on the ground of relevance are sustained, and Defendant is not required to provide further response to RFP No. 39.

///

///

> **RFP, SET FIVE, NO. 40:**

Please kindly produce a Roster of all prisoners assigned to Dorm #1, Building 250, effective 07/11/2004.

> **RESPONSE TO RFP, SET FIVE, NO. 40:**

Objection.  This request is duplicative of Request No. 17 (erroneously labeled as No. 15) in Plaintiff's Request for Production of Documents, Set Three (erroneously labeled as Set Two).  The request is also vague and ambiguous as to the term "Roster."  The request is also overly broad, burdensome and assumes facts not in evidence.  Also, the request seeks some information that if disclosed,

will violate the privacy rights of third parties.  Further, the disclosure and dissemination of information relating to other inmates may pose a security risk to those individuals given that plaintiff is a convicted felon.  Accordingly, no production is being made.

**Discussion**

See below: **Discussion Concerning RFP Nos. 40 & 41**

///

///

> **RFP, SET FIVE, NO. 41:**

Please kindly produce photographs of all prisoners assigned to Dorm 1, effective 07/11/2004.

>     **RESPONSE TO RFP, SET FIVE, NO. 41:**

Objection.  This request is duplicative of Request No. 31 in Plaintiff's Request for Production of Documents, Set Four.  The request is also vague and ambiguous, overly broad, burdensome and assumes facts not in evidence. Further, the request seeks some information that if disclosed, will violate the privacy rights of third parties.  In addition, the disclosure and dissemination of photographs of other inmates may pose a security risk to those individuals given that plaintiff is a convicted felon.  In addition defendants are under no obligation to take photographs of custody staff in order to produce them to plaintiff. Accordingly, no production is being made.

**Discussion Concerning RFP Nos. 40 & 41**

Plaintiff argues that the Roster and photographs will enable him to identify other inmates assigned to his dorm during the incident at issue, to assist him with gathering evidence from witnesses who may know the reasons for the assault on Plaintiff, what happened to Plaintiff's property, who owns the weapon found adjacent to the dorm, and the "origin of the life/safety endangering sexual calumny."  (Motion, Doc. 122 at 8:22.)  Plaintiff asserts that he

///

has narrowed his request to the eleven inmates assigned to Dormitory 1, Facility 2, Bldg. 250 on July 11, 2004.

Defendant reasserts his objections that dissemination of the Roster and photographs requested by Plaintiff would violate privacy rights and could pose a security risk, because the photos could be used to make identification cards in order to facilitate an escape. Defendant also argues that these two requests, Nos. 40 & 41, are duplicative of two of Plaintiff's prior discovery requests. In addition, Defendant argues that it would be overly burdensome to compel him to produce photographs of the eleven inmates, because the inmates would have been moved around and their photos would have to be obtained from their current prison central files, which are likely to be located in various facilities throughout the state. Defendant also asserts that according to the incident report related to Plaintiff's assault, Plaintiff was assaulted when he was trying to purchase an inmate manufactured weapon.

The court does not find RFP Nos. 40 & 41 to be vague and ambiguous, overly broad, burdensome, or assuming facts not in evidence, but instead finds them to be concise and now narrowed to names and photos of only eleven prisoners who were housed in one particular dorm facility on one particular date. While Defendant is not obligated to produce a Roster, or list, that does not exist, Defendant has not indicated whether he made a diligent search for such a list or even inquired whether such a list would have been kept. Nor has Defendant adequately supported his argument that a Roster of the names or photos of eleven prisoners housed in the dorm on one date more than ten years ago pose a security risk to those prisoners, notwithstanding Plaintiff's status as a convicted felon and the vague possibility that the photos could be used to create identification cards and facilitate escape.

Rule 26(b) of the Federal Rules of Civil Procedure allows "[p]arties [to] obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the *identity and location of persons who know of any discoverable matter*." Fed. R. Civ. P. 16(b) (emphasis added). Thus, the Roster and photographs requested by Plaintiff are relevant to the claims in this action, and Plaintiff is entitled to discover those

items as long as they are nonprivileged.  Because Defendant has not sufficiently supported his argument that the items pose a security risk or violate privacy rights, Defendant's objections on those grounds shall be overruled.   Moreover, Defendant has not shown that the eleven prisoners' privacy rights outweigh the prejudice to Plaintiff by denial of the discovery.

**Ruling**:  Defendant's objections to RFP Nos. 40 & 41 on the grounds that they are vague and ambiguous, overly broad, burdensome, or assume facts not in evidence, or that production of the discovery would violate privacy rights and could pose a security risk, are overruled.  Defendant shall be required to make a further response to RFP Nos. 40 & 41 by producing the items requested.  Defendant is not, however, required to produce a Roster, or list, that does not exist or take photographs on Plaintiff's behalf to respond to RFP Nos. 40 & 41.  If Defendant has serious, specific privacy and security concerns about providing these documents to Plaintiff, Defendant may submit the documents to the court for *in camera* review, together with arguments setting forth his serious, specific concerns with factual support.  If Defendant asserts that he has made a diligent search and no such materials exist, Plaintiff must accept this response.

