UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>            Plaintiff,<br><br>     vs.<br><br>N. GRANNIS, et al.,<br><br>            Defendants. | 1:08-cv-01655-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE EVIDENCE (Doc. 141.)<br><br>ORDER REOPENING DISCOVERY, FOR LIMITED PURPOSE DESCRIBED IN THIS ORDER<br><br>ORDER HOLDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN ABEYANCE (Doc. 138.)<br><br>ORDER FOR CLERK TO SEND COPY OF AMENDED DISCOVERY ORDER OF OCTOBER 21, 2013 TO PLAINTIFF AND DEFENDANTS (Doc. 109.)<br><br>**New Discovery Deadline – 01-30-2015** |

**I.     BACKGROUND**

Louis Branch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 7, 2008. (Doc. 1.) This action now proceeds on the Third Amended Complaint, filed by Plaintiff on July 10, 2013, against defendants Umphenour, Szalai, and Alvarez ("Defendants") for deliberate indifference to a serious risk to Plaintiff's safety in violation of the Eighth Amendment, and against defendant Umphenour for retaliation in violation of the First Amendment. (Doc. 94.)

On October 21, 2013 and February 21, 2014, the court issued Scheduling Orders establishing pretrial deadlines, including a deadline of June 21, 2014 to complete discovery, and a deadline of September 2, 2014 for the filing of pretrial dispositive motions. (Docs. 109, 120.) The deadlines have now expired. On September 2, 2014, Defendants filed a motion for summary judgment, which is pending. (Doc. 138.) On September 29, 2014, Plaintiff filed an opposition to the motion for summary judgment. (Doc. 142.) On October 6, 2014, Defendants filed a reply. (Doc. 145.)

On September 17, 2014, Plaintiff filed a motion to prohibit the use of defendant Umphenour's supplemental discovery responses as evidence in support of any motion, hearing, or trial. (Doc. 141.) Plaintiff's motion to exclude evidence is now before the court.

## II.   MOTION TO EXCLUDE EVIDENCE UNDER RULE 37(c)

### A.   Legal Standards

Rule 26(e) of the Federal Rules of Civil Procedure requires a party who has responded to a request for production of documents to supplement its response "in a timely manner if the party learns that in some material respect . . . the response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c) provides that if a party fails to provide information as required by Rule 26(e), "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ P. 37(c)(1). The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified. R & R Sails, Inc. v. Insurance Co. of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir. 2012). To determine whether the introduction of evidence should be precluded pursuant to Rule 37, the Court considers: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." Goold v. Hilton Worldwide, 1:13-CV-00438-JLT 2014, WL 4629083 (E.D.Cal.,

Sept. 15, 2014) (quoting <u>San Francisco Baykeeper v. West Bay Sanitary Dist.</u>, 791 F.Supp.2d 719, 733 (N.D.Cal. 2011) (quoting <u>Dey. L.P. v. Ivax Pharms., Inc.</u>, 233 F.R.D. 567, 571 (C.D.Cal. 2005))).

### B. **Parties' Arguments**

Plaintiff seeks an order pursuant to Rule 37(c)(1) excluding the use of two General Chronos[1] by defendants Szalai and Alvarez, each dated 7/11/2004, as evidence in support of any motion, hearing, or trial. Plaintiff argues that the Chronos were not timely disclosed, in violation of Rule 26(e). Plaintiff asserts that on August 15, 2014, defendant Umphenour served copies of the Chronos upon Plaintiff as supplemental responses to Plaintiff's Request for Production of Documents, fifty-five days after the discovery deadline of June 21, 2014 had expired. Plaintiff argues that defendant Umphenour "wilfully concealed and/or antedated [the Chronos] in violation of Rule 26(e)(1) and Cal. Penal Code § 134." (Motion, Doc. 141 at 2 ¶II.) Plaintiff claims that he was prejudiced by this late supplementation because he was prevented from conducting discovery to determine "the integrity of the '7/11/04 General Chronos' and the veracity of the information contained therein." (Motion, Doc. 141 at 3 ¶IV.) Plaintiff has submitted copies of defendant Umphenour's Supplemental Responses dated August 15, 2014, which include copies of the Chronos. (Exhibit to Motion, Doc. 141 at 6-11.) Plaintiff requests a court order excluding the information contained in the 7/11/04 General Chronos from any motion, hearing or trial.

In opposition, Defendants argue that the supplemental production was made in a timely manner, and that Plaintiff has always had access to the Chronos, as they were in his prison central file. Defendants provide evidence that on or about May 17, 2013, defendant Umphenour responded to Plaintiff's second set of Requests for Production, producing 400 pages of responsive documents. (Declaration of Martin Kosla ("Kosla Decl."), Doc. 146-1 at 2 ¶6.) On or about October 31, 2013, after defendants Szalai and Alvarez were added as

---

[1] A "Chrono" is a collection of notes taken by prison officials. See <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1205 n.1. (9th Cir. 2012).

defendants, Counsel for Defendants, Martin Kosla ("Counsel"), filed a notice of appearance on their behalf.  (Kosla Decl. at 2 ¶7.)  Discovery closed on June 21, 2014.  (Id. at 2 ¶8; Doc. 109.) In early August 2014, during the preparation of Defendants' motion for summary judgment, the two General Chronos (CDC-128 B) written by defendants Alvarez and Szalai were discovered in Plaintiff's prison central file.  (Id. at 2 ¶9.)  These documents did not form part of the Incident Report produced by defendant Umphenour in response to Plaintiff's first set of requests for production in December 2011. (Id. at 2 ¶¶4, 9.)  Counsel determined that the General Chronos were responsive to Plaintiff's second set of requests for production of documents to defendant Umphenour.  (Id. at 2 ¶9.)  On or about August 15, 2014, Counsel caused to be served defendant Umphenour's supplemental responses to Plaintiff's second set of Requests for Production, including the two General Chronos.  (Id. at 2-3 ¶10.)  Defendants filed their motion for summary judgment on September 2, 2014, attaching the General Chronos to their appendix of evidence.  (Id. at 3 ¶11.)

Defendants argue that the two General Chronos were known to Plaintiff, because he would have received a copy of them, and they would have been placed in his prison central file, which he has admitted he is able to search with ease.  (Id. at 3 ¶12; see Plaintiff's Opposition, Doc. 143 at 6; Plaintiff's Opposition, Doc. 142 at 10.)  Thus, Defendants conclude that Plaintiff cannot argue that Defendants "concealed" the General Chronos from him or that he has been unfairly surprised by the documents.

In reply, Plaintiff argues that defendant Umphenour's untimely supplementation was not "substantially justified" or "harmless."  Plaintiff argues that defendant Umphenour's excuses for failing to timely supplement the discovery are disingenuous, because the General Chronos are dated July 11, 2004 and thus defendants Alvarez and Szalai were aware of Plaintiff's allegations [in the complaint] well before the court's Discovery Scheduling Order of October 21, 2013, and the June 21, 2014 discovery deadline.  (Reply, Doc. 148 at 2-3.) Plaintiff argues that the supplementation was not harmless, because the General Chronos ostensibly provide defendants Alvarez and Szalai with an alibi for failing to protect Plaintiff from an attempted murder.

Plaintiff argues that he did not have access to the General Chronos before defendant Umphenour served the supplemental responses, because the 7/11/2004 Incident Report was not in his central files in August 2010 when he began a diligent search for the proper names of defendants Alvarez and Szalai. Plaintiff asserts that the prison's Records Analysts reported that they looked through all nine of Plaintiff's central files and could not find the Incident Report in any of them. (Exhibit A to Reply, Doc. 148 at 7.) Plaintiff argues that Defendants' allegation that the General Chronos were in Plaintiff's case records, and that their dilatory supplementation was not a concealed attempt to surprise Plaintiff on the eve of summary judgment, are not supported by the facts.

Plaintiff also argues that the General Chronos should be excluded as inadmissible hearsay because defendants Szalai and Alvarez did not sign them.

**C.    Discussion**

Plaintiff's complaint arises, in part, from allegations that he was attacked and seriously injured at Avenal State Prison on July 11, 2004, while defendants Umphenour, Alvarez, and Szalai stood by and watched without intervening, in violation of the Eighth Amendment. Plaintiff now seeks to exclude as evidence discovery documents, two General Chronos dated July 11, 2004, written reports by defendants Alvarez and Szalai of their accounts of the July 11, 2004 incident. Neither defendant reports, in the Chronos, having witnessed the attack on Plaintiff. (Doc. 141 at 10-11.) Both defendants report that defendant Umphenour paged Plaintiff over the Public Address System to report to the Officer's Podium, and when they saw Plaintiff approach the podium, they noticed Plaintiff was bleeding, after which another officer escorted Plaintiff away in handcuffs. (Id.)

Defendants admit that the two General Chronos were produced long after the discovery deadline but explain that they were not discovered until August 2014 when they were preparing their motion for summary judgment, at which time Counsel realized that additional documents existed. The court finds it unclear from the evidence whether Plaintiff had access to the General Chronos before he received them from defendant Umphenour. Plaintiff argues that he did not have access, providing evidence that the related 7/11/2004 Incident Report was not

found in his central file in August 2010, but Defendants assert that the General Chronos were not part of the Incident Report but were kept in Plaintiff's central file which is readily available to him. Nonetheless, Plaintiff asserts that he never saw the General Chronos before they were provided to him on August 15, 2014. Thus, even if the documents were available to Plaintiff, it appears that he was not aware of them.

The court finds defendant Umphenour's supplementation to be untimely, not merely because it was served long after discovery had closed,[2] but because Plaintiff was served with copies of the General Chronos only two weeks before Defendants filed their motion for summary judgment using them as evidence against him. Defendants' assertion that Plaintiff has ready access to his central files is not supported by Plaintiff's account of his attempts to obtain a copy of the Incident Report from his files by submitting written requests, after which prison officials searched through nine files for him. There is no evidence that Plaintiff can readily gain access to his central files and search through the nine files himself by making a request.

The burden now shifts to Defendants to show that their failure to disclose "was substantially justified or is harmless." Fed. R. Civ P. 37(c)(1). Counsel for Defendants has declared under penalty of perjury that he did not discover the two General Chronos in Plaintiff's central file until early August 2014, during the preparation of Defendants' motion for summary judgment, and that he served them upon Plaintiff when he determined that the Chronos were responsive to Plaintiff's second set of Requests for Production of Documents. (Kosla Decl. at 2-3 ¶¶9-10.)

///

---

[2] The time for supplementation is not limited to the discovery period. Burger v. Excel Contractors, Inc., No. 2:12-CR-01634-APG-CW, 2013 WL 5781724, at *3 (D. Nev. Oct. 25, 2013) (citing see Fed. R. Civ. P. 26(e)(2); Dayton Valley Investors v. Union Pacific R. Co., 2010 WL 3829219 (D. Nev.) (citation omitted); see also Advisory Comm. Notes to 1993 Amendments ("Supplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." In the context of supplementing an expert report, "[a]ny additions or changes ... must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.")

The court finds that Plaintiff was unaware of the two General Chronos before they were served upon him by Defendants on August 15, 2014.  The court also finds that Defendant Umphenour served the supplemental response upon Plaintiff as soon as he realized the Chronos existed and determined they were responsive to Plaintiff's Requests.  The General Chronos are important evidence because they appear to be reports made by defendants Alvarez and Szalai directly after the incident at issue in this case, providing evidence that neither defendant witnessed the attack on Plaintiff or saw Plaintiff until the attack was over.  (Doc. 141 at 10-11.)  This information is important to both parties because it differs from Plaintiff's account of the assault at issue in this case.  Plaintiff has primarily objected to the untimeliness of the supplementation because by the time he received the General Chronos, the discovery deadline had expired, and he had no opportunity to conduct discovery to challenge the authenticity of the General Chronos.  This objection can be resolved by allowing Plaintiff an opportunity at this stage of the proceedings to conduct further discovery concerning the Chronos.  Based on the evidence presented, the court finds that defendant Umphenour's untimely supplementation was substantially justified and harmless.  Therefore, Plaintiff's motion to exclude evidence under Rule 37(c) shall be denied.

The Court shall permit Plaintiff time to conduct additional discovery to cure any prejudice from the late supplementation.  Discovery shall be reopened until January 30, 2015, limited to Plaintiff's discovery requests concerning the two General Chronos dated July 11, 2004.  The parties must comply with all applicable discovery rules, including those provided in the amended discovery order of October 21, 2013.  (Doc. 109.)  A copy of the amended discovery order shall be sent to the parties for the purpose of reviewing the discovery rules therein.

Defendants' pending motion for summary judgment, filed on September 2, 2014, shall be held in abeyance until the new discovery deadline expires.  Plaintiff shall file an amended opposition to Defendants' motion for summary judgment, within thirty days of the date of expiration of the new discovery deadline.  Plaintiff's amended opposition shall be complete in itself, shall not refer back to Plaintiff's prior opposition, and shall supercede the prior

opposition. Defendants' reply to the amended opposition, if any, shall be due within ten days of the date of filing of the amended opposition.

### III. HEARSAY OBJECTION

Plaintiff also objects to the two General Chronos of July 11, 2004 as hearsay, because they are not signed by defendants Alvarez and Szalai. This objection is more properly brought in Plaintiff's amended opposition to the motion for summary judgment. Therefore, the court shall not rule on Plaintiff's hearsay objection at this stage of the proceedings.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to exclude evidence pursuant to Rule 37(c) is DENIED;
2. Discovery is now reopened, for the limited purpose described in this order;
3. The new deadline for the completion of this limited discovery, including filing of motions to compel, is January 30, 2015;
4. Defendants' motion for summary judgment, filed on September 2, 2014, is held in abeyance until the new discovery deadline has expired;
5. Plaintiff shall file an amended opposition to Defendants' motion for summary judgment, as instructed by this order, within thirty days of the expiration of the new discovery deadline;
6. Plaintiff's hearsay objection is more properly brought in his amended opposition to Defendants' motion for summary judgment; and
7. The Clerk is directed to send a copy of the court's amended discovery order of October 21, 2013 to Plaintiff and Defendants (Doc. 109).

IT IS SO ORDERED.

Dated:   **November 6, 2014**               **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE