UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>        Plaintiff,<br><br>   vs.<br><br>N. GRANNIS, et al.,<br><br>        Defendants. | 1:08-cv-01655-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 153.) |

### I.  BACKGROUND

Louis Branch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 7, 2008. (Doc. 1.) This action now proceeds on the Third Amended Complaint, filed by Plaintiff on July 10, 2013, against defendants Umphenour, Szalai, and Alvarez ("Defendants") for deliberate indifference to a serious risk to Plaintiff's safety in violation of the Eighth Amendment, and against defendant Umphenour for retaliation in violation of the First Amendment. (Doc. 94.)

On November 14, 2014, Plaintiff filed an objection to the court's order striking Plaintiff's surreply, issued on October 30, 2014. (Doc. 149.) The court construes Plaintiff's objections as a motion for reconsideration of the court's October 30, 2014 order.

### II.  MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff argues that his surreply should not have been stricken, because he was replying to a new argument made by Defendants in their reply.[1] Plaintiff asserts that

---

[1] On September 2, 2014, Defendants filed a motion for summary judgment. (Doc. 138.) Plaintiff filed an opposition to the motion on September 29, 2014. (Doc. 142.) On October 6, 2014, Defendants filed a reply to Plaintiff's opposition. (Doc. 145.) On October 27, 2014, Plaintiff filed a surreply titled "Objection to Defendants' Reply to Plaintiff's Summary Judgment Opposition." (Doc. 147.) On October 30, 2014, the court issued an order striking Plaintiff's surreply. (Doc. 149.)

Defendants raised the issue of the untimeliness of Plaintiff's exhaustion of administrative remedies, which is a new argument not addressed in their reply to Plaintiff's opposition.

Plaintiff's argument is not persuasive. Plaintiff did not make any argument addressing the court's reason for striking the surreply, which was that "[t]he Court neither requested a surreply nor granted a request on behalf of Plaintiff to file one." (Order, Doc. 149 at 2:14-16.) Moreover, Plaintiff's surreply was not limited to the untimeliness issue. Plaintiff has not presented facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on November 14, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **April 3, 2015**                   **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE