UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>              Plaintiff,<br><br>       vs.<br><br>D. UMPHENOUR, et al.,<br><br>              Defendants. | 1:08-cv-01655-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>(Doc. 154.) |

**I.   BACKGROUND**

Louis Branch ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 7, 2008. (Doc. 1.) This action now proceeds on the Third Amended Complaint, filed by Plaintiff on July 10, 2013, against defendants Umphenour, Szalai, and Alvarez ("Defendants") for deliberate indifference to a serious risk to Plaintiff's safety in violation of the Eighth Amendment, and against defendant Umphenour for retaliation in violation of the First Amendment. (Doc. 94.)

On October 21, 2013, and February 21, 2014, the Court issued Scheduling Orders establishing a deadline of June 21, 2014, for the parties to complete discovery, including the filing of motions to compel. (Docs. 109, 120.) On November 7, 2014, the Court reopened discovery, for limited purpose, until January 30, 2015. (Doc. 151.) The discovery deadlines have now expired.

On January 29, 2015, Plaintiff filed a motion to compel interrogatory responses. (Doc. 154.) On February 19, 2015, Defendants filed an opposition to the motion to compel. (Doc. 159.) On March 5, 2015, Plaintiff filed a reply to the opposition. (Doc. 163.)

Plaintiff's motion to compel is now before the court.

## II. PLAINTIFF'S ALLEGATIONS[1]

At the time of the events at issue, Plaintiff was incarcerated at Avenal State Prison (ASP) in Avenal, California, and Defendants were employed as correctional officers at ASP.

In June 2004, Plaintiff submitted a sworn declaration that he had witnessed an inmate being battered and assaulted by an ASP Officer. (Third ACP, Doc. 94 at 9 ¶20.) Defendant Umphenour confronted Plaintiff and said he "would be 'dealt with' for submitting 'a false declaration against an officer.'" (Id. at 9 ¶21.) Immediately thereafter, ASP officials caused Plaintiff to be transferred within the prison five times in two weeks "amid the calumny and obloquy that [p]laintiff was a 'snitch' and a 'baby raper.'" (Id. at 9 ¶22.) Each of Plaintiff's verbal and written pleas resulted in Plaintiff being transferred to another facility or building. (Id. at 9 ¶23.)

After Plaintiff was transferred to Building 250 he was stabbed four times, bludgeoned about the head, and beaten to semi-consciousness while defendants Umphenour, Szalai, and Alvarez watched without intervening. (Id. at 9-10 ¶25.) Plaintiff was hospitalized and then placed in segregation. (Id. at 10 ¶26.)

///

///

---

[1] This summary includes Plaintiff's allegations against defendants Umphenour, Szalai, and Alvarez in the Third Amended Complaint upon which this action now proceeds.

### III. APPLICABLE LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

With respect to interrogatories, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P., 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D.Cal. Dec. 21, 2011). The moving party also bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Plaintiff is entitled to leniency as a pro se litigator; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672

F.3d 606, 616 (9th Cir. 2012), Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005), Hallett, 296 F.3d at 751.

### A. Plaintiff's Motion To Compel

Plaintiff asserts that "[i]n accordance with the court's extension of the discovery deadline to 01/30/2015, plaintiff submitted 18 Interrogatories (see Appendix J, Interrogatory Requests & Responses)." (Motion to Compel, Doc. 154 at 2:24-25.)  Plaintiff argues that Defendants' answers to Interrogatory Requests Nos. 1 and 2 are evasive and incomplete because Defendants "fail and refuse to identify the person who signed the General Chronos defendants submitted as evidence to create a genuine issue of material fact (defendants' alibi whereabouts during the attempted murder of plaintiff)." (Id. at 3:1-4.)  Plaintiff argues that "defendants' answers willfully misconstrue the request for 'INFORMATION' with 'General Chrono', to evade plaintiff's Interrogatory Requests Nos. 7-16." (Id. at 3:8-10.)   Plaintiff also argues that "defendants' answers to Interrogatories #7 and #16, ('Normally, General Chronos are not reported to CDCR Headquarters.' and 'Typically a General Chrono would not be attached to an incident report') are certifiably disingenuous [because] CDCR Policy established in their Operations Manual §51030.4.1 requires 'all' and 'any' 'INFORMATION' relating to an incident to be forwarded to the Central Office (Headquarters) using the AOD 837 Log Number (ASP FA2 04 07 0160) that is designated for plaintiff's incident." (Id. at 3:14-20.). Finally, Plaintiff argues that Defendants inappropriately invoke an attorney-client privilege as the reason for not providing an answer to Interrogatories #17 and #18.  Plaintiff requests the court to compel further Responses to Interrogatories Nos. 1, 2, and 7-18.

Defendants oppose Plaintiff's motion on the ground that they properly responded and/or objected to Plaintiff's first set of interrogatories to Officers Szalai and Alvarez.

### B. Discussion

Plaintiff has not met his burden of informing the court, for *each* disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Plaintiff fails to inform the court to whom he propounded the Interrogatories, and he has not submitted copies of the Interrogatories and Responses at issue.  Plaintiff refers to

"Appendix J, Interrogatory Requests and Responses," but no attachments, appendices, or copies of the Interrogatories and Responses were submitted in support of the motion to compel. (Motion at 2:24-25.) The parties' pleadings, in themselves, do not offer sufficient information for the court to fairly resolve Plaintiff's motion to compel on the merits.[2] Therefore, Plaintiff's motion to compel must be denied.

## VI.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel, filed on January 29, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **May 16, 2015**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

---

[2] In their opposition, Defendants identify the discovery at issue as their Responses to Plaintiff's "first set of interrogatories to Officers Szalai and Alvarez," asserting that Plaintiff seeks the name and title of the third-party who signed certain General Chronos; whether the information contained in the General Chronos was reported to various third parties; and information pertaining to why defendants failed to inform defense counsel of the existence of the General Chronos. Defendants refer individually to several of the Interrogatories and Responses at issue; however, they have not reproduced them or submitted copies of them.