UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>D. UMPHENOUR, et al.,<br><br>　　　　Defendants | Case No. 1:08 cv 01655 AWI GSA PC<br><br>FINDINGS AND RECOMMENDATION RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF NO. 138)<br><br><br>OBJECTIONS DUE IN THIRTY DAYS |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Pending before the Court is Defendants' motion for summary judgment.  Plaintiff has opposed the motion.[1]

**I.　　Procedural History**

　　　　This action proceeds on the July 10, 2013, third amended complaint.  Plaintiff is proceeding against Defendants Szalai, Alvarez and Umphenour for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment and against Defendant Umphenour for retaliation in violation of the First Amendment.  Discovery is complete, and Defendants have moved for summary judgment on the ground that Plaintiff has failed to exhaust his available

---

[1] Defendants' motion for summary judgment was filed on June 29, 2012.  Along with their motion Defendants served Plaintiff with the summary judgment notice required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

1

administrative remedies prior to filing suit and that the undisputed facts establish that Defendants did not violate the First or Eighth Amendment.

## II. <u>Allegations</u>

In August of 2002, at San Quentin State Prison, an investigation was initiated based on Plaintiff's allegations that the California Department of Corrections and Rehabilitation (CDCR) had a policy of retaliation against him for exercising his rights. In November 2002, at Avenal State Prison, Plaintiff was interviewed as part of the investigation and immediately afterward was subjected to retaliatory conduct by the filing of fraudulent reports, denial of access to the law library, physical abuse, and unlawful confiscation of his property.

In May 2003, Plaintiff was transferred to the California Training Facility at Soledad, where a known enemy of Plaintiff's was housed. Plaintiff was accused of "being a jail-house lawyer and a s**t-stirring trouble maker who had worn out [his] welcome at Avenal." Upon arriving at Soledad, Plaintiff requested that he be transferred to San Quentin or to the California Men's Facility at Vacaville so he could be close to his sole surviving family member. Plaintiff's pending habeas corpus petition in Monterey County resulted in his transfer to Folsom State Prison.

When Plaintiff arrived at Folsom in January 2004, he requested to be transferred to San Quentin and the request was granted. However, his assigned counselor forged a signature to have the transfer denied. Plaintiff filed a citizen's complaint. In April 2004, Plaintiff's assigned counselor retaliated against Plaintiff by arranging for him to be transferred to Avenal, in violation of the emergency transfer protocol.

In June 2004, Plaintiff submitted a sworn declaration that he had witnessed an inmate being battered and assaulted by an officer at Avenal. Defendant Umphenour confronted Plaintiff and said he "would be dealt 'with' for submitting 'a false declaration against an officer.'" Immediately thereafter, Avenal officials caused Plaintiff to be transferred within the prison five times in two weeks "amid the calumny and obloquy that [p]laintiff was a 'snitch' and a 'baby raper.'" Each of Plaintiff's verbal and written pleas resulted in Plaintiff being transferred to

another facility or building. These transfers "virtually guaranteed" that Plaintiff's grievances would not be responded to because they would be lost, forgotten, misplaced, or not investigated due to being re-routed. After being transferred to Building 250, Plaintiff was stabbed four times, bludgeoned about the head and beaten to semi-consciousness while Defendants Umphenour, Szalai and Alvarez watched without intervening. Plaintiff was then hospitalized and placed in segregation.

### III.     Summary Judgment

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a). Albino v. Baca, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc). Following the decision in Albino, defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[2] or (2) a motion for summary judgment under Rule 56. Id. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted.") A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including

---

[2] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint." Albino, 747 F.3d at 1162.

3

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The Court may consider other materials in the record not cited to by the parties, but is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).  In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party."  Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).  The Court must liberally construe Plaintiff's filings because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."  Albino, 747 F.3d at 1172.  If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  Id.  The ultimate burden of proof remains with defendants, however.  Id.  "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."  Id. at 1166.

The Court takes judicial notice of the fact that the State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  Cal.Code Regs. tit. 15 § 3084.1(a).  The process is initiated by submitting a CDCR Form 602.  Id. at § 3084.2(a).

4

At the time of the events giving rise to the present action, California prisoners were required to submit appeals within fifteen working days of the event being appealed, and the process was initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c) (2009). Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level. Id. at § 3084.5 (2009). A final decision at the third level[3] of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). Id. at § 3084.5(d); see Lira v. Herrera, 427 F.3d 1164, 1166 (9th Cir. 2005). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants support their motion with the declarations of R. Briggs, K. Donaldson, V. Estrella and exhibits attached thereto. Regarding Plaintiff's allegations, Defendant Briggs, the Chief of the Office of Appeals, declares as follows.[4]

> At the request of defendants' counsel, I have completed a search in the IATS database to determine whether plaintiff inmate LOUIS BRANCH (CDCR No. B17786) ("inmate Branch") exhausted his administrative remedies prior to filing his lawsuit. In the lawsuit, inmate Branch alleges, among other things, that defendants Officers D. Umphenour, L. Szalai and J. Alvarez (collectively "defendants") were deliberately indifferent to Branch's safety when he was being assaulted by other inmates at Avenal State Prison on July 11, 2004 after being labeled a "snitch" and "baby rapist." Inmate Branch also alleges that Officer Umphenour retaliated against inmate Branch for allegedly submitting a declaration in support of another inmate's grievance.
>
> A thorough search by my staff of the IATS database revealed that inmate Branch has not had an appeal decided by the Office of Appeals at the Third Level of review relating to the above allegations. A true and accurate copy of the IATS database report entitled "Inmate/Parolee Appeals Tracking System – Level II" for inmate Branch is attached to this declaration as Exhibit 1.

---

[3] The third level is sometimes known as the Director's level.
[4] Briggs references the Inmate Appeals Tracking System (IATS) database.

> Inmate Branch's claim regarding the July 11, 2004 assault and alleged retaliation are contained in Appeal No. ASP-M-04-02265 dated September 8, 2004. However, inmate Branch failed to pursue that appeal after he received a Second Level decision. As such, because Branch never submitted a Third Level appeal the Office of Appeals never issued a Third Level decision with respect to the allegations concerning the July 11, 2004 assault and alleged retaliation. True and correct copies of the appeal documents (Appeal No. ASP-M-04-02265) that were submitted to the Office of Appeals for review for the purpose of this lawsuit are attached hereto as Exhibit 2.
>
> The only appeal accepted and decided by the Office of Appeals in which inmate Branch made a reference to a July 11, 2004 incident is Appeal No. ASP-M-04-01272. This appeal was submitted for First Level review on or about June 4, 2004, prior to the July 11, 2014 incident. When it was submitted for First Level Review, the appeal concerned the alleged failure by prison staff to adhere to "classification procedures and goals" and inmate Branch's allegedly inappropriate transfer to another facility. When inmate Branch subsequently submitted the appeal to the Office of Appeals for Third Level review on or about November 16, 2004, he claimed that Avenal State Prison "took reprisals" for the original June 4, 2004 appeal by arranging to have inmate Branch assaulted on July 11, 2004. The Office of Appeals appropriately issued a Third Level response addressing only the claims made in the original appeal (dated June 4, 4004), which concerned allegedly inappropriate classifications and transfers. True and correct copies of the decision issued by the Office of Appeals and inmate Branch's Third Level appeal (CDCR 602) form are attached hereto as Exhibit 3.
>
> Accordingly, inmate Branch has not had an appeal decided by the Office of Appeals at the Third Level of review relating to the above-mentioned allegations concerning defendants.

(Briggs Decl. ¶¶ 10-14).

The declaration of K. Donaldson, the Appeals Coordinator at Avenal State Prison, establishes the following:

> I am informed that plaintiff inmate LOUIS BRANCH (CDCR No. B17786)("inmate Branch") alleges in this lawsuit that defendants Officers D. Umphenour, L. Szalai and J. Alvarez (collectively "defendants") were deliberately indifferent to Branch's safety when he was assaulted by other inmates at Avenal State Prison on July 11, 2004 after being labeled a "snitch" and "baby rapist." Inmate Branch also alleges that Officer Umphenour retaliated against plaintiff for his allegedly

> submitting a declaration in support of another inmate's grievance.
>
> To the best of my knowledge, and based on the appeal records which I have reviewed, inmate Branch has not had any Avenal State Prison appeals decided at the third level concerning the above allegations. A true and accurate copy of Avenal State Prison's Inmate Appeals Tracking System database report entitled "Inmate/Parolee Appeals Tracking System – Levels I & II" for inmate Branch is at attached to this declaration as Exhibit 1.
>
> In particular, inmate Branch's claims regarding the July 11, 2004 assault and alleged retaliation are contained in Appeal No. ASP-M-04-02265 dated September 8, 2004, which he submitted at Avenal State Prison. However, according to the records, inmate Branch did not pursue that appeal after he received a second level decision. True and correct copies of inmate Branch's appeal documents regarding this appeal are attached hereto as Exhibit 2.
>
> According to the appeals records, the only appeal accepted and decided by the Office of Appeals in which inmate Branch made a reference to a July 11, 2004 incident is Appeal no. ASP-M-04-01272. This appeal was submitted for first level review at Avenal State Prison on or about June 4, 2004, prior to the July 11, 2004 incident. When it was submitted for first level review at Avenal State Prison, the appeal concerned the alleged failure by prison staff to adhere to "classification procedures and goals" and inmate Branch's allegedly inappropriate transfer to another facility. When inmate Branch subsequently submitted the appeal to the Office of Appeals for Third Level review on or about November 16, 2004, he claimed that Avenal State Prison "took reprisals" for the original June 4, 2004 appeal by arranging to have inmate Branch assaulted on July 11, 2004. The Office of Appeals issued a Third Level response addressing only the claims made in the original appeal (dated June 4, 2004), which concerned allegedly inappropriate classification and transfers. True and correct copies of the appeal documents regarding this appeal are attached hereto as Exhibit 3.
>
> Accordingly, to the best of my knowledge, inmate Branch has not had any Avenal State Prison appeals decided at the third level of review relating to the above-mentioned allegations concerning defendants.

(Donaldson Decl. ¶¶ 6-10).

Defendants submit the declaration of V. Estrella, the Appeals Coordinator as CSP Solano where Plaintiff is currently housed. This declaration establishes that Plaintiff, while

7

housed at CSP Solano, has not submitted any appeals regarding Plaintiff's allegations of deliberate indifference by Defendants Umphenour, Szalai and Alvarez, or any appeals regarding retaliation by Defendant Umphenour for Plaintiff's declaration in support of another inmate's grievance. (Estrella Decl. ¶¶ 7,8).

Defendants' evidence establishes that although Plaintiff filed Appeal No. ASP-M-04-02265 regarding the July 11, 2004 assault and alleged retaliation, he failed to pursue that appeal to a third level decision. Defendants' evidence establishes that although Plaintiff referred to the July 11, 2004 assault in Appeal No. ASP-M-04-01272, he did not do so when he submitted the grievance for first level review. The Office of Appeals therefore issued a third level decision addressing only the claims made in the original June 4, 2004, appeal. Further, Defendants' evidence establishes that Plaintiff filed Appeal No. ASP-M-04-01272 on June 4, 2004, prior to the conduct at issue in this lawsuit. The Court finds that Defendants have met their burden on summary judgment. Defendants have come forward with evidence that establishes, without dispute, that Plaintiff failed to exhaust his administrative remedies regarding the conduct at issue in this lawsuit. The burden shifts to Plaintiff to come forward with evidence that establishes a triable issue of fact as to whether he exhausted his available administrative remedies prior to filing suit.

Regarding Appeal No. ASP-M-04-02265, Plaintiff argues that on January 24, 2005, he received the second level response and on February 23, 2005, he submitted it to the Inmate Appeals Branch for third level review. On May 25, 2005, the Inmate Appeals Branch responded to Appeal No. ASP-M-04-02265. Plaintiff refers the Court to his Appendix A, Exhibit 28. Plaintiff argues that "it is both extremely implausible and certainly unreasonable that defendants' and their counsel were ignorant of Ninth Circuit case law affirming and holding that remedies were exhausted when appeal ASM M 04 02265 was classified as a staff complaint." Plaintiff cites Chatman v. Medina, 2014 WL 1155565 *14 (E.D. Cal. March 21, 2014) and Brown v. Valoff, 422 F.3d 926, 939 (9th Cir. 2005).

Chatman stands for the proposition that the purpose of the grievance process is to provide prison officials enough notice to take appropriate action. Defendants do not argue that they were not on notice of the assault and retaliation, but that Plaintiff did not exhaust that grievance at the third level of review. Brown holds that the obligation to exhaust "available" remedies persists as long as some remedy remains available. Plaintiff does not argue why these cases in fact support his opposition. To the extent that Plaintiff is arguing that a remedy was unavailable, his own exhibits belie such a claim. Plaintiff's Exhibit 28 is a letter from the Inmate Appeals Branch, dated May 25, 2005. However, the letter is a rejection letter because Plaintiff failed to "submit the appeal within 15 working days of the event of decision being appealed, or of receiving a lower level decision in accordance with CCR 3084.6(c)." As Defendants note in their reply, Plaintiff admits that he received the second level response on January 24, 2005, but admits he did not submit his third level appeal until February 23, 2005, making the appeal untimely.

Defendants correctly argue that, unlike Brown, Plaintiff's case falls under the reasoning of Cunningham v. Ramos, 2011 WL 3419503 (N.D. Cal. Aug. 4, 2011), which distinguishes Brown on the grounds that in this case, the response to Plaintiff's grievance advised Plaintiff of the availability of administrative remedies of which he did not avail himself. In Brown, the response contained no language indicating that Plaintiff could appeal to the third level of review. Plaintiff's Exhibit 28, the response at the second level to Appeal No. ASP-M-04-02265, advises Plaintiff that "[I]f you are dissatisfied with this decision, you may complete Section 'H' of your appeal and forward it to:  Director of Corrections, P.O. Box 942883, Sacramento, California, 94283-0001, Attn: Chief, Inmate Appeals."

## IV. Conclusion

Defendants have come forward with evidence establishing the lack of a triable issue of fact as to whether Plaintiff has exhausted his available administrative remedies prior to filing suit. Plaintiff argues that he has exhausted his administrative remedies, but fails to come forward with any competent evidence establishing that he has exhausted his failure to protect or retaliation claims against any of the defendants. The exhibits attached to Plaintiff's opposition indicate that

9

he filed a grievance regarding his claims, but he did not timely file the grievance to the third level of review.  Judgment should therefore be entered in favor of Defendants.

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment be granted, and this action be dismissed for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1394(9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 12, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE