# THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH, ) | 1:08-cv-01655 AWI GSA PC |
| ) | |
| Plaintiff, ) | ORDER RE MOTION TO STRIKE |
| ) | (ECF NO. 156) |
| v. ) | |
| ) | |
| N. GRANNIS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion to strike. Defendants have opposed the motion.

In his motion, Plaintiff seeks to strike certain exhibits from Defendants' motion for summary judgment.  Plaintiff challenges the admissibility of documents (General Chronos) on the ground that they are unauthenticated and that they were not in his central file.  Plaintiff also seeks to strike responses in Defendant Umphenour's responses to his interrogatory as hearsay. Plaintiff also seeks to strike Defendant Alvarez and Szalai's declaration because they refer to "hearsay chronos."

As to the General Chronos, Officers Alvarez and Szalai have testified that they submitted their handwritten drafts of their General Chronos to the Support Office for typing.  Defendants have submitted a declaration to this effect.  Further, Defendants have submitted sworn declarations which contain information that is consistent with the General Chronos, and they have testified that those were their General Chronos.  (Alvarez Decl., Szalai Decl.)   The Court finds these chronos to be authenticated.

Plaintiff argues that because the General Chronos were not located in his central file in 2010 as a result of a search for the official incident report, they must have been fabricated.

Defendants note that the General Chronos did not form part of the official incident report.  As such, a search for the official incident report would not reveal the General Chronos.

Regarding Defendant Umphenour's statement in his interrogatory, Plaintiff refers to Umphenour's response that Plaintiff was attempting to buy an inmate manufactured weapon, that he was assaulted when trying to do so and that the sergeant noticed that Plaintiff may have been involved in a fight.  Defendants note that they are not relying on this statement in support of their motion for summary judgment.  Further, this evidence is already contained in the authenticated incident report submitted in support of Defendants' motion. (Umphenour Decl., Ex. 1).  Plaintiff's motion should therefore be denied as to Umphenour's statements.

Finally, Plaintiff argues that Officers Alvarez and Szalai's sworn declarations should be stricken from future proceedings, because they reference "the hearsay chronos."  Defendants correctly argue that they are permitted to testify about facts which they witnessed on the day of the incident.  Defendants can also testify about preparing a General Chrono.  Plaintiff's argument has no merit.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike is denied in its entirety.

IT IS SO ORDERED.

Dated:   **August 13, 2015**                              **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE