# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>            Plaintiff,<br><br>      v.<br><br>D. UMPHENOUR, et al.,<br><br>            Defendants. | Case No. 1:08-cv-01655-SAB-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(ECF No. 182)<br><br>ORDER DENYING MOTIONS IN LIMINE<br>(ECF Nos. 183, 188) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. 636(c). Pending before the Court is Plaintiff's motion for reconsideration of an earlier discovery order and a motion in limine for pretrial exclusion of evidence.

## I.

## Procedural History

This action proceeds on the July 10, 2013, third amended complaint. Plaintiff is proceeding against Defendants Szalai, Alvarez and Umphenour for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment and against Defendant Umphenour for retaliation in violation of the First Amendment. Defendants moved for summary judgment on

---

[1] On September 29, 2008, Plaintiff filed a consent to proceed before a magistrate judge (ECF No. 5.) On November 3, 2015, Defendants Alvarez, Szalai and Umphenour filed a consent to proceed before a magistrate judge (ECF No. 184.)

1

the grounds that Plaintiff had failed to exhaust his available administrative remedies prior to filing suit and that there exists no disputed issues of material fact.  On June 15, 2015, U.S. Magistrate Judge Gary S. Austin recommended that Defendants' motion for summary judgment be granted, and that judgment be entered in favor of Defendants on the ground that Plaintiff failed to exhaust his available administrative remedies prior to filing suit.  (ECF No. 172.)  On September 4, 2015, an order was entered by the District Court, declining to adopt the findings and recommendations and denying Defendants' motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies prior to filing suit. (ECF No. 179.)   On October 26, 2015, Plaintiff filed a motion for reconsideration of an order denying Plaintiff's earlier motion to reconsider an order denying a motion to compel. (ECF No. 182.)  On the same date, Plaintiff filed a motion for the exclusion of evidence at trial (ECF No. 183.)    On December 11, 2015, Plaintiff filed a motion titled as a waiver of Defendants' objections to his motion in limine. (ECF No. 188.)

**II.**

**Motion for Reconsideration**

Plaintiff seeks reconsideration of an earlier order denying a motion for reconsideration of the denial of a motion to compel.  On January 29, 2015, Plaintiff filed a motion to compel Defendants' responses to interrogatories. (ECF No. 154.)   Defendants opposed the motion and on May 18, 2015, an order was entered, denying Plaintiff's motion to compel.  (ECF No. 168.)  On June 5, 2015, Plaintiff filed a motion for reconsideration of the order denying his motion to compel. (ECF No. 169.)  On June 9, 2015, an order was entered, denying Plaintiff's motion for reconsideration. (ECF No. 171.)  In the motion for reconsideration that is before the Court order, Plaintiff correctly notes that the June 9, 2015, order erroneously refers to a Plaintiff Stewart Manago's application to proceed in forma pauperis in another case.  The Court therefore has not ruled on Plaintiff's original motion for reconsideration of the order denying his motion to compel.

In his motion to compel, Plaintiff argued that Defendants' answers to Requests for Interrogatories 1 and 2 were evasive and incomplete, because Defendants "fail and refuse to

2

1  identify the person who signed the General Chronos defendants submitted as evidence to create a
2  genuine issue of material fact (defendants' alibi whereabouts during the attempted murder of
3  plaintiff)." (ECF No. 154 at 3:1-4.)    Plaintiff also argued that "defendants' answers to
4  Interrogatories #7 and #16, ('Normally, General Chrono would not be attached to an incident
5  report') are not reported to CDCR Headquarters.'  And 'Typically a General Chrono would not
6  be attached to an incident report') are certifiably disingenuous because CDCR policy  . . .
7  requires 'all' and 'any' information relating to an incident to be forwarded to the Central Office."
8  (Id. at 31:14-20.)   Finally, Plaintiff argued that Defendants inappropriately invoked an attorney-
9  client privilege as the reason for not providing an answer to Interrogatories  No.17 and No. 18.
10      The motion to compel was denied on the grounds that Plaintiff had not met his burden of
11 informing the court, for *each* disputed response, why the information sought was relevant and
12 why the responding party's objections were not meritorious.  Plaintiff failed to inform the court
13 to whom he propounded the interrogatories, and he did not submit copies of the interrogatories
14 and responses as issue.   Plaintiff referred to an "Appendix J, Interrogatory Requests and
15 Responses," but no attachments, appendices, or copies of discovery and responses at issue were
16 submitted in support of the motion to compel. (Id. at 2:24-25.)
17      Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of
18 finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir.
19 2003). A reconsideration motion "should not be granted absent highly unusual circumstances.'"
20 McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999),  cert. denied, 490 U.S. 1059
21 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case
22 under new theories, securing a rehearing on the merits, or otherwise taking a 'second bit at the
23 apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking
24 reconsideration must show more than a disagreement with the Court's decision, and
25 recapitulation of the cases and arguments considered by the court before rendering its original
26 decision fails to carry the moving party's burden." United States v. Westlands Water Dist. , 134
27 F.Supp.2d 1111, 1131 (E.D. Cal. 2001)(internal citations omitted). "To succeed, a party must set
28 forth facts or law of a strongly convincing nature to induce the court to reverse its prior

decisions." Id.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence: (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J. Multnomah County v. AC and S, Inc., 5 F3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. Id. In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)(internal quotation marks and citations omitted), and '[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision, U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Defendants correctly argue that in the motion for reconsideration that is before the Court and in his original motion for reconsideration, Plaintiff has failed to show any newly discovered evidence or that there has been a change in controlling law. Plaintiff's motion consists of an additional argument about why Defendants' assertion of the attorney-client privilege is improper. Plaintiff is required to explain why he failed to raise this argument in his original motion to compel. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d at 880.

In their response to Interrogatories 17 and 18, Defendants correctly asserted the attorney-client privilege. Plaintiff sought information pertaining to why Defendants failed to inform

1 defense counsel of the existence of General Chronos. Plaintiff specifically sought details of
2 communication between defense counsel and Defendants about the General Chronos. Such
3 information is clearly protected by the attorney-client privilege. United States v. Graf, 610 F.3d
4 1148, 1156 (9th Cir. 2010). Plaintiff offers no argument as to why Defendant's objection should
5 be overruled. The motion for reconsideration should therefore be denied. Plaintiff has failed to
6 do so.

### III.

### Motions In Limine

Plaintiff has filed two motions in limine, titled as a motion to exclude pretrial evidence and a motion to waive Defendants' opposition to the granting of the motion in limine. As noted above, the District Court declined to adopt the findings and recommendations of the magistrate judge granting the Defendant's motion for summary judgment on the grounds of failure to exhaust administrative remedies. (ECF No. 179.) Because Magistrate Judge Austin recommended that Defendants' motion for summary judgment on the grounds of failure to exhaust administrative remedies be granted (ECF No. 172), he did not reach Defendants' substantive First and Eighth Amendment arguments. The Court will therefore issue an order regarding the merits of Defendant's First and Eighth Amendment arguments in a subsequent order. The parties are advised that the motion for summary judgment has been fully briefed, and is submitted. The Court will not accept any further briefing on the motion. Should any of Plaintiff's claims survive summary judgment, the Court will set a hearing to schedule trial and pretrial dates. The Court will then issue a trial scheduling order setting trial and pretrial dates, including deadlines for filing motions in limine. Until a trial scheduling order issues in this case, any motions in limine are premature. Plaintiff's motions should therefore be denied as premature.

### IV.

### Conclusion and Order

Plaintiff has not come forward with any new facts or changes in controlling law that justifies reconsideration of the previous order denying Plaintiff's motion to compel responses to

1 interrogatories. Because a trial scheduling order has not issued in this case, Plaintiff's motions in
2 limine are premature.

3      Accordingly, IT IS HEREBY ORDERED that:

4      1.  Plaintiff's motion for reconsideration (ECF No. 182) is DENIED; and

5      2.  Plaintiff's motions in limine (ECF Nos. 183, 188) are denied as premature.

IT IS SO ORDERED.

Dated:   **December 21, 2015**

UNITED STATES MAGISTRATE JUDGE