# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>    Plaintiff,<br><br>v.<br><br>D. UMPHENOUR, et al.,<br><br>    Defendants. | Case No. 1:08-cv-01655-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE (ECF Nos. 198, 199)<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (ECF No. 169) |

## I.

## BACKGROUND

Plaintiff Louis Branch is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to the jurisdiction of a magistrate judge on November 20, 2008.  (ECF No. 5.)  The action was reassigned to the undersigned after the Defendants consented to the jurisdiction of the magistrate judge on November 3, 2015.  (ECF No. 184).  On December 21, 2015, the undersigned denied Plaintiff's motion for reconsideration of a prior discovery order and motions in limine filed by Plaintiff.  (ECF No. 190.)

## II.

## ANALYSIS

**A.    Motion to Withdraw Consent**

Plaintiff now moves to withdraw his consent to magistrate judge jurisdiction.  Plaintiff

contends that the decisions of Judges Wunderlich, Snyder, Austin, and Boone have enabled Defendants to commit a fraud on the court which establishes good cause for him to withdraw his consent.

"The right to adjudication before an Article III judge is an important constitutional right" which can be waived. United States v. Neville, 985 F.2d 992, 999 (9th Cir. 1993).  Once the parties have consented to magistrate judge jurisdiction in a civil case under 28 U.S.C. § 636(c)(1), the reference to the magistrate judge can be withdrawn by the Court only "for good cause shown on its own motion, or under *extraordinary circumstances* shown by any party." 28 U.S.C. § 636(c)(4) (emphasis added); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge."). Here, Plaintiff acknowledges that he previously consented to magistrate judge jurisdiction. (ECF No. 5.)  Although Plaintiff voluntarily consented to the jurisdiction of the magistrate judge, he now seeks to withdraw consent on the ground of abuse of discretion by judges previously assigned to this case.

Plaintiff sets forth multiple sentences pulled from various orders that he contends show an abuse of discretion by omitting what he considers to be relevant evidence.  Plaintiff argues that the undersigned failure to do what is right and equitable under the circumstances is a willful abuse of discretion.  Further, Plaintiff contends that the prior judges assigned to this action have abused their discretion by ruling against him while assigned to this action.  However, Plaintiff's disagreement with reasonable court rulings constitutes neither good cause nor extraordinary circumstance to allow him to withdraw consent to the jurisdiction of the magistrate judge. Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist., 647 F.3d 156, 172 (5th Cir. 2011).

Plaintiff contends that this Court has expressed an intent to reject Judge Ishii's ruling denying Defendants' motion for summary judgment, however Plaintiff's interpretation is an unreasonable reading of the selection cited.  The Court merely stated that claims which were not addressed in the prior findings and recommendations due to the finding that Plaintiff failed to exhaust administrative remedies would be addressed by subsequent order.  Plaintiff has failed to make a showing of "extraordinary circumstances to justify withdrawal of his voluntary consent,

1  and the Court does not sua sponte find "good cause" to vacate the reference.

## B. Motion for Reconsideration

Plaintiff also contends that his motion for reconsideration filed June 5, 2015 was not addressed by Judge Ishii. Plaintiff is correct that the magistrate judge improperly addressed the motion for reconsideration which was directed to Judge Ishii as at the time Defendants had not consented to the jurisdiction of the magistrate judge. At this time, the parties have all consented to the jurisdiction to the Magistrate Judge, and therefore this Court shall consider Plaintiff's motion for reconsideration. 28 U.S.C. § 636(c)(1).

Plaintiff filed a motion for reconsideration on June 5, 2015. (ECF No. 169.) Plaintiff sought reconsideration of the denial of his motion to compel on the ground that the ruling was clearly erroneous or contrary to law.

Federal Rule of Civil Procedure 60(b) states, in pertinent part:

> (b)   Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1)   mistake, inadvertence, surprise, or excusable neglect;
> ...
> (6)   any other reason that justifies relief.

A motion for reconsideration is not the proper mechanism to raise arguments that could reasonably have been presented earlier in litigation. Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); O'Neal v. SmithKline Beecham Corp., No. CIV S-06-1063 FCD/DAD, 2008 WL 1721891, at *2 (E.D. Cal. Apr. 10, 2008) ("party may not use a motion for reconsideration to present new arguments or claims not raised in the summary judgment motion"); Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1154 (D. Hawai'i 2003).

Requests for reconsideration are also governed by Local Rule 230(j). Local Rule 230(j) states:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:

> (1) when and to what Judge or Magistrate Judge the prior motion was made;
> (2) what ruling, decision, or order was made thereon;
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Plaintiff contends that the Defendants invocation of attorney client privilege to his requests for interrogatories 17 and 18 is invalid and prejudicial to Plaintiff. Judge Austin denied Plaintiff's motion to compel because

> Plaintiff has not met his burden of informing the court, for *each* disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Plaintiff fails to inform the court to whom he propounded the Interrogatories, and he has not submitted copies of the Interrogatories and Responses at issue. Plaintiff refers to "Appendix J, Interrogatory Requests and Responses," but no attachments, appendices, or copies of the Interrogatories and Responses were submitted in support of the motion to compel. (Motion at 2:24-25.) The parties' pleadings, in themselves, do not offer sufficient information for the court to fairly resolve Plaintiff's motion to compel on the merits. Therefore, Plaintiff's motion to compel must be denied.

In his motion, Plaintiff argued that Defendant's inappropriately invoked attorney-client privilege in response to Interrogatories Nos. 17 and 18. Plaintiff contended that because the "defendants themselves voluntarily submitted the information contained in their General Chronos as evidence to create a genuine issue of material fact" they cannot use attorney client privilege to protect the requested information. However, Plaintiff did not set forth the substance of the discovery requests and responses in his motion to compel or attach the discovery requests to his motion or his reply. (ECF Nos. 154, 163.) The magistrate judge's determination that Plaintiff provided insufficient information for the court to resolve the motion to compel on its merits was not clearly erroneous or contrary to law.

Plaintiff has included the substance of Interrogatories Nos. 17 and 18 in the motion for reconsideration. In both interrogatories Plaintiff states that Defendants failed to inform counsel of information and asks why. (ECF No. 169 at 4.) Defendants responded that the information assumes facts not in evidence and is protected by attorney-client privilege. To the extent that Defendants had conversations with counsel regarding the subjects covered by Interrogatories No. 17 and 18, such communications would fall within attorney-client privilege and would clearly be

protected from disclosure in this action.

Plaintiff contends that the "dilatory submission of their alibi CHRONOS' as evidence was voluntary" and therefore Defendants' waived attorney client privilege. However, even if Plaintiffs have produced a chrono, such production does not waive attorney-client privilege to the request for information sought in Interrogatories Nos. 17 and 18.

## III.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to withdraw consent is DENIED;
2. Plaintiff's motion for reconsideration, filed June 5, 2015 is DENIED; and
3. No further motions for reconsideration of prior orders which have been addressed by motion for reconsideration in this action shall be entertained by the Court.

IT IS SO ORDERED.

Dated:   **April 1, 2016**

UNITED STATES MAGISTRATE JUDGE