# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>    Plaintiff,<br><br>    v.<br><br>D. UMPHENOUR, et al.,<br><br>    Defendants. | Case No. 1:08-cv-01655-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE APRIL 1, 2016, ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT<br><br>(ECF NO. 201)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A HEARING ON PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF NO. 203) |

**I.**

**BACKGROUND**

Plaintiff Louis Branch is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of a magistrate judge on November 20, 2008. (ECF No. 5.) The action was reassigned to the undersigned after the Defendants consented to the jurisdiction of a magistrate judge on November 3, 2015. (ECF No. 184.) On April 1, 2016, the undersigned denied Plaintiff's motion to withdraw his consent to

1

magistrate judge jurisdiction. (ECF No. 200.)  Pending before the Court is Plaintiff's April 18, 2016, order denying Plaintiff's motion to withdraw his consent to magistrate judge jurisdiction. (ECF No. 201.)

## II.

## ANALYSIS

As noted, the Court construes the Plaintiff's objections as a motion for reconsideration. The motion for reconsideration is governed by Rule 60 of the Federal Rules of Civil Procedure and Rule 230 of the Local Rules of the United States District Court, Eastern District of California.  Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)(internal quotation marks omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)(internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

1    Plaintiff seeks reconsideration of the order denying Plaintiff's motion to withdraw
2 consent to magistrate judge jurisdiction. The motion was denied on the ground that Plaintiff
3 failed to show exceptional circumstances justifying the withdrawal of consent. 28 U.S.C. §
4 636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("There is no absolute right, in a civil
5 case, to withdraw consent to trial and other proceedings before a magistrate judge."). In his
6 motion for reconsideration, Plaintiff argues that the motion to withdraw consent should have
7 been considered by the U.S. District Judge that assigned the case. Plaintiff refers to Federal Rule
8 of Civil Procedure 73(b)(3), which states that on its own or for good cause, "the district judge
9 may vacate a referral to a magistrate judge under this rule." Plaintiff interprets this rule as
10 authority for his proposition that the undersigned lacked jurisdiction to rule on Plaintiff's request
11 to withdraw consent.

12    Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c).
13 Section 636(c)(4) provides that "the court," on its own motion, may vacate the reference on its
14 own motion or for good cause. Further, pursuant to 28 U.S.C. § 636(c)(1), once the parties
15 consent and the case is reassigned, the magistrate judge "may conduct any or all proceedings in a
16 jury or nonjury civil matter and order the entry of judgment in the case." Plaintiff is advised a
17 magistrate judge has the authority to decline to vacate the 636(c) consent. See McCarthy v.
18 Bronson, 906 F.2d 835, 839 (2nd Cir. 1990), cert. granted in part, 498 U.S. 1011 (1990).
19 Plaintiff's sole argument is that a magistrate judge does not have the authority to rule on a
20 motion to withdraw consent. Plaintiff is incorrect and his motion for reconsideration does not
21 meet Rule 60 or Local 230 standards. Therefore, the motion for reconsideration is denied.

## III.

## CONCLUSION AND ORDER

24    Plaintiff has not met the high burden of coming forward with new or different facts or
25 circumstances or mistake of law to justify his motion to reconsider the April 1, 2016, order
26 denying Plaintiff's request to withdraw his consent to magistrate judge jurisdiction. The motion
27 for reconsideration should therefore be denied. Plaintiff's motion for a hearing on his motion for
28 reconsideration is therefore moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the April 1, 2016, order denying his request to withdraw consent to magistrate judge jurisdiction is DENIED; and

2. Plaintiff's motion for a hearing on his motion for reconsiderations is DENIED.

IT IS SO ORDERED.

Dated:   **May 5, 2016**

UNITED STATES MAGISTRATE JUDGE