# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>      Plaintiff,<br><br>      v.<br><br>D. UMPHENOUR, et al.,<br><br>      Defendants. | Case No. 1:08-cv-01655-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE UNDERSIGNED<br><br>(ECF NO. 216) |

Plaintiff Louis Branch is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Pending before the Court is Plaintiff's motion to disqualify the undersigned pursuant to 28 U.S.C. § 455(a).

Plaintiff's motion consists of a detailed procedural history of the case, particularly referencing prior rulings. In the section of his motion titled as factual allegations, Plaintiff appears to set forth the grounds for his motion. Plaintiff references the December 21, 2015, order denying his motion for reconsideration. (ECF No. 190.) Plaintiff sought reconsideration of earlier orders denying his motions in limine. (ECF Nos. 183, 188.) Plaintiff also references an order entered on May 5, 2016, (ECF No. 204), denying his April 18, 2016, motion for reconsideration of the April 1, 2016, order denying his request to withdraw his consent to magistrate judge jurisdiction. (ECF No. 200.)

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A motion under § 455 is addressed to, and must

be decided by, the very judge whose impartiality is questioned. <u>Bernard v. Coyne</u>, 31 F.3d 842, 843 (9th Cir. 1994). Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge. <u>Id.</u>, quoting <u>United States v. Balistreri</u>, 779 F.2d 1191, 1202 (7th Cir. 1985).

Under Section 455, the determination for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>Pesnell v. Arsenault</u>, 543 F.3d at 1028, 1043 (9th Cir. 2008), quoting <u>United States v. Hernandez</u>, 109 F.3d 1450, 1454 (9th Cir. 1997). For instance, a judge "shall" disqualify himself "[w]here he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1). However, the bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. <u>Hernandez</u>, 109 F.3d at 1453, citing <u>Liteky v. United States</u>, 510 U.S. 540, 554-556 (1994). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>In re Focus Media, Inc.</u>, 378 F.3d 916, 930 (9th Cir. 2004), quoting <u>Liteky</u>, 510 U.S. at 555.

Here, Plaintiff provides no basis for disqualification other than his disagreement with certain rulings made by the assigned magistrate judge. Plaintiff's objection and disagreement with certain orders and rulings does not in and of itself demonstrate bias against him or favoritism toward Defendants. <u>See, e.g., Capterton v. A.T. Massey Coal Co.</u>, 556 U.S. 868, 891 (2009) (there is a "presumption of honesty and integrity on those serving as adjudicators") (citing <u>Withrow v. Larkin</u>, 421 U.S. 35, 47 (1975)).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to disqualify the undersigned is DENIED.

IT IS SO ORDERED.

Dated:   **July 21, 2016**

_____
UNITED STATES MAGISTRATE JUDGE