UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. GRANNIS, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:08-cv-01655-SAB (PC)<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTIONS FOR TELEPHONIC/VIDEO SETTLEMENT CONFERENCE**<br><br>**(ECF Nos. 223, 231)** |

　　　　Plaintiff is a prisoner proceeding pro se and in forma pauperis in a civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's July 10, 2013, third amended complaint against Defendants Szalai, Alvarez, and Umphenour for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment and against Defendant Umphenour for retaliation in violation of the First Amendment. The action is set for trial on January 30, 2017.

　　　　Initially, the Court scheduled a settlement conference in this case for September 9, 2016 (ECF No. 214), but then continued it to September 30, 2016. (ECF No. 224.) On September 19, 2016, the Court ordered the parties to submit, by September 26, 2016, Confidential Settlement Conference Statements containing specified information. (ECF No. 233.) Plaintiff's submission did not comply with the Court's specifications, and

accordingly, on September 27, 2016, the settlement conference was cancelled. (ECF No. 236.) The Court does not intend to set a further settlement conference in this case. (See id.)

Still pending before the Court are two identical motions by Plaintiff to appear by telephone or video conference at the above-referenced settlement conference. (ECF Nos. 223, 231.)  Since the settlement conference has been cancelled, Plaintiff's motions to appear telephonically are moot and DENIED on that basis. Nevertheless, the Court believes it productive to address the substance of Plaintiff's motions.

Plaintiff argues that 42 U.S.C. 1997e(f)(1) obligates the Court to allow him to appear by telephone or video. That code section, which applies to inmates like Plaintiff who challenge the conditions of their confinement, provides that '[t]o the extent practicable" pretrial proceedings in which an inmate's participation is required or permitted shall be conducted by telephone, video conference, or other telecommunications technology without removing the inmate from the facility in which he is confined.

The Court typically allows inmates to appear telephonically for all pretrial proceedings.  However, it finds that settlement conference are rarely, if ever, productive where the Court lacks live, personal, one-on-one contact with the participants. Moreover, the Court's video conferencing systems are designed to work with those in sister federal courts; the Court is informed that they are not to be connected to non-court systems.  While the Court is aware of independent video service providers and systems, its ability to use them is restricted and, in any event, finds from experience that they can be less than reliable and generally inadequate for the conduct of a settlement conference.  For all these reasons, the Court requires parties to personally appear at settlement conferences convened before it.

In passing, the Court notes that the proposed settlement conference in this case

was voluntary on the part of the parties.   If Plaintiff elects not to comply with the Court's directions for submissions or objects to attending a settlement conference at the Court, he is free to undertake to conduct settlement discussion without the involvement of the Court.

THEREFORE, Plaintiff's motions to appear by telephone or video conference at the previously scheduled settlement conference are DENIED as moot.

IT IS SO ORDERED.

Dated:    September 29, 2016                    /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE

3