# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>          Plaintiff,<br><br>     v.<br><br>D. UMPHENOUR, et al.,<br><br>          Defendants. | Case No.  1:08-cv-01655-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF Nos. 243, 246) |

This matter is currently set for trial on January 17, 2017.  (ECF No. 215.)  On October 11, 2016, Plaintiff filed a motion for attendance of incarcerated witnesses.  (ECF No. 243.)  On October 24, 2016, Defendants filed an opposition to the motion.  (ECF No. 246.)

In his motion, Plaintiff states that he will comply with the Court's order regarding obtaining the attendance of incarcerated witnesses when he obtains counsel.  Defendants object on the grounds that Plaintiff has not complied with the procedures set forth in the trial scheduling order; and the time to file the motion for attendance of incarcerated witnesses has passed.

On June 2, 2016, the Court issued the trial scheduling order in this action.  (ECF No. 215.)  As relevant here, the order informed Plaintiff of the procedures required to obtain the attendance of incarcerated witnesses and that any motion for the attendance of incarcerated witnesses must be filed on or before October 10, 2016.  (Id. at 6-7.)  The order informed Plaintiff that to obtain the attendance of incarcerated witnesses he was required to file a written motion

1 for a court order requiring the witnesses be brought to trial.  (Id. at 6.)  "The motion must: (1)
2 state the name, address, and prison identification number of each such witness; and (2) be
3 accompanied by declarations showing that each witness is willing to testify and that each witness
4 has actual knowledge of relevant facts."  (Id.)

5       Plaintiff has not complied with the requirements of the June 2, 2016 order. He has not
6 identified any witnesses nor provided declarations showing that any witness has actual
7 knowledge of relevant facts.  For that reason, the motion for the attendance of incarcerated
8 witnesses is denied.

9       In his motion, Plaintiff states that he will comply with the trial scheduling order when he
10 obtains counsel.  To the extent that Plaintiff seeks an extension of time to file a motion for the
11 attendance of incarcerated witnesses, once the scheduling order has issued in the action
12 amendment is governed by Rule 16 of the Federal Rules of Civil Procedure.  Rule 16 provides
13 that the schedule may be modified only for good cause. Fed. R. Civ. P. 16(b)(4).  The district
14 court has broad discretion in supervision of the pretrial phase of litigation. Zivkovic v. Southern
15 California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  Rule 16's good cause standard
16 considers the diligence of the party seeking amendment and the pretrial schedule may be
17 modified if it cannot reasonably be met despite the diligence of the party seeking the amendment.
18 Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  While prejudice to
19 the opposing party could "supply additional reasons to deny a motion, the focus of the inquiry is
20 upon the moving party's reasons for seeking modification."  Johnson, 975 F.2d at 609.
21 Therefore, if the party moving for amendment of the scheduling order has not demonstrated
22 diligence, the inquiry should end and the motion should be denied.  Id.

23       In this instance, Plaintiff has been on notice since June 2016 that the motion for the
24 attendance of incarcerated witnesses was due on October 10, 2016.  Plaintiff's desire to obtain
25 counsel does not demonstrate good cause for the failure to comply with the Court's scheduling
26 order.  To the extent that Plaintiff is seeking an extension of time to file his motion for the
27 attendance of incarcerated witnesses, the request is denied.

28       Further, Plaintiff is advised that, pursuant to the June 2, 2016 trial scheduling order, his

1 pretrial statement is due no later than November 21, 2016.  Although Plaintiff is proceeding pro
2 se, he is still required to comply with the Federal Rules of Civil Procedure and the orders of this
3 Court.  Failure to file a pretrial statement in compliance with the June 2, 2016 order will result in
4 the issuance of sanctions, up to and including dismissal of this action.

5       Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for the
6 attendance of incarcerated witnesses is DENIED.

IT IS SO ORDERED.

Dated:   **October 28, 2016**

UNITED STATES MAGISTRATE JUDGE