UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>           Plaintiff,<br><br>    v.<br><br>N. GRANNIS, et al.,<br><br>           Defendant. | Case No. 1:08-cv-01655 SAB (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 256, 257) |

       On November 28, 2016, Plaintiff filed a motion seeking the appointment of counsel along with a declaration in support of the motion. Plaintiff also filed a motion for a change of venue and his pretrial statement.

       Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks

1

omitted); Wilborn, 789 F.2d at 1331.

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily.

The issues set for trial in this action are not legally complex. Following the order addressing Defendants motion for summary judgment on September 4, 2015, this action is proceeding on the third amended complaint, filed July 10, 2013, against Defendants Umphenour, Szalai, and Alvarez for deliberate indifference to a serious risk to Plaintiff's safety in violation of the Eighth Amendment, and against Defendant Umphenour for retaliation in violation of the First Amendment, in their individual capacities. (ECF Nos. 103, 180.) Plaintiff has been success in defeating summary judgment on the Eighth Amendment and retaliation claims in this action. The Court finds as that while Plaintiff's retaliation and failure to protect claims may be challenging, based on a review of the record and Plaintiff's present motion, Plaintiff appears well-informed and able to adequately articulate his claims.

Plaintiff argues that he is likely to succeed on the merits of the case because "the **totality** of defendants' affirmative defense consists of **fraudulent** hearsay Chronological Reports that cannot be **authenticated** and are therefore rendered **inadmissible** in fact and law." (ECF No. 256 at 2 (emphasis in orginal).) However, Defendants' pretrial statement lists seven fact witnesses and a custodian of record. Since the issues to be decided in this action will resolve upon credibility findings by the jury, the Court does not find that the likelihood of Plaintiff prevailing on the merits weighs in favor of appointing counsel in this instance given of lack of complexity of the legal issues and Plaintiff's proven ability to articulate his claims.

Plaintiff argues that he is unable to pay the witness fees of obtain percipient witnesses in this action, however, Plaintiff was provided with the opportunity to file a motion to obtain the attendance of incarcerated witnesses at no expense. Although Plaintiff lists two incarcerated witnesses on his witness list, Plaintiff failed to file a timely motion for the attendance of incarcerated witnesses. (ECF Nos. 248, 254.) The lack of percipient witnesses is due to Plaintiff's failure to comply with Court orders and not financial inability to obtain the witnesses.

Finally, Plaintiff argues that due to a recent four day hunger strike and his medical conditions he has malaise and lethargy that inhibits his mental focus and energy. However, review of the documents filed by Plaintiff in this action is inconsistent with his complaints of lack of mental focus and energy.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **December 1, 2016**

UNITED STATES MAGISTRATE JUDGE