# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>        Plaintiff,<br><br>    v.<br><br>D. UMPHENOUR, et al.,<br><br>        Defendants. | Case No. 1:08-cv-01655-SAB (PC)<br><br>ORDER ADDRESSING PLAINTIFF'S OBJECTIONS TO THE PRETRIAL ORDER AND AMENDING PRETRIAL ORDER<br><br>(ECF No. 271) |

On December 7, 2016, the Court issued the pretrial order in this action. (ECF No. 265.) On December 23, 2016, Plaintiff filed objections to the pretrial order.

Plaintiff objects to the undisputed fact that he is a convicted felon serving a life sentence on the grounds that it is prejudicial, and several of Defendants' undisputed facts on the ground of hearsay or because he claims they are erroneous. The purpose of the pretrial order is to frame the issues for trial. The pretrial order is not evidence that is seen by the jury. Plaintiff's objections to statements in the pretrial order may be a subject for a motion in limine or an objection during trial, but disputed or undisputed facts will not be deleted from the pretrial order based on Plaintiff's objections.

Plaintiff states that Defendants were required to file their disputed evidentiary issues one week after receiving Plaintiff's pretrial statement and therefore all evidentiary issues are deemed waived. Plaintiff is incorrect. The purpose of the parties' pretrial statements is to identify issues

1

that may be present in the case. However, there was no requirement that evidentiary issues be raised in the pretrial order in order to preserve them for trial. The parties may also raise appropriate evidentiary issues in a motion in limine or during trial as they arise.

Plaintiff objects to the statement in the pretrial order that he filed a request for leave to file an amended complaint that was denied. However, the Court does not find the statement to be in error. On June 2, 2016, Plaintiff filed a request for leave to file an amended/supplemental complaint. The request was denied on October 5, 2016, finding that Plaintiff had not demonstrated good cause to amend the scheduling order. Specifically, the order stated, "Plaintiff has not explained why he waited more than two years after the deadline to amend the complaint and discovery in this action had closed to move to amend his complaint." (ECF No. 241 at 2:26-3:2.) In his pretrial statement, Plaintiff included a section for "Amendments" and requested permission to file a fourth amended complaint. The Court construed his request in the pretrial statement as a motion for reconsideration and denied the request.

Finally, Plaintiff includes three new "undisputed facts" that he requests be included in the pretrial order. The pretrial order contained a section for facts which were undisputed by either party and a section of each party's undisputed facts that the opposing party disputed. Since it is not clear that Plaintiff's newly included facts would be undisputed by Defendants, they shall be included in Plaintiff's undisputed facts section of the pretrial order.

Accordingly, IT IS HEREBY ORDERED that the pretrial order is amended at 8: 27 as follows:

48. 0n 7/11/2004, during third watch, on Facility II, Lieutenant M. Marmolejo was the highest ranking supervisory official and Sergeant R. Wicks was second in command.

49. Between 1515 and 1545 hours, in the Facility II Program Office, Plaintiff expressed to Lieutenant Marmolejo and Sergeant Wicks, that Plaintiff was having difficulties with other inmates in Housing Unit (HU) 250 and had to move out and requested to be returned to the Gym HU.

///

50. Lieutenant Marmolejo and Sergeant Wicks agreed to move Plaintiff back to the Gym HU after the 1645 ASP count of its prisoners.

IT IS SO ORDERED.

Dated: **December 28, 2016**

UNITED STATES MAGISTRATE JUDGE

3