# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>    Plaintiff,<br><br>    v.<br><br>D. UMPHENOUR, et al.,<br><br>    Defendants. | Case No. 1:08-cv-01655-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CHANGE OF VENUE<br><br>(ECF No. 258, 266, 274) |

**I.**

**INTRODUCTION**

Plaintiff filed this action in the Sacramento Division of the Eastern District of California on July 7, 2008. On October 29, 2008, the matter was transferred to the Fresno Division of the Eastern District of California. This action is now proceeding against Defendants Umphenour, Szalai, and Alvarez for failure to protect Plaintiff in violation of the Eighth Amendment and against Defendant Umphenour for retaliation in violation of the First Amendment. Plaintiff's allegations in this action involve incidents that occurred while he was housed at Avenal State Prison, located in Kings County, California.

Currently, this matter is set for trial on January 30, 2016 in the Fresno Division of the Eastern District of California. On November 28, 2016, Plaintiff Louis Branch filed a motion for a change of venue. Defendants filed an opposition to the motion on December 12, 2016.

Plaintiff filed a reply on December 27, 2016.

## II.

## LEGAL STANDARD

Venue is governed by 28 U.S.C. § 1391 which provides that a civil action, other than one based on diversity, be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Where a court finds that venue is proper, it may still transfer an action to another district in which it could have been brought "[f]or the convenience of the parties and witnesses, [or] in the interest of justice[.] 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

Once the court has determined that venue is proper, the moving party must present strong grounds for transferring the action. Safarian v. Maserati N. Am., Inc., 559 F.Supp.2d 1068, 1071 (C.D. Cal. 2008). In making the inquiry regarding whether the action should be transferred, "the court should consider private and public interest factors affecting the convenience of the forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

## III.

## DISCUSSION

Plaintiff seeks to have the trial of this action moved to the Sacramento Division of the Eastern District of California arguing that requiring him to be moved to the Fresno Division for trial will exacerbate his medical infirmities, deprive him of his liberty interest in feeling secure and safe within his body, cause him to forfeit his income earned as a prison law clerk, and

facilitate legal representation by the University of the Pacific or University of California civil rights clinics. Defendants argue that Plaintiff has not met the requirement of a strong showing that the convenience of the parties and witnesses and interests of justice favor transfer.

### A. Venue is Proper in Fresno Division of the Eastern District

Defendants argue that Plaintiff's motion should be denied because the action could not have been commenced in the Sacramento Division. Defendants argue that under 28 U.S.C. § 1391, Plaintiff could not have brought this action in the Sacramento Division of the Eastern District. Section 1391 is the general venue statute with provides that

> A civil action may be brought in
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Section 1391 does not address divisional venue.

Prior to 1988, under the divisional venue statute, 28 U.S.C. § 1393, plaintiffs in multi-divisional districts were limited to filing suit in the division where the defendant resided. Johnson v. Lewis, 645 F.Supp.2d 578, 581 (N.D. Miss. 2009). After that statute was repealed, plaintiffs were free to file suit in any division in a district and districts were able to establish local rules on the division of cases. Johnson, 645 F.Supp.2d at 580-81. Since the venue statute speaks in terms of districts and not divisions many cases find that if venue is proper in one division it would be proper in any division within the district. Harrington v. Wilber, 384 F.Supp.2d 1321, 1326 (S.D. Iowa 2005) (collecting cases); Leach v. Idaho Nephrology Assocs., PLLC, No. CV-07-278SBLW, 2007 WL 3253202, at *2-3 (D. Idaho Oct. 31, 2007). "At least one commentator has stated that 'there is no longer any requirement in federal civil cases that venue be laid in a particular division within a district.' " Jordon v. Bowman Apple Prod. Co., 728 F.Supp. 409, 419 (W.D. Va. 1990) (quoting C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure, § 3809 (1989 Supp.)). However, courts hold that where divisional venue is mandated by a local rule it must be complied with. Jordon, 728 F.Supp. at 419; see also 32

Am. Jur. 2d Federal Courts § 1190 (2016 Update).

The incidents alleged in Plaintiff's complaint occurred at Avenal State Prison. The Court takes judicial notice that Avenal State Prison is located in Kings County.[1] See Map of California's Correctional and Rehabilitation Institutions located at www.cdcr.ca.gov/map/ last visited December 5, 2016. The Local Rules of the United States District Court, Eastern District of California, provides that actions arising in Kings County shall be commenced in the District Court sitting in Fresno, California. L.R. 120(d). Therefore, the proper venue for this action is the Fresno Division of the Eastern District of California. (See also ECF No. 6 (order transferring this action from Sacramento Division to Fresno Division).)

While Plaintiff could not have commenced this action in the Sacramento Division, the Local Rules also provide that an action can be transferred to another venue within the district upon a showing of good cause. L.R. 120(f). Therefore, the Court does not find the divisional venue issue dispositive of the current motion. Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Courts often apply the factors developed to evaluate a change of venue under 28 U.S.C. § 1404(a) in considering a request for an intradistrict transfer[.]" Welenco, Inc. v. Corbell, No. CIV. S-13-0287 KJM, 2014 WL 130526, at *4 (E.D. Cal. Jan. 14, 2014); but the factors are judged by a less rigorous standard, Cheval Farm LLC v. Chalon, No. CV-10-01327-PHX-ROS, 2011 WL 13047301, at *2 (D. Ariz. Jan. 19, 2011).

In deciding whether to grant the change of venue here the court considers the correct forum to best serve the interests of judicial economy and the convenience to the parties. Injen Tech. Co. v. Advanced Engine Mgmt., Inc., 270 F. Supp. 2d 1189, 1193 (S.D. Cal. 2003). The private factors to be considered in determining whether to transfer venue under section 1404(a)

---

[1] Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Further, courts may take judicial notice of information displayed on government websites where neither party disputes the accuracy of the information contained therein. Daniels –Hall v. National Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010).

include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Decker Coal Co., 805 F.2d at 843. As relevant here, the public factors to consider include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; . . . and the unfairness of burdening citizens in an unrelated forum with jury duty." Id..

### A.   Private Factors

Plaintiff seeks a transfer to the Sacramento Division for his convenience, but Defendants argue that Plaintiff has wholly ignored the convenience of the other parties and witnesses in this action.

Plaintiff is currently housed at California State Prison, Solano which is located in Solano County. See Map of California's Correctional and Rehabilitation Institutions located at www.cdcr.ca.gov/map/ last visited December 5, 2016. Pursuant to Local Rule 120(d), Plaintiff resides within the Sacramento Division of the Eastern District of California. Clearly, it would be more convenient for Plaintiff to have this action tried in the Sacramento Division as it would allow him to remain at Solano State Prison.

However, all Defendants reside within the Fresno Division of the Eastern District of California. Transferring venue to the Sacramento Division would require the defendants to travel to Sacramento for this trial. Transferring this action to the Sacramento would shift the inconvenience of the forum from Plaintiff to Defendants. A transfer of venue is not appropriate merely to shift the inconvenience from one party in the action to another. Safarian v. Maserati N. Am., Inc., 559 F.Supp.2d 1068, 1071 (C.D. Cal. 2008); Galli v. Travelhost, Inc., 603 F. Supp. 1260, 1262 (D. Nev. 1985).

Similarly, all the witnesses reside in the Fresno Division of the Eastern District of California.[2]  Courts usually require the party moving to a change of venue to designate: the key

---

[2] Plaintiff has not identified the location of any of his witnesses. Further, based upon the fact that Plaintiff did not file motions for the attendance of incarcerated or unincarcerated witnesses, and his statements at the pretrial conference, it appears that the only nonparty witnesses will be those listed on Defendants' witness list.

witnesses to be called, where the witnesses are located, a general statement regarding what their testimony will cover, and why the testimony is relevant or necessary." Leach, 2007 WL 3253202, at *4.  Plaintiff has not identified a single witness that resides in the Sacramento Division or the substance of any purported testimony.  However, Plaintiff and Defendants have both indicated that several witnesses from Defendants' witness list who reside in the Fresno Division have relevant testimony.  "Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify[.]" Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1095 (N.D. Cal. 2013).  Transfer of venue to the Sacramento Division would require the witnesses to travel to Sacramento significantly increasing the time required for the witness' testimony to be presented during trial.  "Convenience of nonparty witnesses is often the most important factor in the section 1404(a) calculus." Welenco, Inc. v. Corbell, No. CIV. S-13-0287 KJM, 2014 WL 130526, at *7 (E.D. Cal. Jan. 14, 2014)

The private factors weigh against transfer to the Sacramento Division as the prison at which the incidents alleged in the complaint occurred are in the Fresno Division, and the defendants and all witnesses reside in the Fresno Division.  Transferring this action to Sacramento would merely be transferring the inconvenience from Plaintiff to Defendants Umphenour, Szalai, and Alvarez and the witness that testify in this action.

**B.   Interest of Justice**

"In evaluating the interest of justice, a court may consider 'public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty.' " Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1096 (N.D. Cal. 2013) (citations omitted).  The public factors also weigh against transferring this action to the Sacramento Division of the Eastern District of California. While the Court is to consider Plaintiff's choice of forum, it is given minimal consideration where the forum has no particular interest in the parties or the subject matter. Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968).

Although Plaintiff originally filed this action in the Sacramento Division, the Sacramento Division would have no particular interest in the parties or the subject matter as the incidents

alleged in this action occurred in Kings County.  Since the incident in this action occurred in the Fresno Division, the local interests in having the controversy decided would be in the Fresno Division.  Further, transferring the action to Sacramento would result in delay of the action which has already been proceeding in this court since July 7, 2008.  The Ninth Circuit has held that a motion for transfer of venue may be denied where the case has been pending for some time in the original court or a transfer would lead to delay.  Pratt v. Rowland, 769 F.Supp. 1128, 1133 (N.D. Cal. 1991).

"Fairness considerations may be decisive in ruling on a transfer motion, even when convenience of witnesses and parties points the other way."  Pratt, 769 F.Supp. at 1133.  Therefore, the Court considers Plaintiff's allegations regarding the inconvenience he will be subjected to if this action proceeds in the Fresno Division.  Plaintiff states that he has medical issues that would be exacerbated by transfer to a different facility.  Defendants respond that all CDCR facilities have health care facilities where Plaintiff would receive treatment by board-certified physicians and Plaintiff has not demonstrated that his health would be compromised by being housed at a different institution for a short duration.  Plaintiff has presented no medical evidence or physician's opinion that he is unable to travel due to his health or would suffer any adverse health consequences from being transferred to a different facility.  Plaintiff's allegations regarding his health issues are insufficient for the Court to find that transfer of venue should be granted.

Plaintiff also argues that he has a liberty interest in feeling safe and secure in his body which would be violated should he be required to participate in a trial held in Fresno.  While Plaintiff states that he perceives trial in Fresno with great trepidation due to the history of violence by Fresno area prison officials, he fails to identify any specific safety or security issue that would result if he were transferred to a prison within the Fresno Division.  Further, as Defendants point out, there are several different prisons which transport inmates to the federal court, the most common being Corcoran.  Plaintiff's conclusory allegation that he would suffer trepidation is not sufficient for the Court to find that transfer of venue should be granted in this action.

Plaintiff argues that he will forfeit his monthly earnings if he is placed in Corcoran Prison in preparation for trial and that he is involved in multiple activities at Solano State Prison. However, Plaintiff voluntarily filed this action and his attendance at the trial of this action is necessary. Based on the Court's experience, transfer is a normal part of the litigation process whether it be to attend a settlement conference, testify as a witness in an action, or appear as a litigant.

Plaintiff argues that settlement would be enhanced because it would facilitate legal representation by the University of the Pacific McGeorge Law School or the University of California Davis Civil Rights Clinic. However, Plaintiff has indicated that his requests for representation have been denied. Further, Plaintiff was provided with the opportunity to participate in a settlement conference, and declined to participate if his personal appearance was required. While the parties are encouraged to discuss settlement, at this time, the action is set for jury trial and trial will proceed on January 30, 2017. Although the Court understands and appreciates Plaintiff's desire to be represented by counsel in this action, the Court has previously found, and as further demonstrated in the current motion, Plaintiff has more than adequately demonstrated his ability to articulate his claims in light of the complexity of the issues presented in this action.

Finally, the Court considers the history of this litigation. This action has been proceeding in the Fresno Division of the Eastern District since October 29, 2008, the date of the order of intradistrict transfer. (ECF No. 6.) At the time, Plaintiff did not object to the transfer or file a motion for reconsideration of the intradistrict transfer order or move to transfer venue. Instead, only two months before trial did he seek the present motion to the change the location of the trial. By the time Plaintiff filed his request to transfer, the Fresno Division had spent a significant amount of time on this action, including deciding a motion to dismiss, several motions to amend, several motions to compel, a motion for summary judgment, and numerous other motions filed by Plaintiff in the action. The Fresno Division has a significant familiarity with this action and trial is set to begin in approximately one month. Granting a change of venue at this time would result in further delay and expenditure of judicial resources in a different

forum. Additionally, the Court finds that granting Plaintiff's motion for change of venue based upon the circumstances presented here would encourage change of venue motions as a means of judge shopping by inmates in future cases.

The Court finds that Plaintiff has not met his burden of demonstrating a strong showing to justify transferring divisional venue to Sacramento. Therefore, venue shall remain in the Fresno Division of the Eastern District of California.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for a change of venue, filed October 28, 2016, is DENIED.

IT IS SO ORDERED.

Dated: __December 29, 2016__

UNITED STATES MAGISTRATE JUDGE