# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. UMPHENOUR, L. SZALAI, and J. ALVAREZ,<br><br>　　　　Defendants. | Case No. 1:08-cv-01655-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO AMEND EXHIBIT LIST AND AMENDING PRETRIAL ORDER<br><br>(ECF No. 287) |

　　　　On December 7, 2016, the pretrial order was filed in this action. (ECF No. 265.) On December 28, 2016, an order issued amending the pretrial order based on Plaintiff's request to include additional facts in his undisputed facts section of the pretrial order. (ECF No. 275.) On January 12, 2017, Defendants filed an ex parte application to amend their exhibit list to include two documents that were inadvertently omitted from their pretrial statement. (ECF No. 287.) Defendants contend that it came to their attention that the documents had been admitted when Plaintiff brought the matter to their attention. Defendants requested that Plaintiff stipulate to allow the amendment, but he has refused. Accordingly, Defendants request the Court to amend the exhibit list to include 1) General Chrono (CDC 128B), authored by Defendant Szalai, dated July 11, 2004, and 2) General Chrono (CDC 128), authored by Defendant Alvarez, dated July 11, 2004.

　　　　The pretrial order in this action issued on December 7, 2016. Defendants have presented evidence that the documents were inadvertently omitted from their pretrial statement and once brought to their attention they attempted to remedy the issue by obtaining Plaintiff's stipulation

regarding the documents. This motion was filed just over one month after the pretrial order issued.

While it is unclear exactly when Defendants were notified that the documents were omitted from their pretrial statement, the Court does note that this period of time included two holidays and, based on Plaintiff's submissions to the Court, at times it was taking over a week for mail to be received from Plaintiff. (See ECF No. 274 (proof of service that document was mailed on December 19, 2016 and received by the Court on December 27, 2016).) The Court finds that Defendants have been diligent in attempting to correct the omission of these items from the pretrial order.

It is clear that Plaintiff is aware of these chronos as he has addressed them extensively in opposing the motion for summary judgment and in his pretrial filings. Plaintiff was also aware that Defendants intend to use these documents at trial as he addressed the issue in his objections to the pretrial order and raised them in his motions in limine. The Court finds that Plaintiff would not be prejudiced by allowing amendment of the pretrial order to include these chronos. Further, Defendants would suffer prejudice by being denied the ability to present evidence to support their defense in this action.

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' ex parte application to amend the exhibit list is GRANTED and the December 7, 2016 pretrial order is amended at 25:14 as follows:

    9.    General Chrono (CDC 128B), authored by Defendant Szalai, dated July 11, 2004

    10.    General Chrono (CDC 128), authored by Defendant Alvarez, dated July 11, 2004

IT IS SO ORDERED.

Dated: **January 12, 2017**

UNITED STATES MAGISTRATE JUDGE

2