# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH, | Case No. 1:08-cv-01655-SAB (PC) |
| Plaintiff, | ORDER RE MOTIONS IN LIMINE |
| v. | (ECF Nos. 272, 277, 284, 288) |
| D. UMPHENOUR, L. SZALAI, and J. ALVAREZ, | |
| Defendants. | |

Currently before the Court are the parties' motions in limine. Oral argument on the motions in limine was held on January 17, 2017. Plaintiff Louis Branch appeared telephonically and counsel Kristina Doan Gruenberg appeared for Defendants Umphenour, Szalai, and Alvarez. The Court conducted a thorough hearing addressing each of the parties' motions in limine. Plaintiff was able to articulate his objections and argue the facts and law for each of the motions in limine to which he objected to the Court's proposed ruling, as well as his argument for many of the motions in which the ruling was in Plaintiff's favor. Having considered the moving and opposition papers, the declarations and exhibits attached thereto, arguments presented at the January 17, 2017 hearing, as well as the Court's file, the Court issues the following order.

/ / /

/ / /

1

**I.**

**INTRODUCTION**

In April 2004, Plaintiff was transferred to Avenal State Prison ("ASP").  In June 2004, Plaintiff submitted a sworn declaration that he had witnessed an inmate being battered and assaulted by an officer at ASP.  Defendant Umphenour confronted Plaintiff and said he "would be dealt 'with' for submitting 'a false declaration against an officer.' "  Immediately thereafter, ASP officials caused Plaintiff to be transferred within the prison five times in two weeks "amid the calumny and obloquy that [p]laintiff was a 'snitch' and a 'baby raper.' "  After being transferred to Building 250, Plaintiff was stabbed four times, bludgeoned about the head and beaten to semi-consciousness while Defendants Umphenour, Szalai and Alvarez allegedly watched without intervening.  Plaintiff was then hospitalized and placed in segregation.

On July 7, 2008, Plaintiff filed the civil rights complaint in this action pursuant to 42 U.S.C. § 1983 in the Sacramento Division of the Eastern District of California.  On October 29, 2008, the matter was transferred to the Fresno Division of the Eastern District of California.  This action is now proceeding against Defendants Umphenour, Szalai, and Alvarez for failure to protect Plaintiff in violation of the Eighth Amendment and against Defendant Umphenour for retaliation in violation of the First Amendment.

Trial in this action is set to commence on January 30, 2017.  On December 27, 2016, Defendants filed motions in limine.  Plaintiff filed motions in limine on December 30, 2016.  On January 9, 2017, Defendants filed two oppositions to Plaintiff's motions in limine.[1]  On January 12, 2017, Plaintiff filed objections to Defendants' motions in limine.

**II.**

**LEGAL STANDARD**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious

---

[1] The Court has reviewed the two oppositions and they appear to be identical except that the second document contains the proof of service.  The Court shall disregard the opposition filed at ECF No. 283.

and evenhanded management of the trial proceedings." <u>Jonasson v. Lutheran Child and Family Services</u>, 115 F.3d 436,440 (7th Cir. 1997).  A motion <u>in</u> <u>limine</u> allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence.  <u>Brodit v. Cambra</u>, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions <u>in</u> <u>limine</u> that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises.  <u>Sperberg v. Goodyear Tire & Rubber, Co.</u>, 519 F.2d 708, 712 (6th Cir. 1975).  Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion <u>in</u> <u>limine</u> and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury.  <u>Jonasson</u>, 115 F.3d at 440.

**III.**

**DISCUSSION**

The Federal Rules of Civil Procedure provide that generally relevant evidence is admissible at trial.  Fed. R. Evid. 402.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

**A.**     **Plaintiff's Motions <u>in</u> <u>Limine</u>**

1.     <u>Motion to Exclude Evidence of Conviction</u>

Plaintiff seeks to exclude evidence of his conviction arguing that it is inadmissible because more than ten years has passed since his last conviction.  Defendants argue that since Plaintiff has not been released from custody his conviction is not inadmissible.  Further, Defendants contend they do not intend to question Plaintiff regarding the nature or substance of his felony conviction unless he "opens the door" to questions regarding the nature of his conviction.

1    Plaintiff was sentenced to life in prison after being convicted on counts of rape with

2  force, kidnapping for rape, and robbery.  (ECF No. 272-2 at 97, 103.[2])  Fed. R. Evid. 609(a)

3  permits impeachment by evidence of criminal conviction, but if more than 10 years have passed

4  since the conviction or release from confinement for it, the probative value, supported by specific

5  facts and circumstances, must substantially outweigh its prejudicial effect.  Fed. R. Evid. 609(b).

6    Pursuant to Rule 609(a)(1)(A), Plaintiff's felony conviction is admissible to impeach his

7  credibility.  Plaintiff seeks to exclude that he was convicted of a felony, but given that Plaintiff is

8  currently incarcerated and his legal claims in this action arose from events which occurred in

9  prison, the fact of Plaintiff's felony conviction will be apparent to the jury.

10    At the January 17, 2107 hearing, Plaintiff objected to the admission of the term of his

11  sentence on the ground that it is unduly prejudicial.  However, the Court finds that the term of his

12  conviction is relevant because it goes to his credibility.  Since Plaintiff has been sentenced to a

13  life sentence, the Court finds that the length of his sentence is relevant as to whether he would

14  suffer any consequence were he to perjure himself in this action.  Under the circumstances, the

15  fact and the term of his sentence, but not the details, of Plaintiff's convictions are admissible for

16  the limited purpose of impeaching his credibility and Plaintiff's motion is granted in part.  Fed.

17  R. Evid. 403, 609(a)(1)(A).[3]

18    2.    Motion to Exclude Exhibits

19    Plaintiff seeks to exclude four exhibits under Rule 403.  Plaintiff did not identify the

20  exhibits by exhibit number nor did he provide a copy of the exhibits for the Court's use.

21  Defendants respond that Plaintiff is seeking to exclude his own exhibits and they do not intend to

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[3] To the extent that any party "opens the door" as to any ruling in this order, the party wishing to introduce or exclude such evidence shall raise the issue outside the presence of the jury to allow the Court to decide the matter prior to such evidence being presented or excluded from the jury.  Each party must be prepared to argue why the ruling of the Court in this order must be changed in light of the evidence presented at trial and will not allow a party to merely reargue an issue already considered and ruled upon by the court prior to trial.  Additionally, as noted at the hearing, the Court is able to afford more time to each party to argue issues in a motion in limine hearing because the court has scheduled the time, is not governed by the jury's time and it commitment to finish the trial in a timely manner.  Such a methodical cannot be employed at trial as the jury's time is being taken and because the Court will not unnecessarily waste that time, each party must be prepared to give a succinct and expeditious explanation as to why the court should rule in its favor.

1   admit these documents at trial.  Further, Defendants agree to exclude reference to "baby

2   raper/snitch" unless Plaintiff makes allegations that such statements were made by Defendant

3   Umphenour or any other correctional officer at trial.  Accordingly, Plaintiff's motion to exclude

4   the 11/26/3003 Inspector General Memorandum, 5/19/2004 ASP Initial Classification Chrono,

5   "baby raper/snitch" complaint/discovery statements, and 7/19/2007 emergency safety appeal

6   #03042 is granted.

7       3.      <u>Motion to Exclude References to Sexual Innuendo, Misconduct, Calumny and</u>
8           <u>Obloquy</u>

9       Plaintiff seeks to exclude all references to sexual misconduct, innuendo, calumny and

10  obloquy maintained in any CDCR case records or in any statement whatsoever on the ground

11  that they would present a danger of unfair prejudice, confusion of the issues and misleading the

12  jury.  Defendants respond that they have been unable to ascertain what Plaintiff is moving to

13  exclude, other than those statements addressed by Plaintiff's motion <u>in</u> <u>limine</u> no. 2.

14      Although Plaintiff states that he seeks to exclude references contained in the "case

15  records", Plaintiff has not identified any exhibits which he seeks to exclude.  Plaintiff's request is

16  the type of motion <u>in</u> <u>limine</u> to exclude broad categories of evidence that are disfavored, as such

17  issues are better dealt with during trial as the admissibility of evidence arises.  <u>Sperberg</u>, 519

18  F.2d at 712.  Plaintiff's motion to exclude all references to sexual misconduct, innuendo,

19  calumny and obloquy maintained in any CDCR case records or in any statement whatsoever is

20  denied without prejudice.

21      4.      <u>Motion to Exclude Prison Disciplinary Records</u>

22      Plaintiff seeks to exclude all prison disciplinary records as character evidence.

23  Defendants respond that they do not intend to introduce Plaintiff's disciplinary records, however

24  they reserve the right to use the records as impeachment evidence.

25      Plaintiff's motion to exclude all prison disciplinary records is granted.  However, Plaintiff

26  is advised that such records may be used as impeachment evidence based upon the testimony

27  proffered at trial.  Therefore, if the disciplinary records are to be used for purposes of

28  impeachment, Defendants shall raise the issue outside the presence of the jury to allow the Court

to issue a ruling prior to the evidence being presented to the jury.

     5.    <u>Motion to Exclude Defendants' July 11, 2004 Chronos</u>

       Plaintiff seeks to exclude chronos of the 7/11/2004 incident.  Defendants respond that the chronos are not hearsay because they are statements of a party opponent, the court has already adjudicated Plaintiff's argument regarding the timing of production of the documents, and Plaintiff's argument that the documents are fraudulent goes to the weight and not the admissibility of the documents.

       Initially, Plaintiff contends that these documents were not produced until after the discovery cutoff date.  On November 7, 2014, the magistrate judge then assigned to this action issued an order denying Plaintiff's request to exclude the chronos from being used in this action.  (ECF No. 151.)  The magistrate judge found that the chronos had been produced to Plaintiff as soon as they were discovery and reopened discovery in order to allow Plaintiff an opportunity to conduct discovery regarding the documents to address any possible prejudice to Plaintiff based on the late production.  (<u>Id.</u> at 7-8.)  Plaintiff's motion to exclude the chronos based on the timeliness of their production has already been addressed by the Court; and Plaintiff's motion is denied on this ground.

       The documents at issue are two general chronos which have the typed name of Defendants Szalai and Alvarez.  (ECF No. 138-3 15 39, 35.)  Plaintiff seeks to exclude the chronos arguing they are signed by an unknown declarant and are therefore hearsay.  Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  In the absence of a procedural rule or statute, hearsay is inadmissible unless it is defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Rules 803, 804 or 807.  <u>See</u> Fed. R. Evid. 802; 30B Federal Practice & Procedure: Evidence § 7031 at 279.

       Plaintiff argues that the chronos are hearsay because of the signature on the documents; however, the signature on the documents is not relevant to whether the statements are hearsay.  The question is whether they are out of court statements being offered for the truth of the matter asserted and, if so, does an exception to the hearsay rule apply.  While Defendants argue that the

1   statements are non-hearsay because they are statements of a party opponent, under Rule 801 of

2   the Federal Rules of Evidence such statements would be non-hearsay if offered by Plaintiff.

3   However, Rule 801 does not allow a party to offer his own out of court statement to prove the

4   truth of the matter.

5        The chronos at issue here are out of court statements by the defendants and if offered for

6   the truth of the matter asserted they are clearly hearsay.   Therefore, they would only be

7   admissible if an exception to the hearsay rules applies or are defined as non-hearsay under Rule

8   801(d).  Defendants have not offered an exception to the hearsay rule that would apply to the

9   chronos at issue here.  Therefore, the Court shall grant Plaintiff's request.  The documents shall

10  be excluded; and if Defendants believe that a hearsay exception applies they shall address the

11  issue with the Court outside the presence of the jury prior to attempting to admit the documents.

12       Plaintiff also seeks to preclude the defendants from offering testimony included in the

13  chronos.  While Plaintiff zealously advocates his interpretation of the law, a party may proffer

14  testimony regarding facts that are within his personal knowledge.  Fed. R. Evid. 602.  Plaintiff

15  relies on Tome v. U.S., 513 U.S. 150 (1995), to argue that Defendants should not be allowed to

16  testify to the substance of the statements included in the chronos.

17       Tome, was a criminal action in which the defendant was on trial for felony sexual abuse

18  of a child.  Tome, 513 U.S. at 153.  After the victim testified at trial, the prosecutor admitted

19  testimony from six individuals regarding prior consistent statements that the victim had made

20  describing the defendant's acts.  Id. at 153-54.  On appeal, the Supreme Court was addressing the

21  admissibility of the prior consistent statements made by the victim to other individuals under

22  Federal Rule of Evidence 801(d)(1)(B).  Id. at 153-55.

23       Under Rule 801(d)(1)(B), a prior consistent statement is not hearsay when it is offered to

24  rebut an express or implied charge that the statement was recently fabricated or that the declarant

25  acted from a recent improper influence or motive in the testimony.  The Tome court was

26  considering whether the victim's statements **made to the witnesses** were admissible as a prior

27  consistent statement even though they were made after her alleged motive to fabricate the

28  testimony arose.  Id. at 160-165.

Although the Court appreciates Plaintiff's zealous advocacy of his position, <u>Tome</u> did not hold that the victim's testimony was inadmissible.  While a prior statement such as the chronos in this case are hearsay and Rule 801 could apply if Defendants attempted to admit the statements as a prior consistent statement, an individual's testimony based upon his personal knowledge is not hearsay.  Therefore, <u>Tome</u> is not applicable to the defendants' testimony in this action.  While Plaintiff's arguments could be applied to counter a claim that the chronos are prior consistent statements if Plaintiff challenges the defendant's testimony at trial, the testimony itself is not inadmissible.

Finally, Plaintiff argues that the chronos are fraudulent and the defendants have perpetuated a fraud on the Court.  Plaintiff's argument that the documents are fraudulent goes to the weight of the evidence and not the admissibility.  If the documents are found to be admissible at trial, Plaintiff will have the opportunity to cross examine the declarant and can make argument to the trier of fact regarding the reliability of the documents.  Plaintiff's motion to exclude the July 11, 2007 chronos of Defendants Alvarez and Szalai is granted.[4]

6.   <u>Motion to Exclude Objections to Pretrial Order</u>

Plaintiff requests that all the December 19, 2016 objections to the pretrial order be excluded.  To the extent that Plaintiff seeks to incorporate those issues raised in his objections to the pretrial order into the current motions <u>in</u> <u>limine</u>, he may not do so.  Plaintiff was advised that he must raise his motions <u>in</u> <u>limine</u> in the current motion.  Plaintiff's motion to exclude all objections to the pretrial order is denied.  Plaintiff may raise appropriate evidentiary objections as they arise during the trial of this action.

**B.   Defendants' Motions <u>in</u> <u>Limine</u>**

Other than Defendant's motion <u>in</u> <u>limine</u> no. 10, Plaintiff does not address the specific motions in limine in a manner in which the Court can determine the motion to which he is responding.  Ultimately, Plaintiff states that he is amending his exhibit list to eight exhibits.  However, Plaintiff did not provide the exhibits or otherwise identify which of the Defendants'

---

[4] To the extent that the foundational basis of admissibility relies on trustworthiness, Plaintiff, if he chooses,  may cross examine as to the foundational basis prior to the document being admitted into evidence.

motions in limine would apply to any specific exhibit.  Therefore, the Court is unable to determine if the exhibits he intends to use at trial fall within the motions in limine raised by Defendants.

### 1. Motion to Exclude News Stories Regarding CDCR Wrongdoing

Defendants seek to exclude news articles regarding alleged wrongdoing by CDCR. Specifically, Defendants seek to exclude an August 1, 2010 article from the Sacramento Bee (ECF No. 27-2 at 3-6), an August 8, 2010 article from the Sacramento Bee (id. at 8), and a December 12, 2015 story from the Bay Area News Group (id. at 9), on the grounds that they are irrelevant in this action, address incidents that occurred long after the events alleged herein about different issues, and would mislead the jury and confuse the issues.

As stated above, hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).  Newspaper articles are inadmissible hearsay as to their content.  Larez v. City of Los Angeles, 946 F.2d 630, 642 (9th Cir. 1991).  To the extent that such evidence could be relevant, newspaper articles are also excluded on the grounds that they are not the best evidence of the information contained within.  Am. Civil Liberties Union of Nevada v. City of Las Vegas, 13 F. Supp. 2d 1064, 1070 (D. Nev. 1998).  To the extent that Plaintiff seeks to admit the newspaper articles for the truth of the matters asserted within, the articles are excluded on the grounds that they are inadmissible hearsay.

This action is proceeding on Plaintiff's claims that Defendants Umphenour, Szalai, and Alvarez stood by and failed to protect him while he was being attacked by other inmates at Avenal State Prison and that Defendant Umphenour retaliated against Plaintiff for submitting a declaration in support of another inmate's grievance against a correctional officer.  Even if the articles identified were not inadmissible on the grounds of hearsay, they do not make any fact at issue in this action more or less probable than it would be without the evidence.

The first article was published on Sunday, August 1 which alleges that due process for prisoners is being violated in prisoner disciplinary proceedings and discusses incidents at various institutions within the CDCR and contains statements from various inmates and prison officials.

1   (ECF No. 272-2 at 3-6.)  The second story is a follow-up editorial to the August 1 story which

2   was published on August 8, 2010 discussing the reporter's series of articles.  (ECF No. 272-2 at

3   8.)  Plaintiff's claims in this action do not involve violations of his due process rights during a

4   disciplinary hearing, and the incidents reported in this article did not occur at Avenal State Prison

5   nor are they similar to Plaintiff's claims in this action.

6        The third article was published on December 17, 2015, and discusses a report by the

7   California Inspector General after an investigation at High Desert State Prison found that the

8   state prison system has created a "culture of racism", engages in alarming use of force against

9   inmates, and has a code of silence.  (Id.)  Similar to the prior two articles, the newspaper article

10  discusses High Desert State Prison and the results of the investigation are unrelated to the

11  incidents raised in this action.  Therefore, the Court finds that the newspaper articles are not

12  relevant to the claims proceeding here.

13       Finally, to the extent that there could be some minimal relevance in this action, the

14  articles would be excluded on the grounds that they would mislead and confuse the jury and

15  prejudice the defendants.  The information in the articles could result in the jury basing their

16  verdict in this action on incidents that occurred at other institutions and involving other

17  correctional officers, rather than the evidence regarding the incident that occurred here.  Thus,

18  the Court finds that the probative value of such evidence is substantially outweighed by the

19  danger of misleading and confusing the jury and unfair prejudice to the defendants.

20       Defendants' motion to exclude Plaintiff's exhibits 1, 2, and 3 is granted.

21       2.    Motion to Exclude Reference to "Code of Silence" or "Green Wall"

22       Defendant moves to exclude any testimony, questions, or arguments regarding the "Code

23  of Silence" or "Green Wall."  Defendant argues that the terms are irrelevant, overly prejudicial,

24  and would be an undue consumption of time.

25       The issue to be decided by the jury in this action is whether Defendants Umphenour,

26  Szalai, and Alvarez stood by and failed to protect Plaintiff while he was being attacked by other

27  inmates at ASP and Defendant Umphenour retaliated against Plaintiff.  The Court finds that

28  testimony or arguments regarding the "Code of Silence" or "Green Wall" would have little if any

1   relevance in determining whether Defendants Umphenour, Szalai, and Alvarez engaged in the

2   acts alleged.

3        If testimony regarding the "Code of Silence" or "Green Wall" was to be admitted during

4   the trial, it would serve to cause confusion on the issues to be decided in this action and mislead

5   the jury.  Presentation of such evidence would create a trial within the trial and would waste the

6   time of the jury and the Court.  Finally, the proposed testimony would likely result in unfair

7   prejudice against Defendants Umphenour, Szalai and Alvarez.  See Allen v. City of Los Angeles,

8   No. 2:10-cv-04695 CAS (RCx), 2012 WL 1641712, at *2 (C.D. Cal. May 7, 2012) (finding use

9   of term "Code of Silence" unduly prejudicial); Engman v. City of Ontario, No. 5:10-cv-00284-

10  CAS (PLAx), 2011 WL 2463178, at *4 (C.D. Cal. June 20, 2011) ( use of terms such as "Code

11  of Silence", "Wall of Silence", "testilying", etc. are unfairly prejudicial to defendant); Buckley v.

12  Evans, No. 2:02-cv-01451-JKS, 2007 WL 2900173, *5 (E.D. Cal. Sept. 28, 2007) (precluding

13  plaintiff from introducing evidence of "Code of Silence" and "Green Wall").  Thus, the Court

14  finds that the probative value of such evidence is substantially outweighed by the danger of

15  unfair prejudice.

16       Plaintiff may question correctional officer witnesses on whether their testimony is

17  truthful and may argue that any correctional officer who testifies for the defendant is prejudiced

18  and is lying for his fellow officers simply because they work together, are affiliated with one

19  another, or are friends.   In all other respects, Defendants' motion in limine is granted.

20  Discussing the "Code of Silence" or "Green Wall" will not be allowed on the grounds of

21  relevance and the danger of undue prejudice under Federal Rule of Evidence 403.

22       3.   Motion to Exclude Reference to Plaintiff's Complaints Regarding Other
          Institutions
23

24  Defendants' third motion in limine seeks to exclude evidence regarding problems

25  Plaintiff had at other correctional institutions prior to being transferred to ASP and after the

26  incidents alleged in this action.  Specifically, Defendants reference the following exhibits:

27       4.   A memo from the Office of the Inspector General dated 11/26/2002 stating that

28            Plaintiff's claims have been investigated and no further action is required.

7.     Classification actions dated 4/15/03 and 1/28/04 signed by J. Mejia.

8      Mental Health Note dated 7/3/03; a 7/14/03 general chrono signed by R. Matus regarding Plaintiff being at the Central Facility Heath Care and seeing a known enemy; an August 22, 2003 court order requiring CDCR to respond to a habeas petition regarding the incident.

9.     Classification action dated 11/14/03 signed by E. Donnelly approving transfer.

15.    An April 21, 2004 memorandum from B. Gentry informing Plaintiff that his appeal had been lost or misplaced and he could refile.

30     Classification action dated 2/8/05 and signed by R. Hernandez rescinding prior action.

31     Emergency Appeal dated 7/19/07 requesting transfer which was granted.

32     An 11/16/07 Memorandum from Plaintiff to K. Sampson at California Correctional Institution, Tehachapi, regarding transfer.

33     A November 27, 2007 letter from M. Witcher acknowledging request to rescind transfer.

34     A September 29, 2010 note by E. Diaz noting that it was discovered that Plaintiff had an enemy at CTF.

In order to be admissible, evidence must make a fact at issue in this action more or less probable than it would be without the evidence.  As discussed above, the sole issues that the jury will be asked to decide in this action are whether Defendants failed to protect Plaintiff on July 11, 2004; and whether Defendant Umphenour retaliated against Plaintiff at ASP.  Plaintiff's complaints and interactions with other correctional officers at other institutions before and after his confinement at ASP are not relevant in this action.

Further, admission of Plaintiff's complaints regarding other incidents would run the risk of turning this action into a mini trial on each of Plaintiff's complaints which would lead to confusion of the jury and waste of time.  Defendants' motion to exclude Plaintiff's exhibits 4, 7, 8, 9, 15, 30, 31, 32, 33, 34 and reference to Plaintiff's complaints regarding other institutions is granted.

4.      Motion to Exclude Reference to Plaintiff's Transfer to and Within ASP or General Complaints about Safety

Defendants' motion in limine no. 4 seeks to exclude evidence regarding his transfer from Folsom State Prison to ASP, his transfers within different buildings at ASP, and his generalized safety concerns while he was at ASP.

Defendants seek to exclude the following exhibits as they all pertain to his transfer from Folsom State Prison to ASP.

10      Citizen complaint by Plaintiff's mother to the warden of Folsom State Prison dated March 15, 2004 regarding a phone call she received from J.R. Ellison; an October 13, 2004 letter from Plaintiff's mother's doctor to H. B. Heise.

11      A March 30, 2004 letter from Warden Shepherd to Plaintiff's mother acknowledging receipt of her complaint against Mr. Elison; an April 8, 2004 letter from Warden Shepherd to Plaintiff's mother that the investigation was completed.

12      An April 12, 2004 memorandum from Cheryl Pliler to staff regarding mission changes at Folsom State Prison and Pleasant Valley State Prison.

13.     An April 16, 2004 Classification action signed by L. Ping.

14.     An April 15, 2004 letter from Charles Carbone to Linda Rianda on behalf of Plaintiff regarding the transfer to ASP.

16.     Initial Classification action dated May 19, 2004 and signed by J.M. Fuentes, P. Baker, and K. Bay.

17.     May 26, 2004 letter from Warden Knowles to Charles Carbone addressing request to transfer Plaintiff.

28.     January 21, 2005 classification action signed by P. O'Daniel.

Plaintiff's claims for retaliation by being transferred were dismissed from this action on May 11, 2011 for failure to link any defendant to the actions.  (ECF No. 29 at 5-6.)  The only claims at issue here are the failure to protect claims against the three remaining defendants and retaliation claim against Defendant Umphenour.  The only exhibit which the Court finds could

be potentially relevant in this action would be the initial classification upon receipt at ASP, exhibit 16.  At the January 17, 2017 hearing, Plaintiff agreed that this document should be excluded in this action.

The Court finds that these documents which relate to Plaintiff's transfer are not relevant in this action.  Further, the documents should be excluded because their admission would result in misleading the jury, confusion of the issues, and waste of time.  Accordingly, Defendants' motion to exclude exhibits 10, 11, 12, 13, 14, 16, 17, and 28 is granted.

5. <u>Motion to Exclude Internal Affairs Investigation into the Incident</u>

Defendants seek to exclude evidence that there was an internal affairs investigation into the July 11, 2004 incident on the grounds that it is irrelevant, overly prejudicial, and an inadmissible subsequent remedial measure.  In his opposition, Plaintiff states that he seeks to admit the internal affairs investigation to show that no remedial measures were taken as suggested by Defendants' motion to exclude.  However, whether remedial measures were taken after the incidents alleged in this complaint is not relevant to whether Defendants failed to protect Plaintiff or Defendant Umphenour retaliated against Plaintiff.

At the January 17, 2017 hearing, Plaintiff argued that the investigation was relevant because it did not appear that anyone was interested in discovering who had assaulted him.  However, whether the internal affairs investigation discovered or attempted to discover who the assailants were is not relevant to whether the defendants failed to protect Plaintiff and if Defendant Umphenour retaliated against Plaintiff.

Further, to the extent that the internal affairs investigation is relevant, there is a danger that the jury would infer wrongdoing based upon the fact that an investigation occurred.  Additionally, admission of the fact that the investigation occurred would create a mini trial on the investigation itself and the findings which would waste time and create confusion of the issues.  The Court finds that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and wasting time.

Defendants' motion <u>in</u> <u>limine</u> no. 5 to exclude the internal affairs investigation into the incident is granted.

1    6.    Motion to Exclude "Good Character" Evidence

2    Defendant moves to preclude Plaintiff from offering exhibit 35 as it is evidence of good

3    character.   Exhibit 35 is a series of documents as follows:   A comment which appears to

4    recommend consideration of recognizing Plaintiff for a heroic act on May 28, 1985 (ECF No.

5    272-2 at 92), a report from April 10, 1985 indicating that Plaintiff was involved in a major racial

6    disturbance taking weapons away from other inmates and attempting to calm them down (id. at

7    93-94); a March 19, 1991 general chrono stating that Plaintiff turned over a metal object he

8    found on the yard (Id. at 94); and a March 19, 1992 general chrono that stated Plaintiff reported

9    that the type writer in the law library could be used as weapon making material (id. at 95).

10    Evidence must be relevant to be admissible.  Fed. R. Evid. 401.  The Court finds that the

11    documents in exhibit 35 are not relevant to the claims that are proceeding in this action.

12    Moreover, "[e]vidence of a person's character or character trait is not admissible to prove that on

13    a particular occasion the person acted in accordance with that character or trait," Fed. R. Evid.

14    404(a)(1), similarly "[e]vidence of a crime, wrong, or other act is not admissible to prove a

15    person's character in order to show that on a particular occasion, the person acted in accordance

16    with the character," Fed. R. Evid. 404(b)(1).  Defendants' motion to exclude exhibit 35 is

17    granted.

18    7.    Motion to Exclude Testimony that Assailants were Defendants' "Gang Member
          Agents"
19
20    Defendants move to exclude testimony that the inmates who attacked Plaintiff were their

21    "gang member agents."   Defendants argue that Plaintiff has no evidence to support such an

      allegation or that the defendants are tied to any gang.  Defendants argue that the terminology is
22
      irrelevant, inflammatory, and unduly prejudicial.
23
24    Plaintiff does not address Defendants' motion in limine no. 7, however similar to the

25    findings in Defendants' motion in limine no. 2, the Court shall exclude all references to "gang

      member agents" as unduly prejudicial.  Defendants' motion in limine no. 7 is granted.
26
      //
27
      //
28

8.      Motion to Exclude Testimony that Defendants Falsified Chronos Regarding the July 11, 2004 Incident

Defendants move to exclude Plaintiff from testifying that Defendants falsified the chronos regarding the July 11, 2004 incident on the grounds that it is speculative.

Plaintiff may proffer testimony regarding the chronos that is **within his personal knowledge**. Fed. R. Evid. 602. Further, a lay witness may offer an opinion that is "rationally based on the witness's perception; helpful to clearly understanding the witness's testimony or to determining a fact in issue; and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Plaintiff's opinion that the chronos were falsified is based upon his opinion and not on personal knowledge. Should the chronos be placed into evidence, Plaintiff may not testify to his speculation about the evidence.

If admitted into evidence, Plaintiff may question the defendants regarding the manner in which the chronos were discovered and produced. Plaintiff may also present argument to the jury during closing argument on the reliability of the chronos and his opinion of them based on the evidence presented at trial. However, Plaintiff may not proffer testimony that the Defendants falsified the chronos as this is speculative until a further foundation is laid.

Defendants' motion in limine no. 8 to exclude testimony that Defendants' falsified the July 11, 2004 chronos is granted.

9.      Motion to Exclude Testimony that Defendant Umphenour "Sabotaged" Plaintiff's Property

The screening order in this action found that Plaintiff had stated a retaliation claim against Defendant Umphenour based upon his allegations that Defendant Umphenour told him he would be "dealt with" for making a false declaration against an officer and then failing to intervene when Plaintiff was attacked by inmates. (ECF No. 103 at 10.) The screening order found that Plaintiff had failed to link Defendant Umphenour to any other retaliatory acts and the allegations that his property was sabotaged were vague. (Id.) Finally, the screening order found that even if Defendant Umphenour did gather and inventory Plaintiff's belongings the complaint was devoid of any factual allegations that Defendant Umphenour took any adverse action against

1    Plaintiff's property.  (Id.)  Defendants argue that based on these findings evidence of the

2    "sabotage" of Plaintiff's property is irrelevant in this action.

3         Here, the question is not whether Plaintiff stated a claim based upon these facts in the

4    complaint, but whether the evidence is relevant to the claims that are proceeding to trial in this

5    action.  Plaintiff must prove five elements to prevail on his retaliation claim: "(1) [A] state actor

6    took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct,

7    and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the

8    action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d

9    559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012);

10   Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).  Plaintiff must prove that Defendant

11   Umphenour acted with a retaliatory motive and can make such a showing by the timing of the

12   allegedly retaliatory act and other circumstantial as well as direct evidence.  Quiroz v. Short, 85

13   F.Supp.3d 1092, 1099 (N.D. Cal. 2015).

14         Evidence that Defendant Umphenour did other retaliatory acts toward Plaintiff could

15   make the fact of whether he retaliated against Plaintiff on July 11, 2004 more probable than it

16   would be without the evidence.  Therefore, other retaliatory acts could be relevant to the

17   retaliation claim in this action.  Further, while Defendants request to exclude evidence of the

18   "sabotage" of Plaintiff's property, they did not object to Plaintiff's statement of facts in the

19   pretrial order that Defendant Umphenour packed his belongs and when Plaintiff's property was

20   unsealed it had been sabotaged.  (ECF No. 265 at 7:3-8.)

21         Plaintiff seeks to admit a Mule Creek State Prison Property Inventory Sheet.  (ECF No.

22   272-2 at 66.)  As previously stated, Plaintiff may testify to facts within his personal knowledge.

23   This would include what he discovered when he received his property, but the prison inventory

24   sheet is hearsay and is therefore inadmissible unless there is an exception to the hearsay rule that

25   applies.  Plaintiff argues that the business record exception would apply.  At trial, Plaintiff will

26   have to either obtain a stipulation for the admission of the exhibit or establish the appropriate

27   foundation for the exception if he seeks to admit the exhibit at trial.

28         Defendants' motion in limine no. 9 shall be denied subject to being renewed during trial

1  at which time the Court can determine the relevance to the claims proceeding in this action.

2       10.    Motion for Plaintiff to be Appropriately Restrained During Trial

3       Defendants request that Plaintiff be restrained during the trial of this matter citing his

4  previous criminal and custodial history.  Defendants request that Plaintiff be required to remain

5  in shackles, or at least leg restraints attached to the cement bucket, during trial.

6       Plaintiff opposes the motion stating that he is 70 years old and does not have the ability to

7  run therefore he does not pose a threat if he appears without shackles.  Further, Plaintiff states

8  that there is a danger of unfair prejudice, confusion of the issues and misleading the jury.

9       When a civil action involves an inmate, the court should be wary of requiring the inmate

10  to appear in restraints.  See Tyars v. Finner, 709 F.2d 1274, 1284-85 (9th Cir. 1983); Ellis v.

11  Navarro, No. 4:07-cv-05126 SBA, 2012 WL 3580284, at *5 (N.D. Cal. Aug. 17, 2012).  While a

12  trial court has the discretion to order that an inmate appear in shackles, the decision is guided by

13  a two part test.  Morgan v. Bunnell, 24 F.3d 49, 51 (9th Cir. 1994); Ellis, 2012 WL 3580284, at

14  *5.  "First the court must be persuaded by compelling circumstances that some measure was

15  needed to maintain the security of the courtroom.  Second, the court must pursue less restrictive

16  alternatives before imposing physical restraints."  Morgan, 24 F.3d at 51 (internal punctuation

17  and citations omitted).  Shackling an inmate is proper where a serious threat of escape or danger

18  to those in and around the courtroom exists.  Wilson v. McCarthy, 770 F.2d 1482, 1485 (9th Cir.

19  1985).  "The judge has wide discretion to decide whether a defendant who has a propensity for

20  violence poses a security risk and warrants increased security measures."  Morgan, 24 F.3d at 51.

21       In this instance, Plaintiff is serving a life sentence on two counts of rape with force and

22  robbery.  (ECF No. 272-2 at 97.)  Plaintiff also has prior convictions for kidnap to commit

23  robbery and escape.  (Id.)  Plaintiff has been arrested for battery, burglary, robbery, possession of

24  a controlled substance, murder, escape, kidnap and rape.  (Id.)  Plaintiff escaped from a Fresno

25  County Court in 1968. (Id.)  A second escape in is noted on November 8, 1973.  (ECF No. 272-2

26  at 99.)  Defendants have also submitted an initial classification review on March 9, 2005

27  showing that Plaintiff's

28       [d]isciplinary history is extensive and includes CDC-115's issued for disobeying

orders, disruptive behavior, inappropriate contact with civilian volunteer, threatening staff, disrespect towards staff, manipulation of staff, indecent exposure, assault on female staff, fondling female staff and conduct conducive to violence, refusal to take TABE test, misuse of state property, manipulating staff, disobeying direct orders, possession and control of inmate manufactured alcohol, threatening staff, exposing his penis, assault female Correction Officer in sexual manner, sexual misconduct, and numerous more. Additionally Subject has numerous CDC-128-A's Custodial Counseling chronos for sexual behavior, out of bounds, disobeying direct orders, failure to report and several more.

(ECF No. 272-2 at 99.)

Based on Plaintiff's convictions for rape and escape, his defiance of correctional officers, and his history of sexual assaultive behavior in prison, Plaintiff does pose a risk of danger to those in the courtroom during the trial of this matter. In this instance, there are compelling circumstances to show that some measure of restraint is needed to maintain the security of the courtroom.

It is the standard practice of this Court that any civil trial plaintiff who has been convicted of a felony will remain shackled at the ankles to the floor. The Court finds that Plaintiff will not suffer any prejudice because the shackles will not be in sight of the potential jury during voir dire or the jury once it is selected as the counsel tables are skirted. Plaintiff may testify from the counsel table in order for him to have his exhibits, notes, and other documents within easy reach during his testimony or he may choose to testify from the witness stand. If Plaintiff chooses to testify from the witness stand he will be situated on the stand and placed in leg restraints while the jury is out of the courtroom. Should any safety related event occur during the trial, Defendants may renew the request for additional shackling.

## C.      Plaintiff's Request to Strike Documents from the Record

Plaintiff objects to Defendants filing his exhibits in the record and asks that they be stricken from the record or censored. In the pretrial order, the parties were advised that "[i]f the exhibit sought to be admitted would not be in the court's possession one week prior to the motion in limine hearing, then the exhibit in question must be included in the motion. Failure to properly reference or attach an exhibit in the motion will result in the request being denied." (ECF No. 265 at 18:22-25.) The Court is not in possession of the parties exhibits and therefore, Defendants properly

1   filed the exhibits which were the subject of their motions in limine with the motion.

2          This action is no different than any other action in this court in which documents are filed

3   in the record.  As Plaintiff points out in his opposition, the jury in this action will be instructed

4   not to search the internet or do any research into this action.  The jury will be provided with and

5   instructed to only consider those exhibits that are admitted into evidence in this action.

6   Plaintiff's request to strike the exhibits attached to Defendants' motion in limine is denied.

7          Although unclear what Plaintiff means by requesting the exhibit be "censored", the Court

8   construes this to be a motion to file the exhibits under seal.  Courts have long recognized a

9   "general right to inspect and copy public records and documents, including judicial records and

10  documents."  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)

11  (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)).  Nevertheless, this

12  access to judicial records is not absolute.  Kamakana, 447 F.3d at 1172.  The court has

13  recognized a category of documents that is not subject to the right of public access because the

14  documents have "traditionally been kept secret for important policy reasons."  Times Mirror Co.

15  v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989).  Since resolution of disputes on the merits

16  "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and

17  of significant public events[,] . . . " 'compelling reasons' must be shown to seal judicial records

18  attached to a dispositive motion."  Kamakana, 447 F.3d at 1179.  However, where the request to

19  seal addresses "private materials unearthed in discovery" a different standard applies.  Pinto, 605

20  F.3d at 678.  To seal records attached to a discovery or non-dispositive motions, the moving

21  party is required to show that good cause exists to seal the documents.  Id.

22         Good cause is a lower standard in which the Court balances the need for discovery

23  against the need for confidentiality.  Pintos, 605 F.3d at 678.  "A party asserting good cause

24  bears the burden, for each particular document it seeks to protect, of showing that specific

25  prejudice or harm will result if no protective order is granted."  Foltz v. State Farm Mut. Auto.

26  Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips ex rel. Estates of Byrd v. Gen. Motors

27  Corp., 307 F.3d 1206, 1210 (9th Cir. 2002).  If the court finds that particularized harm will result

28  from disclosure of the information it then balances the public and private interests to determine if

1   the information should be filed under seal.  <u>Phillips</u>, 307 F.3d at 1210.

2          Assuming without deciding that the lower standard would apply in this instance, Plaintiff

3   does not address why the records should be sealed other than the fact that they are public.

4   Plaintiff has not demonstrated that there is good cause to seal the records.

5                                          **VI.**

6                          **CONCLUSION AND ORDER**

7          Based on the foregoing, IT IS HEREBY ORDERED that:

8      1.      Plaintiff's motions <u>in</u> <u>limine</u> are GRANTED IN PART AND DENIED IN PART

9              as follows:

10     a.      Plaintiff's motion <u>in</u> <u>limine</u> no. 1 is GRANTED IN PART and the fact of

11             Plaintiff's conviction and the term of the conviction, but not the details are

12             admissible for the limited purpose of impeaching his credibility;

13     b.      Plaintiff's motion <u>in</u> <u>limine</u> no. 2 to exclude the 11/26/3003 Inspector General

14             Memorandum, 5/19/2004 ASP Initial Classification Chrono, "baby raper/snitch"

15             complaint/discovery statements, and 7/19/2007 emergency safety appeal #03042

16             is GRANTED;

17     c.      Plaintiff's motion <u>in</u> <u>limine</u> no. 3 to exclude all references to sexual misconduct,

18             innuendo, calumny and obloquy maintained in any CDCR case records or in any

19             statement whatsoever is DENIED without prejudice;

20     d.      Plaintiff's motion <u>in</u> <u>limine</u> no. 4 to exclude all prison disciplinary records is

21             GRANTED;

22     e.      Plaintiff's motion <u>in</u> <u>limine</u> no. 5 to exclude the July 11, 2007 chronos of

23             Defendants Alvarez and Szalai is GRANTED;

24     e.      Plaintiff's motion <u>in</u> <u>limine</u> no. 6 to exclude all objections in the pretrial order is

25             DENIED;

26     2.      Defendants' motions <u>in</u> <u>limine</u> are GRANTED IN PART AND DENIED IN

27             PART as follows:

28     a.      Defendants' motion <u>in</u> <u>limine</u> no. 1 to exclude all news stories (Exhibits 1, 2, and

1   3) regarding CDCR wrongdoing is GRANTED;

2   b.   Defendants'' motion in limine no 2 to exclude all reference to the "Code of

3   Silence" or "Green Wall" is GRANTED;

4   c.   Defendants' motion in limine no 3 to exclude reference to Plaintiff's complaints

5   regarding other institutions (Exhibits 4, 7, 8, 9, 15, 30, 31, 32, 33, 35) is

6   GRANTED;

7   d.   Defendants' motion in limine no. 4 to exclude reference to Plaintiff's transfer to

8   and within ASP or general complaints about safety is GRANTED and Exhibits

9   10, 11, 12, 13, 14, 16, 17, and 28 are excluded;

10   e.   Defendants' motion in limine no. 5 to exclude the internal affairs investigation

11   into the incident is GRANTED;

12   f.   Defendants' motion in limine no. 6 to exclude "good character" evidence (Exhibit

13   35) is GRANTED;

14   g.   Defendants' motion in limine no. 7 to exclude testimony that the inmates who

15   attacked Plaintiff were Defendants' "gang member agents" is GRANTED;

16   h.   Defendants' motion in limine no. 8 to exclude testimony that Defendants falsified

17   chronos is GRANTED;

18   i.   Defendants' motion in limine no. 9 to exclude testimony that Defendant

19   Umphenour "sabotaged" Plaintiff's property is DENIED;

20   j.   Defendants' motion in limine no. 10 for Plaintiff to be appropriately restrained

21   during trial is GRANTED IN PART and Plaintiff will remain shackled at the

22   ankles to the floor during the trial of this matter; and

23   //

24   //

25   //

26   //

27   //

28   //

1        3.      Plaintiff's request to strike documents from the record is DENIED.

2

3   IT IS SO ORDERED.

4   Dated:   __**January 18, 2017**__

         UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28