# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. UMPHENOUR, L. SZALAI, and J. ALVAREZ,<br><br>　　　　Defendants. | Case No. 1:08-cv-01655-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' OUT OF COURT STATEMENTS WHICH IS CONSTRUED AS A MOTION FOR RECONSIDERATION<br><br>(ECF No. 305) |

On January 18, 2017, an order issued addressing the parties' motions in limine. (ECF No. 301.) On January 25, 2017, Plaintiff filed a motion to exclude Defendants' out of court statements which the Court construes as a motion for reconsideration of the denial of Plaintiff's request to exclude Defendants from proffering testimony consistent with chronos that were produced during discovery in this action.

## I.

## LEGAL STANDARD

Under Rule 60(b) of the Federal Rules of Civil Procedure, a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a

1 new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or 6) any other reason that justifies relief.  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal punctuation and citations omitted).

Requests for reconsideration are also governed by Local Rule 230(j) which provides that a party seeking reconsideration must set forth the material facts and circumstances surrounding the motion for reconsideration, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown at the time of the prior motion."

**II.**

**DISCUSSION**

As relevant to the current motion, in this action, Plaintiff alleges that Defendants Umphenour, Szalai, and Alvarez failed to protect him by failing to intervene when he was being attacked by other inmates.  At summary judgment, Defendants Szalai and Alvarez included chronos which stated that at the time Plaintiff was being attacked they were not on the yard. Further, all three defendants proffered declarations addressing where they were at the time that Plaintiff was attacked.  Specifically, the chrono for Defendant Szalai states that he "was in the staff office preparing for 1645 Institutional Count" at approximately 4:30 on July 11, 2004, when he heard Plaintiff being paged over the public address system. (General Chrono, ECF No. 305 at 5.[1])  The chrono for Defendant Alvarez states that he "had just exited the Staff Bathroom in

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  Housing Unit 250," and heard Plaintiff being paged over the public address system.  (General
2  Chrono, ECF No. 305 at 6.)  The Court has granted Plaintiff's request to have these chronos
3  excluded during the trial.  Defendant Umphenour stated in his declaration that shortly before
4  4:30 he was patrolling the "C" side of Housing Unit 250, and when he returned to the podium he
5  was informed that Sgt. Wicks was looking for an inmate who was attempting to buy a weapon
6  from another inmate. (ECF No. 305 at 13.)  However, Plaintiff also contends that the Defendants
7  may not testify to the substance of the information contained within the chronos or their
8  declarations.

9  While Plaintiff brings the current motion to "clarify" his position on the exclusion of the
10 statements and presents the same argument that he proffered in the motion in limine briefing,
11 Plaintiff has clearly articulated his arguments and the law upon which he relies in support.
12 Plaintiff argues that the defendants out of court statements cannot be admitted at the trial of this
13 action because they are out of court statements and were made after the motive to fabricate arose.
14 However, Plaintiff is confusing the issue of hearsay statements with a witness' testimony during
15 the trial.  Cf. Fed. R. Evid. 801 and Fed. R. Evid. 602.

16 As set forth in the order addressing the parties' motions in limine, the cases upon which
17 Plaintiff relies do not hold that a witness cannot offer testimony at trial if it is consistent with
18 hearsay that was made after the motive to fabricate arose.  The cases upon which Plaintiff relies
19 address the situation where a prior out of court statement is being offered to show that the
20 witness made a statement consistent with the testimony that he is offering in the instant
21 proceeding.[2]  While there may be other objections that could apply, a witness' testimony during
22 trial that is based on his personal knowledge is not hearsay and cannot be excluded on that
23 ground.  Plaintiff's motion in limine to exclude the chronos has been granted.  However, as the
24 parties were advised in the order addressing the motions in limine, circumstances during the trial

---

[2] As defined by the Federal Rules of Evidence, hearsay is a statement that is not made while testifying in the current trial or hearing and is offered by a party to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  However, a prior statement that is consistent with the declarant's testimony is not hearsay when offered to rebut an express or implied charge that the declarant recently fabricated the testimony or acted from an improper motive in testifying. Fed. R. Evid. 801(d)(1)(B).  Here, as to the testimony that Plaintiff is seeking to have excluded, no prior statement is being offered.  The witness is testifying as to personal knowledge.

can arise that cause excluded evidence to become admissible. If such a circumstance arises the parties have been informed that the issue must be raised outside of the presence of the jury for the Court to issue a ruling before the evidence is presented to the jury.

Further, to the extent that Plaintiff argues that the statements were not subject to cross examination, during the trial of this matter he will have the opportunity to cross examine each witness that offers testimony about their personal knowledge of the events at issue in this action. This will be Plaintiff's opportunity to test the veracity of the witness' testimony.

### III.
### CONCLUSION AND ORDER

Plaintiff has not demonstrated any grounds for reconsideration of the motion in limine ruling regarding the personal testimony of Defendants about their whereabouts at the time of the inmate assault.

Accordingly, Plaintiff's motion to exclude the out of court statements of Defendants', which the Court construes as a motion for reconsideration, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **January 25, 2017**

UNITED STATES MAGISTRATE JUDGE