# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>          Plaintiff,<br><br>     v.<br><br>D. UMPHENOUR, et al.,<br><br>          Defendants. | Case No. 1:08-cv-01655-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF<br><br>(ECF No. 307) |

On November 28, 2016, Plaintiff filed a motion for a change of venue which was denied on December 29, 2016. (ECF Nos. 258, 276.) On January 27, 2017, Plaintiff filed an objection to the trial location which is actually a request for injunction relief. (ECF No. 307.) Plaintiff's current request is that the Court order the United States Marshal to return Plaintiff to Solano State Prison on the date that the trial is completed.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court. Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983). Federal Rule of Civil Procedure 65(d), provides that an injunction binds only the parties to the action and 'their officers, agents, servants, employees, and attorneys. . . .'" In this instance, while Plaintiff seeks to have the United States Marshal transport him to Solano State Prison, Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). It is CDCR who will transport Plaintiff for trial and back to the institution in which he is housed. The CDCR is not a party to this action; and this Court does not have the authority to order CDCR to house Plaintiff at Solano State Prison, nor can the Marshal just drop Plaintiff at the location of his

choice.

Additionally, since Plaintiff is a prisoner, any award of equitable relief is also governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff is seeking to have this Court dictate the prison at which he is to be housed. However, the issue Plaintiff seeks to remedy in his motion bears no relation to the claim that Defendants Umphenour, Szalai, and Alvarez failed to protect Plaintiff or that Defendant Umphenour retaliated against him in 2004.  Therefore, Plaintiff's request would not remedy the underlying constitutional violation alleged in this action and such relief cannot be obtained in this case.

Accordingly, Plaintiff's request to be transported to Solano State Prison at the conclusion of the trial is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **January 27, 2017**

UNITED STATES MAGISTRATE JUDGE