# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>    Plaintiff,<br><br>    v.<br><br>D. UMPHENOUR, et al.,<br><br>    Defendants. | Case No. 1:08-cv-01655-SAB (PC)<br><br>ORDER RE BILL OF COSTS<br><br>(ECF Nos. 319, 321, 322, 329) |

## I.

## BACKGROUND

On January 30, 2017, this action proceeded to a jury trial on Plaintiff's claim that Defendants Umphenour, Szalai, and Alvarez failed to protect him in violation of the Eighth Amendment and that Defendant Umphenour retaliated against him in violation of the First Amendment. On January 31, 2017, the jury returned a verdict in favor of Defendants Umphenour, Szalai, and Alvarez on all claims. Judgment was entered against Plaintiff and for Defendants Umphenour, Szalai, and Alvarez on February 1, 2017. On February 6, 2017, Defendants Umphenour, Szalai, and Alvarez filed a bill of costs. After receiving an extension of time to file an opposition to the bill of costs, Plaintiff filed his opposition entitled "Motion for the Parties to Bear Their Own Costs" on March 22, 2017.

## II.

## LEGAL STANDARD

Rule 54 of the Federal Rules of Civil Procedure provides that "costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54

creates "a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." Draper v. Rosario, 836 F.3d 1072, 1087 (9th Cir. 2016) (quoting Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003)).  In deciding whether to exercise discretion to refuse to award costs, the district court should consider appropriate reasons to deny costs such as "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." Draper, 836 F.3d at 1087 (quoting Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247–48 (9th Cir. 2014)).  This list is not exhaustive, but is a starting point for the analysis.  Draper, 836 F.3d at 1087.

## III.

## DISCUSSION

The jury found for Defendants Umphenour, Szalai, and Alvarez in this action.  Therefore, Defendants Umphenour, Szalai, and Alvarez are the prevailing parties in this action and the presumption to award costs has arisen.  Defendants Umphenour, Szalai, and Alvarez seek costs for Plaintiff's deposition and copying fees which are taxable costs under 28 U.S.C. § 1920.  At the time that Plaintiff's deposition was taken it could reasonably have been expected to be used in the trial of this action.  Defendants have demonstrated that the costs for copying documents were necessarily obtained for use in this action and are seeking a reimbursement at a reasonable rate.  The Court finds that the costs for which Defendants seek reimbursement were necessarily obtained for use in the action.

Accordingly, the burden shifts to Plaintiff to rebut the presumption to award costs to the prevailing party by showing reasons to deny costs.

## III.

## DISCUSSION

Defendants are seeking costs of $2,182.00 for fees for transcripts and copies necessarily obtained for use in the case.  Plaintiff does not address the factors to be considered in deciding whether to deviate from the presumption to award costs, but contends that he acted in good faith

by paying the filing fee and diligently attempted to obey the orders issued in this action. Further, Plaintiff argues that Defendants engaged in misconduct that would subject them to sanctions. Plaintiff seeks to have the parties each bear their own costs.

### A.  Misconduct of Defendants

Plaintiff contends that costs should be denied because Defendants' motion for summary judgment contained a willful misrepresentation of Staff complaint, perjury, subordination of perjury, and spoliation that were proved to be frivolous and a calculated and deliberate misrepresentation that could subject defendants to fines. (ECF No. 329 at 2.) The court may properly deny costs to the prevailing party based upon the party's misconduct in the litigation. Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 592 (9th Cir. 2000).

While Plaintiff has continually made unsubstantiated accusations against Defendants and defense counsel based upon his disagreement with documents submitted in support of motions in this action, the order on the motion for summary judgment did not find that Defendants' evidence was frivolous, nor has there been any finding of spoliation in this action. Although there was an issue of the timing of some of the discovery produced, the Court specifically found that Plaintiff was served with the discovery as soon as counsel became aware of its existence and that it was responsive to Plaintiff's request for discovery. (ECF No. 151 at 7.) Having reviewed the orders entered in this action, the Court finds no order supporting Plaintiff's allegations that Defendants have engaged in discovery misconduct.

Plaintiff also argues that defense counsel used a racial epithet which was inexcusable. The Court finds no merit to Plaintiff's allegations of misconduct at trial. Accordingly, Plaintiff has not demonstrated that an award of costs should be denied due to misconduct of the defendants in this action.

### B.  Other Factors Considered in Exercising Discretion to Deny Costs

Similar to his litigation strategy throughout this Court's involvement in the action, Plaintiff does not focus on the issues to be decided in the bill of costs. Rather, despite this Court's admonitions during the pendency of the litigation, Plaintiff continues to focus on his disagreement with discovery documents that have been produced in this action and his

unsubstantiated claims of misconduct by the defendants. Although Plaintiff did not address any of the factors which the Ninth Circuit has directed courts to consider in deciding whether to exercise the discretion to deny an award of costs, the Court shall consider the factors below.

In this action Plaintiff was alleging an Eighth Amendment claim of failure to protect and retaliation in violation of the First Amendment. The Ninth Circuit has held that cases bringing claims for violations of the Eighth Amendment have "substantial public importance" because they are important to safeguard the rights and safety of prisoners. Draper, 836 F.3d at 1088. Plaintiff's claims implicate important prisoner rights and are of substantial public importance.

The issues to be decided in this action were not difficult or close. While Plaintiff survived summary judgment based upon his statements that the Defendants in this action stood and watched as he was assaulted, the defendants presented evidence that they were not in the area at the time of the assault. Although this action ultimately turned on the version of events which were believed by the jury, unlike Draper in which the jury deliberated for a half day and for several hours the next morning before returning a verdict, 836 F.3d at 1088, after hearing a day and a half of testimony, the jury here returned their verdict in approximately one hour. Therefore, the Court finds that this action was not close.

The award of the full amount of costs sought in this action would have the potential to chill inmates in similar lawsuits challenging constitutional violations from filing actions. Draper, 836 F.3d at 1088.

The fact that a plaintiff has been granted in forma pauperis status in the action does not, by itself, preclude the prisoner from paying costs. Draper, 836 F.3d at 1087. The Prison Litigation Reform Act requires that a prisoner pay costs that are awarded on a monthly payment plan. Id. at 1087. Therefore, the resources of the plaintiff and the economic disparity of the parties "are to be considered in the context of the record as a whole." Id.

While Plaintiff has not submitted any argument regarding his income or ability to pay costs in this action, the Court notes that he is incarcerated and his initial application to proceed without prepayment of fees indicates that he has limited income. There is nothing to indicate that this situation has changed. Therefore, the Court finds that there is great economic disparity

between the parties, and Plaintiff has limited financial resources since he is incarcerated. The Court finds it appropriate to exercise its discretion and award costs in a reduced amount.

Defendants are seeking costs for duplicating in the amount of $1,469.00 which were calculated at $.10 per page for black and white copies and $1.00 per page for color copies. (Decl. of Kristina Doan Ginsburg, ECF No. 321.) Defendants also seek $713.00 for the costs incurred in taking Plaintiff's deposition. (ECF No. 319-1 at 3.) Considering the record as a whole, the Court finds that it would be equitable to require Plaintiff to pay Defendants' out of pocket deposition expenses in this action. In determining the amount of costs to be awarded in this instance, the Court shall deny the request for the copying costs and grant the out of pocket costs Defendants' incurred in deposing Plaintiff.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's objection to the bill of costs is sustained in part and overruled in part;
2. The Clerk of the Court is directed to issue taxation of costs in the amount of $713.00.

IT IS SO ORDERED.

Dated:   **March 29, 2017**

UNITED STATES MAGISTRATE JUDGE