# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH, | Case No. 1:08-cv-01655-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S IN FORMA PAUPERIS REQUEST FOR TRIAL RECORD |
| v. | |
| D. UMPHENOUR, et al., | (ECF No. 330) |
| Defendants. | |

This action proceeded to a jury trial on January 30, 2017. On January 31, 2017, the jury returned a verdict in favor of Defendants Umphenour, Szalai, and Alvarez. Plaintiff Louis Branch filed a notice of appeal on March 1, 2017. On March 30, 2017, Plaintiff filed an in forma pauperis request for trial records and attaches a transcript order requesting transcripts of the entire trial. (ECF No. 330.) Plaintiff states that the records are sought pursuant to 28 U.S.C. § 753(f). There are two statutes that the Court considers in determining whether to provide transcripts at government expense.

First, 28 U.S.C. § 1915(c), identifies limited circumstances under which the court can direct payment of such expenses at the government expense. Section 1915(c) provides for payment where "(1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court,

in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title." None of these circumstances exist in this instance.

Second, Section 753(f) provides that fees for transcripts are furnished in criminal proceedings, habeas corpus proceedings, or proceedings brought under section 2255 of Title 28. In all other proceedings in which a person is permitted to appeal, transcripts shall be paid by the United States "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. 753(f). The Court should not enter an order granting such a request unless it finds that the appeal presents a substantial question. Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984).

Plaintiff seeks the trial transcripts to appeal his change of venue motion, requests for appointment of counsel, a racial epithet proclaimed by defense counsel, the admission of hearsay evidence, and defense counsel's violations of Rule 404 of the Federal Rules of Evidence. (ECF No. 330.) Plaintiff contends that defense counsel uttered a racial epithet. In his motion for the parties to bear their own costs, Plaintiff stated that "counsel for defendants' racial epithet that plaintiff was a 'black gorilla' then amended to state plaintiff was a 'member of the Black Guerrilla Family' was inexcusable." (ECF No. 329 at 2:19-21.) However, even if defense counsel made such a statement it could not reasonably be construed as a racial epithet, rather the statement was related to Plaintiff's membership in the Black Gorilla gang. To the extent that Plaintiff raises the change of venue, appointment of counsel, admission of hearsay evidence, and violations of Rule 404, the Court does not find a substantial question has been presented.

Plaintiff may renew his request for a transcript at government expense with the appellate court by filing a motion there if he wishes. Additionally, Plaintiff is advised that the appellate court has access to the court's file in this case, and will request any necessary documents that are in the record directly from this court.

///

///

1    Based on the foregoing, Plaintiff's motion for a transcript of the trial proceedings is

2   DENIED.

3

4   IT IS SO ORDERED.

5   Dated:   **March 31, 2017**

    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28