**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>            Plaintiff,<br><br>      v.<br><br>D. UMPHENOUR,<br><br>            Defendant. | Case No.  1:08-cv-01655-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 394) |

Louis Branch ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.

This case is currently set for jury trial on May 23, 2023.  (ECF No. 386.)  The parties pretrial statements were due on or before March 14, 2023, and the pretrial conference is scheduled for April 7, 2023, at 9:30 a.m.  (Id.)

Although Defendant filed a motion to modify the scheduling order on March 17, 2023 (ECF No. 387), neither party filed their pretrial statement.  Therefore, on March 20, 2023, the Court ordered the parties to show cause within five days as to why sanctions should not be imposed.  (ECF No. 389.)

Defendant filed a response to the order to show cause, as well as the pretrial statement on March 24, 2023.  (ECF Nos. 390, 391.)  Plaintiff filed a response to the order to show cause on April 3, 2023.  (ECF No. 394.)  Therein, Plaintiff states he has "no pretrial statement to file without the assistance of counsel," because his "litigious efforts are compromised by disease, age and depression."  (Id. at 1.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional

circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525. (internal quotation marks and citations omitted).

As an initial matter, the Court's ability to refer cases for the appointment of pro bono counsel in the Eastern District of California, Fresno Division, is very limited because it does not have an available pool of attorneys from which to select to serve as pro bono counsel, particularly post-COVID-19 pandemic.  Thus, the Court can only request the voluntary assistance of counsel in exceptional circumstances.

In the present case, the Court does not find the required exceptional circumstances. First, the Court cannot make a determination regarding the likelihood of success on Plaintiff's claims. This matter will be presented to a jury for determination. Second, and more importantly, Plaintiff has been able to adequately articulate his claims in this action. Indeed, Plaintiff demonstrated has demonstrated his apparent ability to understand proceedings and present coherent arguments by way of filings in this action.  Further, the Court finds that Plaintiff's retaliation claim against Defendant Umphenour to be straightforward and not complex.  For these reasons, Plaintiff's motion for the appointment of counsel is denied.

IT IS SO ORDERED.

Dated:   **April 4, 2023**

UNITED STATES MAGISTRATE JUDGE