# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BRANCH,<br><br>    Plaintiff,<br><br>v.<br><br>D. UMPHENOUR,<br><br>    Defendant. | Case No. 1:08-cv-01655-SAB (PC)<br><br>ORDER VACATING MAY 10, 2023, MOTIONS IN LIMINE HEARING<br><br>(ECF No. 386)<br><br>ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE<br><br>(ECF No. 396) |

Louis Branch ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motions in limine, filed April 5, 2013. (ECF No. 396.) Plaintiff did not file an opposition and the time to so has passed. The Court deems the motions in limine submitted and the oral argument set for May 10, 2023, is vacated.

## I.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary

disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

## II.

## DISCUSSION

In his initial motions in limine, Defendant seeks to exclude: (1) evidence or testimony regarding Defendant's involvement in other lawsuits, claims, or incidents alleging misconduct; (2) evidence of offers to compromise; and (3) evidence that the State may pay the judgment or reimburse Defendant in the event a judgment is rendered against him. Defendant further asks that the Court permit a hearing under Claiborne v. Blauser, 928 F.3d 794 (9th Cir. 2019), regarding the need for Plaintiff to be shackled during trial. (ECF No. 369.)

**A.     Evidence of Prior Lawsuits or Incidents Alleging Misconduct**

Defendant moves to preclude Plaintiff from introducing evidence or eliciting testimony about other allegations of misconduct made against Defendant, his litigation history, including other civil rights lawsuits and earlier claims in this lawsuit that previously proceeded to trial, and other prison grievances (appeals) that have been filed against Defendant for alleged misconduct .

Evidence is relevant if it has "any tendency to make a fact more or less probably than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401. Federal Rule of Evidence 404(b) makes evidence of other wrongs or acts inadmissible to provide "the character of a person in order to show action in conformity therewith," but may be admissible for other purposes, such as "proof of motive, opportunity,

intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see also Fed. R. Evid. 405(b) (character evidence may be admissible if it is an essential element of the claim).

Under Rule 404(b), "the district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and (4) in some cases, is similar to the offense charged." United States v. Lozano, 623 F.3d 1055, 1059 (9th Cir. 2010).

Here, evidence of prior or subsequent bad acts is not admissible to prove liability, nor is it relevant to any issue to be tried to the jury in this case. Fed. R. Evid. 404(b). In addition, prior complaints and past litigation against Defendant, including the claims previously brought in this case which proceeded to trial, are also not relevant to this case. Fed. R. Evid. 401, 402.

**Ruling:** Defendant's motion in limine is granted. Any evidence of prior incidents involving Defendant that have no connection to whether any Defendant retaliated against Plaintiff on or about July 11, 2004, because that evidence has no relevancy to whether the alleged facts here occurred. Also, evidence of a prior incident cannot be used to show a propensity to cause harm to Plaintiff. Such evidence is impermissible character evidence, and is not admissible to show that any Defendant acted improperly on or about July 11, 2004 in this case.

### B.     Evidence of Offers of Compromise

Defendant seeks to exclude Plaintiff from offering or eliciting testimony or mentioning in front of the jury any offers to compromise or statements made during settlement negotiations in this matter.

Federal Rule of Evidence 408 provides that evidence of offers to compromise and conduct or statements made during settlement negotiations are inadmissible to prove liability or amount of a claim, or to impeach a prior inconsistent statement.

1 **Ruling:** Defendant's motion in limine is granted.  Any attempt by Plaintiff to introduce 2 evidence of settlement negotiations to prove liability is prohibited by Federal Rule of Evidence 3 408.

4 **C.    Evidence State May Pay The Judgment Or Reimburse Defendants**

5 Defendant seeks to exclude Plaintiff from presenting or eliciting testimony that 6 Defendant will be indemnified by the State if judgment is rendered against them under Rule 411 7 of the Federal Rules of Evidence.  Defendant submits this evidence is both irrelevant and 8 prejudicial. Jamison v. A.M. Byers Co., 330 F.2d 657, 661-662 (3d Cir. 1964).  The evidence is 9 prejudicial because a jury is more inclined to find a verdict against a defendant if it believes that 10 he is indemnified than would be the case if it were understood that the defendant alone would be 11 required to satisfy the judgment. Langley v. Turner's Express, Inc., 375 F.2d 296, 297 (4th Cir. 12 1967).

13 **Ruling:** Defendant's motion in limine is granted, as information regarding whether the 14 State or CDCR would pay a verdict or reimburse Defendant for any compensatory damage 15 award, if any, is not relevant to Plaintiff's claim.  Fed. R. Evid. 401.

16 **D.    Motion for Hearing Regarding Shacking of Plaintiff**

17 Defendant requests the Court permit Defendant to present information regarding the need 18 for Plaintiff to be in restraints for the duration of the proceedings.  Defendant submits that should 19 the Court permit such a showing under Claiborne v. Blauser, 928 F.3d 794, 809 (9th Cir. 2019), 20 Defendant will present all necessary information for the Court to make the required 21 determination.

22 Under Claiborne v. Blauser, an inmate may only be shackled during a civil proceeding 23 "when there is an 'individualized security determination[]' that 'take[s] account of the 24 circumstances of the particular case.'"  928 F.3d 794, 809 (9th Cir. 2019) (quoting Deck v. 25 Missouri, 544 U.S. 622, 632 (2005)).  In Claiborne, a state prisoner moved for a new trial on the 26 ground that he was visibly shackled in violation of his due process right to a fair trial. Clairborne, 27 934 F.3d at 892. The Ninth Circuit ruled that the two-part analysis applicable in criminal cases 28 before an inmate may be visibly shackled for a jury trial applies to civil cases involving

4

incarcerated plaintiffs. Id. at 897-898. Therefore, the Court must be persuaded by compelling circumstances that the measure is necessary to maintain security, and the Court must pursue less restrictive alternatives before imposing physical restraints. Id. at 895.  Compelling circumstances may include a prisoner's status, propensity for violence, and history of unruly conduct. See Wilson v. McCarthy, 770 F.2d 1482, 1485 (9th Cir. 1985).   By itself, prisoner status may not warrant shackling, but it may justify the court's concern for security. Id. "[S]hackling is proper where there is a serious threat of escape or danger to those in and around the courtroom or where disruption in the courtroom is likely in the absence of shackles." Id. (internal citation omitted). While such measures carry prejudicial effect, the Court's calculus as to their exclusion must also account for security concerns. Morgan v. Bunnell, 24 F.3d 49, 51 (9th Cir. 1994) ("The judge has wide discretion to decide whether a defendant who has a propensity for violence poses a security risk and warrants increased security measures.").

**Ruling:** Defendant's motion for a brief hearing outside the presence of the jury to make an individualized determination as to whether shackles are necessary is granted.

IT IS SO ORDERED.

Dated:   **April 25, 2023**

UNITED STATES MAGISTRATE JUDGE

5