///

///

> **RFP, SET FIVE, NO. 42:**

Please kindly produce photographs of the interior of Building 250 or facsimile thereof.

> **RESPONSE TO RFP, SET FIVE, NO. 42:**

Objection.  This request is duplicative of Request No. 29 in Plaintiff's Request for Production of Documents, Set Four.  The request is also vague and ambiguous, overly broad, burdensome and assumes facts not in evidence.  The disclosure and dissemination of photographs of the interior facility buildings may pose a security risk to correctional staff and other inmates given that plaintiff is a convicted felon.  In addition, defendants are under no obligation to

///

take photographs of the buildings in order to produce them to plaintiff. Accordingly, no production is being made.

**Arguments**

Plaintiff argues that he simply requests "crime scene photographs" to assist the judge and jury at trial in "assess[ing] the veracity of defendant's alibis." (Motion, Doc. 122 at 9:10-22.) Defendant argues that the production of photos of the building to Plaintiff "may pose a security risk to correctional staff and other inmates," and "he is under no obligation to take photographs of the buildings in order to produce them to [Plaintiff]." (Opposition, Doc. 126 at 8:10-14.)

Defendant argues that dissemination of these photographs by Plaintiff could jeopardize security or cause harm to prison staff as well as other inmates.

**Ruling**

Plaintiff is entitled to photos, or a facsimile, of the specific area inside of Building 250 where he was assaulted on July 11, 2004, if such photos or facsimile exist and can be located by Defendant during a diligent search.  Therefore, Defendants shall be required to respond to this request -- as narrowed by the court to "photographs or facsimile thereof of the specific area and immediate surrounding areas of the interior of Building 250 where Plaintiff was assaulted on July 11, 2004."   However, Defendant is not required take photos on Plaintiff's behalf. Defendant shall respond by producing the discovery requested or by making an assertion that he has made a diligent search and no such materials exist.  Defendant may redact portions of photographs or facsimiles showing identifiable individuals or raising security or privacy concerns, before providing them to Plaintiff.  If Defendant asserts that he has made a diligent search and no such materials exist, Plaintiff must accept this response.

## IV.   MOTION FOR *IN CAMERA* REVIEW

Plaintiff requests the court to compel Defendant to submit all of the documents and materials responsive to RFP 34, 36, 37, 38, 39, 40, 41, and 42 to the court for *in camera* review, to determine the validity of Defendant's contention that the requested documents contain privilege information preventing disclosure.

In light of the fact that the Defendant's concerns of privilege, privacy, and confidentiality have been addressed in the rulings above, and Defendant has the option to submit documents responsive to RFP Nos. 40 & 41 to the court for *in camera* review, Plaintiff's motion for *in camera* review shall be denied as moot.

## V.      MOTION TO EXTEND DISCOVERY DEADLINE

Plaintiff also requests extension of the discovery deadline until October 1, 2014, to allow for further discovery.   The current discovery deadline, June 16, 2014, has expired.

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).   To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.   <u>Id.</u>   The court may also consider the prejudice to the party opposing the modification.   <u>Id.</u>   If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.   <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).   A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.   Fed. R. Civ. P. 16(b)(4).

Here, Plaintiff argues that in the event further discovery is needed after Defendant produces documents pursuant to Plaintiff's motion to compel, the discovery deadline should be extended.   Plaintiff also requests additional time to find counsel to assist with depositions of defendants and non-party witnesses.   Plaintiff also notes that he has requested the court to order his mental examination.   (Doc. 124.)

Defendant argues that no good cause exists for the extension of discovery, or for the court to modify the scheduling order.   Defendant asserts that Plaintiff has already had six years to seek counsel and request a mental examination, and almost three years to conduct discovery since Defendant Umphenour appeared in this case in 2001 (Doc. 44).

Defendant's arguments have merit.   Plaintiff has already had ample time to seek counsel and conduct discovery since defendant Umphenour appeared.   Moreover, because Defendant

has not yet produced documents pursuant to the motion to compel, Plaintiff's argument that he may require additional time to conduct discovery is speculative, and he cannot show at this stage of the proceedings that the current discovery deadline needs to be extended for that purpose. The court has denied Plaintiff's request for a mental examination, Doc. 127, and thus there is no need to extend the discovery deadline to allow time for such examination. Therefore, the court finds no good cause to extend the discovery deadline, and Plaintiff's motion shall be denied.

## VI.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to compel, filed on May 7, 2014, is GRANTED IN PART;

2.    Within thirty days of the date of service of this order, defendant Umphenour is required to provide further responses to Plaintiff's Request for Production of Documents, Set Five, Nos. 37, 40, 41, and 42, as instructed by this order;

3.    Plaintiff's motion for an *in camera* review, filed on May 22, 2014, is DENIED as moot; and

4.    Plaintiff's motion to extend the discovery deadline in this action, filed on May 22, 2014, is DENIED.


IT IS SO ORDERED.

Dated:   **August 6, 2014**                          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE